1
2
3
4
5
6
7
8
9
10
11

*IN THE  UNITED STATES  DISTRICT COURT*

*FOR  THE  WESTERN  DISTRICT  OF  WASHINGTON*

*SEATTLE   DIVISION*

| | |
|---|---|
| *HEATHER BELINDA SINGLETON, individually,* | ) CIVIL NO.: |
| | ) |
| | ) *DEMAND FOR JURY TRIAL* |
| *Plaintiff,* | ) |
| | ) *COMPLAINT RE:* |
| | ) |
| *vs.* | ) *RACKETEER INFLUENCED AND* |
| | ) *CORRUPT ORGANIZATIONS ACT OF* |
| *BANK OF AMERICA, N.A., a* | ) *1970  ["RICO"] [TITLE 18 UNITED* |
| *North Carolina corporation; BAC* | ) *STATES CODE §§ 1961(1), 1961(3),* |
| *HOME LOANS SERVICING, LP, a* | ) *1961(4), 1961(5), 1962(a), 1962(b),* |
| *California corporation; BANK OF* | ) *1962©), 1962(d), 1964(a), 1964(b),* |
| *AMERICA HOME LOANS, a* | ) *and 1964©) RE: FEDERAL* |
| *California corporation; BANK OF* | ) *DECLARATORY RELIEF JUDICIALLY* |
| *AMERICA CORPORATION, a* | ) *VITIATING  and INVALIDATING* |
| *North Carolina corporation;* | ) *DEEDS  OF TRUST and ADJUSTABLE* |
| *MORTGAGE ELECTRONIC* | ) *RATE  NOTE and NOTE RE: TITLE 18* |
| *REGISTRATION SYSTEMS, INC.,* | ) *U.S.C. §§ 1964(a)-1964(b) RICO* |
| *a Delaware corporation; QUALITY* | ) *DECLARATORY  JUDGMENT and* |
| *LOAN SERVICE OF WASHING-* | ) *RICO EQUITABLE RELIEF* |
| *TON, a Wash corp; WEST VALLEY* | ) |
| *ENTERPRISES, INC., a* | )*RE:  MULTIPLE RICO PRIMARY,* |
| *Washington corporation;* | )      *SECONDARY, DERIVATIVE, and* |
| *NOVASTAR MORTGAGE, INC.,* | )      *CONSPIRACY LIABILITY  RE:* |
| *a foreign corporation;  WEST* | )      *PINKERTON v UNITED STATES,* |
| *VALLEY MORTGAGE, a* | )      *328 U.S. 640 (1946); RICO* |
| *Washington corporation;* | )      *CONSPIRACY TO AID and ABET;* |
| *WILSHIRE CREDIT* | )      *RICO AIDING and ABETTING* |
| *CORPORATION, an Oregon* | )      *RICO  CONSPIRACY; and, RICO* |
| *corporation; and, LA SALLE* | )      *AIDING  and ABETTING  RICO* |
| *BANK, N.A., TRUSTEE,* | )      *SUBSTANTIVE PRIMARY* |
| *MERRILL LYNCH MORTGAGE* | )      *CONTRAVENTIONS* |

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1  **INVESTORS, INC., MLMI 2006-**  )   **RE: PREDATORY MORTGAGE**
   **HE4 POOL 669, a business entity,**  )   **LENDING PRACTICES/**
2                                       )   **MORTGAGE LOAN**
                                          )   **ORIGINATION FRAUD**
3                                         )
4                                         ) **RE: FEDERAL DECLARATORY**
                                          )   **JUDGMENT RELIEF RE:**
5                                         )   **JUDICIALLY VITIATING and**
                                          )   **INVALIDATING  DEEDS OF**
6                                         )   **TRUST, ADJUSTABLE RATE**
                                          )   **NOTE and NOTE RE: TITLE 28**
7                                         )   **UNITED STATES CODE**
                                          )   **§§ 2201-2202 RE: PREDATORY**
8                                         )   **MORTGAGE LENDING**
                                          )   **PRACTICES/MORTGAGE LOAN**
9                                         )   **ORIGINATION FRAUD**
10                                        ) **RE: MULTIPLE CLAIMS FOR RELIEF**
11                                        )**FOR PRIMARY CONTRAVENTION OF**
                                          )   **RICO § 1962(c)OF THE**
12                                        )    **RACKETEER INFLUENCEd**
                                          )   **AND CORRUPT**
13                                        )   **ORGANIZATIONS ACT OF 1970**
                                          )   **[“RICO”][TITLE 18 U.S.C.**
14                                        )   **§1962©)];**
                                          ) **FOR AIDING AND ABETTING**
15                                        )   **PRIMARY CONTRAVENTION OF**
                                          )   **RICO§1962©)**
16                                        )   **OF THE RACKETEER**
                                          )   **INFLUENCED AND CORRUPT**
17                                        )   **ORGANIZATIONS ACT OF 1970**
                                          )   **[“RICO”][TITLE 18 U.S.C.**
18                                        )   **§1962©)];**
                                          ) **FOR RESPONDEAT SUPERIOR**
19                                        )   **LIABILITY ARISING FROM**
                                          )   **PRIMARY CONTRAVENTION OF**
20                                        )   **RICO §1962©) OF THE**
                                          )   **RACKETEER INFLUENCED AND**
21                                        )   **CORRUPT ORGANIZATIONS ACT**
                                          )   **OF 1970 [“RICO”]**
22                                        )   **[TITLE 18 U.S.C. §1962©)];**
                                          )  **FOR RICO SECTION 1962(d)**
23                                        )   **[TITLE 18 U.S.C.§1962(d)]**
                                          )   **CONSPIRATORIAL LIABILITY**
24                                        )   **FOR CONTRAVENTION OF RICO**
                                          )   **§ 1962©) OF THE RACKETEER**
25                                        )   **INFLUENCED AND CORRUPT**
                                          )   **ORGANIZATIONS ACT OF 1970**
26                                        )   **[“RICO”][TITLE 18 U.S.C.**
                                          )   **§1962©)]**
27                                        )   **PINKERTON DOCTRINE**
                                          )   **[Pinkerton v.United States, 328 U.S.**
28

          **COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS**
2        **ACT OF 1970 [“RICO”][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

| | |
|---|---|
| 1 | )     640 (1946)]; |
| | ) *FOR PRIMARY CONTRAVENTION* |
| 2 | )     *OF RICO §1962(b) OF THE* |
| | )     *RACKETEER INFLUENCED AND* |
| 3 | )     *CORRUPT ORGANIZATIONS ACT* |
| | )     *OF 1970 ["RICO"]* |
| 4 | )     *[TITLE 18 U.S.C. §1962(b)];* |
| | ) *FOR AIDING AND* |
| 5 | )     *ABETTING  PRIMARY* |
| | )     *CONTRAVENTION OF RICO* |
| 6 | )     *§1962(b) OF THE RACKETEER* |
| | )     *INFLUENCED AND CORRUPT* |
| 7 | )     *ORGANIZATIONS ACT OF 1970* |
| | )     *["RICO"][TITLE 18 U.S.C.* |
| 8 | )     *§1962(b)];* |
| | ) *FOR RESPONDEAT SUPERIOR* |
| 9 | )     *LIABILITY ARISING FROM* |
| | )     *PRIMARY CONTRAVENTION OF* |
| 10 | )     *RICO § 1962(b) OF THE* |
| | )     *RACKETEER INFLUENCED AND* |
| 11 | )     *CORRUPT ORGANIZATIONS ACT* |
| | )     *OF 1970 ["RICO"]* |
| 12 | )     *[TITLE 18 U.S.C. §1962(b)];* |
| | ) *FOR RICO § 1962(d) [TITLE 18 U.S.C.* |
| 13 | )     *§1962(d)] CONSPIRATORIAL* |
| | )     *LIABILITY FOR* |
| 14 | )     *CONTRAVENTION OF RICO* |
| | )     *§ 1962(b) OF THE  RACKETEER* |
| 15 | )     *INFLUENCED AND CORRUPT* |
| | )     *ORGANIZATIONS ACT OF* |
| 16 | )     *1970 ["RICO"] [TITLE 18 U.S.C.* |
| | )     *§1962(b)] PINKERTON DOCTRINE* |
| 17 | )     *[Pinkerton v.United States, 328 U.S.* |
| | )     *640 (1946)];* |
| 18 | ) *FOR PRIMARY CONTRAVENTION* |
| | )     *OF RICO §1962(a) OF THE* |
| 19 | )     *RACKETEER INFLUENCED AND* |
| | )     *CORRUPT ORGANIZATIONS ACT* |
| 20 | )     *OF 1970 ["RICO"]* |
| | )     *[TITLE 18 U.S.C. §1962(a)];* |
| 21 | ) *FOR AIDING AND* |
| | )     *ABETTING  PRIMARY* |
| 22 | )     *CONTRAVENTION OF RICO* |
| | )     *§1962(a) OF THE RACKETEER* |
| 23 | )     *INFLUENCED AND CORRUPT* |
| | )     *ORGANIZATIONS ACT OF 1970* |
| 24 | )     *["RICO"][TITLE 18 U.S.C.* |
| | )     *§1962(a)];* |
| 25 | ) *FOR RESPONDEAT SUPERIOR* |
| | )     *LIABILITY ARISING FROM* |
| 26 | )     *PRIMARY CONTRAVENTION OF* |
| | )     *RICO § 1962(a) OF THE* |
| 27 | )     *RACKETEER INFLUENCED AND* |
| 28 | |

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*

3    *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

| | |
|---|---|
| 1 | ) *CORRUPT ORGANIZATIONS ACT* |
| | ) *OF 1970 ["RICO"]* |
| 2 | ) *[TITLE 18 U.S.C. §1962(a);* |
| | ) *FOR RICO § 1962(d) [TITLE 18 U.S.C.* |
| 3 | ) *§1962(d)] CONSPIRATORIAL* |
| | ) *LIABILITY FOR* |
| 4 | ) *CONTRAVENTION OF RICO* |
| | ) *§ 1962(a) OF THE  RACKETEER* |
| 5 | ) *INFLUENCED AND CORRUPT* |
| | ) *ORGANIZATIONS ACT OF* |
| 6 | ) *1970 ["RICO"] [TITLE 18 U.S.C.* |
| | ) *§1962(a)] PINKERTON DOCTRINE* |
| 7 | ) *[Pinkerton v.United States, 328 U.S.* |
| | ) *640 (1946)];* |
| 8 | ) *FOR IMMEDIATE DISSOLUTION* |
| | ) *OF RICO ENTERPRISE AND* |
| 9 | ) *PERMANENT EXPULSION OF* |
| | ) *RICO PERSONS FROM* |
| 10 | ) *RICO ENTERPRISE* |
| | ) *PURSUANT TO* |
| 11 | ) *RICO §1964(a)-(b) [TITLE* |
| | ) *U.S.C. §1964(a)-)b)] OF THE* |
| 12 | ) *RACKETEER INFLUENCED* |
| | ) *AND CORRUPT ORGANIZATIONS* |
| 13 | ) *ACT OF 1970 ["RICO"];* |
| | ) *FOR IMMEDIATE DISSOLUTION* |
| 14 | ) *OF RICO  ENTERPRISE AND* |
| | ) *PERMANENT EXPULSION* |
| 15 | ) *OF RICO PERSONS FROM* |
| | ) *RICO ENTERPRISE PURSUANT* |
| 16 | ) *TO RICO § 1964(b) [TITLE U.S.C.* |
| | ) *§1964(b)] OF THE  RACKETEER* |
| 17 | ) *INFLUENCED AND CORRUPT* |
| | ) *ORGANIZATIONS ACT OF* |
| 18 | ) *1970 ["RICO"] AND RULE 65* |
| | ) *OF THE FEDERAL RULES* |
| 19 | ) *OF CIVIL PROCEDURE;* |
| | ) *FOR IMMEDIATE DISSOLUTION* |
| 20 | ) *OF RICO ENTERPRISE* |
| | ) *AND PERMANENT EXPULSION* |
| 21 | ) *OF RICO PERSONS FROM* |
| | ) *RICO ENTERPRISE PURSUANT* |
| 22 | ) *TO RICO 1964(a) [TITLE U.S.C.* |
| | ) *§1964(a)] OF THE  RACKETEER* |
| 23 | ) *INFLUENCED AND CORRUPT* |
| | ) *ORGANIZATIONS ACT OF 1970* |
| 24 | ) *["RICO"] AND RULE 64 OF* |
| | ) *THE FEDERAL RULES OF CIVIL* |
| 25 | ) *PROCEDURE;* |
| | ) *FOR IMMEDIATE DISSOLUTION* |
| 26 | ) *OF RICO ENTERPRISE* |
| | ) *AND PERMANENT EXPULSION* |
| 27 | ) *OF RICO PERSONS FROM* |
| 28 | |

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*

4   *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   ) *RICO ENTERPRISE PURSUANT*
    ) *TO RICO §1964(b) [TITLE U.S.C.*
2   ) *§1964(b)] OF THE RACKETEER*
    ) *INFLUENCED AND CORRUPT*
3   ) *ORGANIZATIONS ACT OF 1970*
    ) *["RICO"];*
4   ) *FOR IMMEDIATE DISSOLUTION*
    ) *OF RICO ENTERPRISE*
5   ) *AND PERMANENT EXPULSION*
    ) *OF RICO PERSONS FROM*
6   ) *RICO ENTERPRISE*
    ) *PURSUANT TO*
7   ) *RICO § 1964(b) [TITLE 18 U.S.C.*
    ) *§1964(b)] OF THE RACKETEER*
8   ) *INFLUENCED AND CORRUPT*
    ) *ORGANIZATIONS ACT OF 1970*
9   ) *["RICO"]AND RULE 65 OF THE*
    ) *FEDERAL RULES OF CIVIL*
10  ) *PROCEDURE;*
    ) *FOR IMPOSITION OF APPROPRIATE*
11  ) *ORDERS OF DIVESTITURE*
    ) *PURSUANT TO*
12  ) *RICO § 1964(b) [TITLE 18*
    ) *UNITED STATES CODE*
13  ) *§1964(b)] OF THE RACKETEER*
    ) *INFLUENCED AND CORRUPT*
14  ) *ORGANIZATIONS ACT OF*
    ) *1970 ["RICO"] AND RULE 64 OF*
15  ) *THE FEDERAL RULES OF*
    ) *CIVIL PROCEDURE;*
16  ) *FOR IMPOSITION OF APPROPRIATE*
    ) *ORDERS OF DIVESTITURE*
17  ) *PURSUANT TO*
    ) *RICO § 1964(a) [TITLE 18*
18  ) *UNITED STATES CODE*
    ) *§1964(a)] OF THE RACKETEER*
19  ) *INFLUENCED AND CORRUPT*
    ) *ORGANIZATIONS ACT OF*
20  ) *1970 ["RICO"] AND RULE 64 OF*
    ) *THE FEDERAL RULES OF*
21  ) *CIVIL PROCEDURE;*
    ) *FOR EX PARTE TEMPORARY*
22  ) *RESTRAINING ORDER RELIEF*
    ) *re: ENJOIN PENDING*
23  ) *LITIGATION PURSUANT TO*
    ) *RICO § 1964(a) [TITLE 18 U.S.C.*
24  ) *§1964(a)] OF THE RACKETEER*
    ) *INFLUENCED AND CORRUPT*
25  ) *ORGANIZATIONS ACT OF 1970*
    ) *["RICO"]AND RULE 65 OF THE*
26  ) *FEDERAL RULES OF CIVIL*
    ) *PROCEDURE;*
27  ) *FOR EX PARTE TEMPORARY*

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
5   *ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

) *RESTRAINING ORDER RELIEF*
) *re: ENJOIN  PENDING*
) *LITIGATION PURSUANT TO*
) *RICO § 1964(b) [TITLE 18 U.S.C.*
) *§1964(b)] OF THE  RACKETEER*
) *INFLUENCED AND CORRUPT*
) *ORGANIZATIONS ACT OF 1970*
) *["RICO"]AND RULE 65 OF THE*
) *FEDERAL RULES OF CIVIL*
) *PROCEDURE;*
) *FOR RICO §1962(d) [TITLE 18 U.S.C.*
) *§1962(d)] CONSPIRATORIAL*
) *LIABILITY FOR*
) *CONTRAVENTION OF RICO*
) *§1962© OF THE RACKETEER*
) *INFLUENCED AND CORRUPT*
) *ORGANIZATIONS ACT OF*
) *1970 ["RICO"][TITLE 18 U.S.C.*
) *§1962©)] PINKERTON DOCTRINE*
) *[Pinkerton v.United States, 328 U.S.*
) *640 (1946)] re: CONSPIRACY TO*
) *CONCEAL;*
) *FOR RICO §1962(d) [TITLE 18 U.S.C.*
) *§1962(d)] CONSPIRATORIAL*
) *LIABILITY FOR*
) *CONTRAVENTION OF RICO*
) *§1962(a) OF THE RACKETEER*
) *INFLUENCED AND CORRUPT*
) *ORGANIZATIONS ACT OF*
) *1970 ["RICO"][TITLE 18 U.S.C.*
) *§1962(a)] PINKERTON DOCTRINE*
) *[Pinkerton v.United States, 328 U.S.*
) *640 (1946)] re: CONSPIRACY TO*
) *CONCEAL;*
) *FOR  AIDING  AND  ABETTING*
) *RICO CONSPIRACY*
) *RICO SECTION 1962(d)*
) *[TITLE 18 U.S.C.§1962(d)]*
) *CONSPIRATORIAL LIABILITY*
) *FOR CONTRAVENTION OF RICO*
) *§ 1962© OF THE RACKETEER*
) *INFLUENCED AND CORRUPT*
) *ORGANIZATIONS ACT OF 1970*
) *["RICO"][TITLE 18 U.S.C.*
) *§1962©)]*
) *PINKERTON DOCTRINE*
) *[Pinkerton v.United States, 328 U.S.*
) *640 (1946)];*
) *FOR AIDING AND ABETTING*
) *RICO CONSPIRACY*
) *RICO SECTION 1962(d)*
) *[TITLE 18 U.S.C.§1962(d)]*
) *CONSPIRATORIAL LIABILITY*

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*

*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

|   |   |
|---|---|
| 1 | ) **FOR CONTRAVENTION OF RICO** |
|   | ) **§ 1962(a) OF THE RACKETEER** |
| 2 | ) **INFLUENCED AND CORRUPT** |
|   | ) **ORGANIZATIONS ACT OF 1970** |
| 3 | ) **["RICO"][TITLE 18 U.S.C.** |
|   | ) **§1962(a)]** |
| 4 | ) **PINKERTON DOCTRINE** |
|   | ) **[Pinkerton v.United States, 328 U.S.** |
| 5 | ) **640 (1946)];** |
|   | ) **FOR RICO CONSPIRACY FOR** |
| 6 | ) **RICO AIDING AND ABETTING re:** |
|   | ) **PRIMARY RICO SECTION 1962©)** |
| 7 | ) **re: RICO SECTION 1962(d)** |
|   | ) **[TITLE 18 U.S.C.§1962(d)]** |
| 8 | ) **CONSPIRATORIAL LIABILITY** |
|   | ) **FOR CONTRAVENTION OF RICO** |
| 9 | ) **§ 1962© OF THE RACKETEER** |
|   | ) **INFLUENCED AND CORRUPT** |
| 10 | ) **ORGANIZATIONS ACT OF 1970** |
|   | ) **["RICO"][TITLE 18 U.S.C.** |
| 11 | ) **§1962©]** |
|   | ) **PINKERTON DOCTRINE** |
| 12 | ) **[Pinkerton v.United States, 328 U.S.** |
|   | ) **640 (1946)];** |
| 13 | ) **FOR RICO  CONSPIRACY  FOR** |
|   | ) **RICO AIDING AND ABETTING re:** |
| 14 | ) **PRIMARY RICO SECTION 1962(b)** |
|   | ) **re: RICO SECTION 1962(d)** |
| 15 | ) **RICO CONSPIRACY** |
|   | ) **RICO SECTION 1962(d)** |
| 16 | ) **[TITLE 18 U.S.C.§1962(d)]** |
|   | ) **CONSPIRATORIAL LIABILITY;** |
| 17 | ) **FOR RICO  CONSPIRACY  FOR** |
|   | ) **RICO AIDING AND ABETTING re:** |
| 18 | ) **PRIMARY RICO SECTION 1962(a)** |
|   | ) **re: RICO SECTION 1962(d)** |
| 19 | ) **RICO CONSPIRACY** |
|   | ) **RICO SECTION 1962(d)** |
| 20 | ) **[TITLE 18 U.S.C.§1962(d)]** |
|   | ) **CONSPIRATORIAL LIABILITY** |
| 21 | ) **FOR CONTRAVENTION OF RICO** |
|   | ) **§ 1962(a) OF THE RACKETEER** |
| 22 | ) **INFLUENCED AND CORRUPT** |
|   | ) **ORGANIZATIONS ACT OF 1970** |
| 23 | ) **["RICO"][TITLE 18 U.S.C.** |
|   | ) **§1962(a)]** |
| 24 | ) **PINKERTON DOCTRINE** |
|   | ) **[Pinkerton v.United States, 328 U.S.** |
| 25 | ) **640 (1946)];** |
|   | ) **FOR IMPOSITION OF** |
| 26 | ) **CONSTRUCTIVE TRUST** |
|   | ) **PURSUANT TO RICO 1964(a)** |
| 27 | ) **[TITLE UNITED STATES CODE** |
| 28 |  |

**COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS**

7  **ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

1   §1964(a)] OF THE RACKETEER
    INFLUENCED AND CORRUPT
2   ORGANIZATIONS ACT OF 1970
    ["RICO"] AND RULE 64 OF
3   THE FEDERAL RULES OF CIVIL
    PROCEDURE;
4   FOR IMPOSITION OF
    CONSTRUCTIVE TRUST
5   PURSUANT TO RICO 1964(b)
    [TITLE UNITED STATES CODE
6   §1964(b)] OF THE RACKETEER
    INFLUENCED AND CORRUPT
7   ORGANIZATIONS ACT OF 1970
    ["RICO"] AND RULE 64 OF
8   THE FEDERAL RULES OF CIVIL
    PROCEDURE;
9   FOR IMMEDIATE ENTRY OF AN
    ORDER FOR AN ACCOUNTING
10  PURSUANT TO RICO 1964(a)
    [TITLE UNITED STATES CODE
11  §1964(a)] OF THE RACKETEER
    INFLUENCED AND CORRUPT
12  ORGANIZATIONS ACT OF 1970
    ["RICO"];
13  FOR IMMEDIATE ENTRY OF AN
    ORDER FOR AN ACCOUNTING
14  PURSUANT TO RICO 1964(b)
    [TITLE UNITED STATES CODE
15  §1964(b)] OF THE RACKETEER
    INFLUENCED AND CORRUPT
16  ORGANIZATIONS ACT OF 1970
    ["RICO"];
17  FOR COMMISSION OF COMMON
    LAW FRAUD RE: PROMISSORY
18  FRAUD and CONSTRUCTIVE
    FRAUD;
19  FOR COMMISSION OF
    BREACH OF DUTY OF
20  GOOD FAITH;
    FOR COMMISSION OF NEGLIGENT
21  MISREPRESENTATION;
    FOR CONTRAVENTION OF
22  WASHINGTON CONSUMER
    PROTECTION ACT
23  [R.C.W. 19.86.010 et.al.];
    FOR PRIMARY CONTRAVENTION OF
24  WASHINGTON CRIMINAL
    PROFITEERING ACT
25  ["WASH RICO"]
    [RCW §§ 9A.82.001 et.seq.];
26  FOR AIDING AND ABETTING
    PRIMARY CONTRAVENTION OF
27  WASHINGTON CRIMINAL

28

    COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
8   ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

)  *PROFITEERING  ACT*
)  *["WASH RICO"]*
)  *[RCW §§ 9A.82.001 et.seq.];*
) *FOR RESPONDEAT SUPERIOR*
)  *LIABILITY re: PRIMARY*
)  *CONTRAVENTION  OF*
)  *WASHINGTON CRIMINAL*
)  *PROFITEERING  ACT*
)  *["WASH RICO"]*
)  *[RCW §§ 9A.82.001 et.seq.];*
) *FOR CONSPIRACY TO CONTRAVENE*
)  *WASHINGTON CRIMINAL*
)  *PROFITEERING  ACT*
)  *["WASH RICO"]*
)  *[RCW §§ 9A.82.001 et.seq.];*
) *FOR RICO SUCCESSORSHIP*
)  *LIABILITY re: RICO §§ 1962*
)  *(a), 1962(b), 1962©), 1962(d),*
)  *1964(a), and 1964(b)*
)  *[TITLE 18 USC §§ 1962(a)-d),*
)  *1964(a), and 1964(b)];*
) *FOR RICO CONSTRUCTIVE TRUST*
)  *PURSUANT TO RICO §§*
)  *1964(a)-1964(b) [TITLE*
)  *18 USC §§  1964(a)-1964(b)];*
) *FOR RICO DISGORGEMENT*
)   *PURSUANT TO RICO §§ 1962 (a),*
)  *1962(b), 1962©), 1962(d),*
)  *1964(a), and 1964(b)*
)  *[TITLE 18 USC §§ 1962(a)-d),*
)  *1964(a), and 1964(b)];*
) *FOR RICO §1962(d) [TITLE 18 U.S.C.*
)  *§1962(d)] CONSPIRATORIAL*
)  *LIABILITY FOR*
)  *CONTRAVENTION OF RICO*
)  *§1962©) OF THE RACKETEER*
)  *INFLUENCED AND CORRUPT*
)  *ORGANIZATIONS ACT OF*
)  *1970 ["RICO"][TITLE 18 U.S.C.*
)  *§1962©)] PINKERTON DOCTRINE*
)  *[Pinkerton v.United States, 328 U.S.*
)  *640 (1946)] re: CONSPIRACY TO*
)  *CONCEAL re: INTRA –*
)  *CORPORATE  CONSPIRACY;*
) *FOR RICO §1962(d) [TITLE 18 U.S.C.*
)  *§1962(d)] CONSPIRATORIAL*
)  *LIABILITY FOR*
)  *CONTRAVENTION OF RICO*
)  *§1962(b) OF THE RACKETEER*
)  *INFLUENCED AND CORRUPT*
)  *ORGANIZATIONS ACT OF*
)  *1970 ["RICO"][TITLE 18 U.S.C.*
)  *§1962(b)] PINKERTON DOCTRINE*
)

*COMPLAINT <u>RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS</u>*
9  *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE: RICO §1962(d)</u>*

1

*[Pinkerton v.United States, 328 U.S.*
*640 (1946)] re: CONSPIRACY TO*
*CONCEAL re: INTRA –*

2

*CORPORATE CONSPIRACY;*

3

*FOR RICO §1962(d) [TITLE 18 U.S.C.*
*§1962(d)] CONSPIRATORIAL*

4

*LIABILITY FOR*
*CONTRAVENTION OF RICO*

5

*§1962(a) OF THE RACKETEER*
*INFLUENCED AND CORRUPT*

6

*ORGANIZATIONS ACT OF*
*1970 ["RICO"][TITLE 18 U.S.C.*

7

*§1962(a)] PINKERTON DOCTRINE*
*[Pinkerton v.United States, 328 U.S.*

8

*640 (1946)] re: CONSPIRACY TO*
*CONCEAL re: INTRA –*

9

*CORPORATE CONSPIRACY;*
*FOR IMPOSITION OF APPROPRIATE*

10

*ORDERS OF DISGORGEMENT*
*PURSUANT TO*

11

*RICO § 1964(b) [TITLE 18*
*UNITED STATES CODE*

12

*§1964(b)] OF THE  RACKETEER*
*INFLUENCED AND CORRUPT*

13

*ORGANIZATIONS ACT OF*
*1970 ["RICO"] AND RULE 64 OF*

14

*THE FEDERAL  RULES OF*
*CIVIL PROCEDURE;*

15

*FOR IMPOSITION OF APPROPRIATE*
*ORDERS OF DISGORGEMENT*

16

*PURSUANT TO*
*RICO § 1964(a) [TITLE 18*

17

*UNITED STATES CODE*
*§1964(a)] OF THE  RACKETEER*

18

*INFLUENCED AND CORRUPT*
*ORGANIZATIONS ACT OF*

19

*1970 ["RICO"] AND RULE 64 OF*
*THE FEDERAL  RULES OF*

20

*CIVIL PROCEDURE;*
*FOR FEDERAL DECLARATORY*

21

*RELIEF PURSUANT TO*
*DECLARATORY JUDGMENT ACT*

22

*OF 1940 [TITLE 28 U.S.C. §§ 2201-*
*2202];*

23

*FOR RICO § 1964(a) DECLARATORY*
*JUDGEMENT RELIEF re:*

24

*JUDICIAL VITIATION and*
*JUDICIAL INVALIDATION OF*

25

*DEEDS OF TRUST –*
*ADJUSTABLE RATE NOTES*

26

*[TITLE 18 U.S.C. § 1964(a)];*
*FOR RICO § 1964(b) DECLARATORY*

27

*JUDGEMENT RELIEF re:*

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*

10   *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

| | |
|---|---|
| | ) **JUDICIAL VITIATION and** |
| | ) **JUDICIAL INVALIDATION OF** |
| | ) **DEEDS OF TRUST –** |
| | ) **ADJUSTABLE RATE NOTES** |
| | ) **[TITLE 18 U.S.C. § 1964(b)];** |
| | ) **FOR WASHINGTON DECLARATORY** |
| | ) **RELIEF PURSUANT TO** |
| | ) **UNIFORM DECLARATORY** |
| | ) **JUDGMENTS ACT [R.C.W.** |
| | ) **7.24.010 et.seq.];** |
| | ) **FOR EX PARTE TEMPORARY** |
| | ) **TEMPORARY RESTRAINING** |
| | ) **ORDER and PRELIMINARY** |
| | ) **INJUNCTION PURSUANT TO** |
| | ) **R.C.W. 61.24.040(1)(f) and** |
| | ) **R.C.W. 61.24.130(1)** |
| | ) **[RESTRAIN FORECLOSURE];** |
| | ) **FOR PRIMARY CONTRAVENTION OF** |
| | ) **FAIR DEBT COLLECTION** |
| | ) **PRACTICES ACT OF 1968** |
| | ) **["FDCPA"][TITLE 15 U.S.C.** |
| | ) **§§ 1692c(a)(2)];** |
| | ) **FOR PRIMARY CONTRAVENTION OF** |
| | ) **FAIR DEBT COLLECTION** |
| | ) **PRACTICES ACT OF 1968** |
| | ) **["FDCPA"][TITLE 15 U.S.C.** |
| | ) **§§ 1692e(5)]; and,** |
| | ) **FOR PRIMARY CONTRAVENTION OF** |
| | ) **FAIR DEBT COLLECTION** |
| | ) **PRACTICES ACT OF 1968** |
| | ) **["FDCPA"][TITLE 15 U.S.C.** |
| | ) **§§ 1692f(6)(A)].** |
| **Defendants.** | ) |
| | ) |

*Plaintiff* Heather Belinda Singleton, individually, advances, alleges, articulates, asserts, contends, and complains, by and through plaintiff's **Complaint**, advancing multiple monetary claims for relief, multiple equitable claims for relief, and multiple declaratory claims for relief, as specifically articulated and expressly enumerated and identified herein below:

♦ federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961, 1962(a), 1964(a), 1964(b), and 1964©), et.seq.].

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

1

2

3

♦       federal Racketeer Influenced  and Corrupt  Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961, 1962(b), 1962©), 1962(d), 1964(a), 1964(b), and 1964©),  et.seq.].

4

5

6

♦       federal Racketeer Influenced  and Corrupt  Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961, 1962©), 1962(d), 1964(a), 1964(b), and 1964©),  et.seq.].

7

8

9

♦       federal Racketeer Influenced  and Corrupt  Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961, 1962(d), 1964(a), 1964(b), and 1964©),  et.seq.].

10

11

12

♦       federal Racketeer Influenced  and Corrupt  Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961, 1964(a) federal declaratory relief,  et.seq.].

13

14

15

♦       federal Racketeer Influenced  and Corrupt  Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961, 1964(b) federal declaratory relief,  et.seq.].

16

17

18

♦       federal Racketeer Influenced  and Corrupt  Organizations Act of 1970 ["RICO"][Title 18 United States  Code §§ 1961, 1964(a) federal equitable relief,  et.seq.].

19

20

21

♦       federal Racketeer Influenced  and Corrupt  Organizations Act of 1970 ["RICO"][Title 18 United  States Code §§ 1961, 1964(b) federal equitable relief,  et.seq.].

22

23

24

♦       federal Declaratory Judgment Act of 1946 for entry of  appropriate and necessary  federal declaratory  judgment relief under Title 28 United States Code §§ 2201-2202.

25

26

♦       federal Fair Debt Collection Practices Act of 1968 ["FDCPA"][Title 15 United States Code §§ 1692k(a)].

27

28

♦       federal supplemental   claims   under Washington  state   law, for

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

1    monetary relief and equitable relief pursuant to Title 28 United States

2    Code §§ 1367(a)-(b),

3  against defendants, and each and everyone of them, jointly and severally:

4    ♦    Bank of America, N.A., a North Carolina corporation

5    ♦    BAC Home Loan Servicing, LP, a California corporation

6    ♦    Bank of America Home Loans, a California corporation

7    ♦    Bank of America Corporation, a North Carolina corporation

8    ♦    Mortgage Electronic Registration Systems, Inc., a Delaware corporation

9    ♦    Quality Loan Service of Washington, a Washington corporation

10    ♦    West Valley Enterprises, Inc., a Washington corporation

11    ♦    Novastar Mortgage, Inc.

12    ♦    Wilshire Credit Corporation

13    ♦    West Valley Mortgage

14    ♦    La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc.,

15    MLMI 2006-HE4 Pool 669, a business entity

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

13   ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
     ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

# I.

## *FEDERAL COMPETENT SUBJECT MATTER JURISDICTIONAL AND FEDERAL VENUE ALLEGATIONS*

1. Competent subject matter jurisdiction and venue exists, in whole and/or in part, pursuant to the following federal statutes:

A.   Section 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(a)];

B.   Section 1964(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(b)];

C.   Section 1964©) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964©)];

D.   Section 1965(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(a)];

E.   Section 1965(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(b)];

F.   Section 1965(d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(d)];

G.   Federal Question Jurisdiction [Title 28 United States Code §1331];

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

14

H.   Federal Regulation of Commerce Jurisdiction  [Title 28 United States Code §1337];

I.   Federal Declaratory Judgment Act of 1946 [Title 28 United States Code §§ 2201-2202];

J.   Federal Fair Debt Collection Practices Act of 1968 ["FDCPA"][Title 15 U.S.C. §1692k].

K.   Federal Fair Debt Collection Practices Act of 1968 ["FDCPA"][Title 15 U.S.C. §1692k(d)].

L.   Federal Supplemental Jurisdiction [Title 28 United States Code §1367(b)]; and,

M.   Federal General Venue [Title 28 United States Code §1391(b)].

///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

15

1

2

3

4

## II.

## RICO PERSONS

## [RICO TITLE 18 UNITED STATES CODE § 1961(3)]

5   2.   Plaintiff is, and during all times material herein has been, an individual

6   engaged in business activities within the State of Washington.  Plaintiff maintains

7   both plaintiff's principal place of business operations and plaintiff's personal

8   residential property within the City of Yelm, County of   Thurston,   State of

9   Washington.  Plaintiff engages in activities and conduct that affect federal interstate

10   and/or foreign commerce.

11

12   3.   Plaintiff alleges that during all times material herein

13   ♦   Bank of America, N.A., a North Carolina corporation

14   ♦   BAC Home Loan Servicing, LP, a California corporation

15   ♦   Bank of America Home Loans, a California corporation

16   ♦   Bank of America Corporation, a North Carolina corporation

17   ♦   Mortgage Electronic Registration Systems, Inc., a Delaware

18       corporation

19   ♦   Quality Loan Service of Washington, a Washington corporation

20   ♦   West Valley Enterprises, Inc., a Washington corporation

21   ♦   Novastar Mortgage, Inc.

22   ♦   West Valley Mortgage

23   ♦   Brandon Rakes

24   ♦   Scott Holsten

25   ♦   Wilshire Credit Corporation

26   ♦   La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors,

27       Inc., MLMI 2006-HE4 Pool 669, a business entity

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1          ♦        Merrill Lynch Mortgage Investors, Inc.

2          ♦        La Salle Bank Corporation

3   are each a "person" as  that  term is defined pursuant  to Section 1961(3) of  the

4   Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

5

6          4.      Plaintiff alleges that Bank of America, N.A., a North Carolina

7   corporation, is engaged in  activities that  affect  federal interstate and/or foreign

8   commerce, including  engaging  in  business  activities  within  the  City of  Seattle,

9   County of   King, State of Washington.   Plaintiff alleges that  said  defendant  is

10  engaged in the business originating, generating, formulating, and issuing mortgage

11  financing.  Plaintiff alleges that said defendant  is a "person" as  that  term is defined

12  pursuant  to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations

13  Act of 1970 ["RICO"].

14

15         5.      Plaintiff alleges that BAC Home Loan Servicing, LP, a California

16  corporation, is engaged in  activities that  affect  federal interstate and/or foreign

17  commerce, including  engaging  in  business  activities  within  the  City of  Seattle,

18  County of   King, State of Washington.   Plaintiff alleges that  said  defendant  is

19  engaged  in  the  business  originating,  generating,  formulating,  and  issuing  home

20  mortgage servicing.  Plaintiff alleges that said defendant  is a "person" as  that  term

21  is defined  pursuant  to Section 1961(3) of  the Racketeer Influenced and Corrupt

22  Organizations Act of 1970 ["RICO"].

23

24         6.      Plaintiff alleges that Bank of America Home Loans, a California

25  corporation, is engaged in  activities that  affect  federal interstate and/or foreign

26  commerce, including  engaging  in  business  activities  within  the  City of  Seattle,

27  County of   King, State of Washington.    Plaintiff alleges that  said  defendant  is

28

engaged in the business originating, generating, formulating, and issuing mortgage financing.  Plaintiff alleges that said defendant is a "person" as that term is defined pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

7.    Plaintiff alleges that Bank of America Corporation, a North Carolina corporation, is engaged in activities that affect federal interstate and/or foreign commerce, including engaging in business activities within the City of Seattle, County of  King, State of Washington.  Plaintiff alleges that said defendant is engaged in the business originating, generating, formulating, and issuing mortgage financing.  Plaintiff alleges that said defendant is a "person" as that term is defined pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

8.    Plaintiff alleges that Mortgage Electronic Registration Systems, Inc., a Delaware corporation, hereinafter referred to as "MERS,"  is engaged in activities that affect federal interstate and/or foreign commerce, including engaging in business activities within the City of Seattle, County of  King, State of Washington.  Plaintiff alleges that said defendant is engaged in the business of serving as an alleged national "clearinghouse"  for the registration of residential mortgages for purposes of functioning as a designated  "nominee" of mortgagee lenders and for initiating foreclosure  proceedings.

8A.    Plaintiff alleges that MERS is not registered or licensed to conduct business in the State of Washington.  Notwithstanding this fact, MERS conducts business in the State of Washington by purporting to obtain a beneficial interest in Deeds of Trust which constitute liens on real property located in Washington.  MERS

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   has represented to plaintiff that MERS has such a beneficial interest in plaintiff's two

2   [2] mortgages/deeds of trust as MERS is specifically and expressly identified as the

3   "beneficiary" upon both the two [2] Deeds of Trust that plaintiff executed, though

4   plaintiff expressly contests and challenges the validity of said expressed written

5   language.  Plaintiff alleges that said defendant is a "person" as that term is defined

6   pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations

7   Act of 1970 ["RICO"].

8

9          9.      Plaintiff alleges that Quality Loan Service of Washington, a corporation

10  organized and operating within the state of Washington, maintaining its principal

11  place of business within the City of Poulsbo, State of Washington,  is engaged in

12  activities that affect federal interstate and/or foreign commerce, including engaging

13  in business activities within the City of Seattle, County of  King, State of

14  Washington.   Plaintiff alleges that said defendant is engaged in the business of

15  serving as a designated trustee upon mortgages and deeds of trust.  Plaintiff alleges

16  that Quality Loan Service of Washington instructs, directs, authorizes, commands,

17  and/or otherwise facilitates and furthers the activities of Mortgage Electronic

18  Registration Systems, Inc., a Delaware corporation, hereinafter referred to as

19  "MERS," engaged in activities that affect federal interstate and/or foreign commerce.

20  Plaintiff alleges that said defendant is a "person" as that term is defined pursuant

21  to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations Act of

22  1970 ["RICO"].

23

24         10.     Plaintiff alleges that West Valley Enterprises, Inc., a Washington

25  corporation, is engaged in activities that affect federal interstate and/or foreign

26  commerce, including engaging in business activities within the City of Seattle,

27  County of  King, State of Washington.  Plaintiff alleges that said defendant is

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

engaged in the business originating, generating, formulating, and issuing mortgage financing.  Plaintiff alleges that said defendant is a "person" as that term is defined pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

11.     Plaintiff alleges that Novastar Mortgage, Inc., a foreign corporation, is engaged in activities that affect federal interstate and/or foreign commerce, including engaging in business activities within the City of Seattle, County of King, State of Washington.  Plaintiff alleges that said defendant is engaged in the business originating, generating, formulating, and issuing mortgage financing.  Plaintiff alleges that said defendant is a "person" as that term is defined pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

12.     Plaintiff alleges that West Valley Mortgage, a Washington corporation, is engaged in activities that affect federal interstate and/or foreign commerce, including engaging in business activities within the City of Seattle, County of King, State of Washington.  Plaintiff alleges that said defendant is engaged in the business originating, generating, formulating, and issuing mortgage financing.  Plaintiff alleges that said defendant is a "person" as that term is defined pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

13.     Plaintiff alleges that Brandon Rakes is, and during all times material herein was, a duly authorized representative, agent, employee, nominee, deputy, officer, director, partner, and/or managing member of West Valley Mortgage, a Washington corporation, is engaged in activities that affect federal interstate and/or

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

foreign commerce.  Plaintiff alleges that said person is engaged in the business originating, generating, formulating, and issuing mortgage financing.    Plaintiff alleges that Rakes  is a "person" as  that  term is defined pursuant  to Section 1961(3) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

13A.    Plaintiff alleges that Scott Holsten  is, and during all times material herein was, a duly authorized representative, agent, employee, nominee, deputy, officer, director, partner, and/or managing member of  West Valley Mortgage, a Washington corporation, is engaged in activities that affect federal interstate and/or foreign commerce.  Plaintiff alleges that said person is engaged in the business originating, generating, formulating, and issuing mortgage financing.    Plaintiff alleges that Holsten  is a "person" as  that  term is defined pursuant  to Section 1961(3) of  the  Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970 ["RICO"].

13B.  Plaintiff alleges that Wilshire Credit Corporation, an Oregon corporation, is engaged in activities that affect  federal  interstate and/or foreign commerce,  including  engaging  in  business  activities  within  the  City of  Seattle, County of   King, State of  Washington.  Plaintiff alleges that said defendant is engaged in the business originating, generating, formulating, and issuing mortgage financing.   Plaintiff alleges that Wilshire Credit Corporation  is a "person" as  that term is defined pursuant  to Section 1961(3) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

14.    Plaintiff alleges that during all times material herein

- ♦    Bank of America, N.A., a North Carolina corporation
- ♦    BAC Home Loans Servicing, LP, a California corporation
- ♦    Bank of America Home Loans, a California corporation

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

1    ◆    Bank of America Corporation, a North Carolina corporation

2    ◆    BAC Field Services Corp.

3    ◆    LandSafe Default, Inc.

4    ◆    LandSafe Services, LLC

5    ◆    LandSafe Title of California, Inc.

6    ◆    LandSafe Title of Washington, Inc.

7    ◆    LandSafe Title of Florida, Inc.

8    ◆    LandSafe Services of Alabama, Inc.

9    ◆    LandSafe Title of Texas, Inc.

10   ◆    ReconTrust Company, N.A.

11   ◆    LandSafe Appraisal Services, Inc.

12   ◆    La Salle Bank, N.A.

13  are each a  corporate  affiliate co-owned, co-controlled, co-officiated, co-managed,

14  co-directed, and/or co-administered by multi-interlocking corporate directorates

15  comprised and constituted of individuals designated, appointed,  and serving as

16  officers, directors, managers, deputies, and/or representatives of BAC Home Loans

17  Servicing, LP, Bank of America Corporation, Bank of America Home Loans, and

18  Bank of America, N.A., [collectively refereed to herein after as "Bank of America

19  Corporate Affiliates"], and therefore are each a  "person" as  that  term is defined

20  pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations

21  Act of 1970 ["RICO"].

22        14A.  Plaintiff alleges that La Salle Bank, N.A.,Trustee, Merrill Lynch

23  Mortgage Investors, Inc., MLMI 2006-HE4 Pool 669, is engaged in activities that

24  affect federal interstate and/or foreign commerce, including engaging in business

25  activities within the City of Seattle, County of King, State of Washington.  Plaintiff

26  alleges that during all times herein that La Salle Bank, N.A., Trustee, Merrill Lynch

27  Mortgage Investors, Inc., MLMI 2006-HE4 Pool 669, a business entity, served as

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
     *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

trustee of the afore referenced mortgage backed securities issuer, and offered, promoted, and sold mortgage backed securities, therefore is a "person" as that term is defined pursuant to Section 1961(3) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"].

15. Plaintiff alleges that each and every defendant is liable as a principal pursuant to Title 18 United States Code §§ 2(a)-(b) and that each and every defendant is liable as a co-conspirator pursuant to Title 18 United States Code § 371. Plaintiff further alleges that the acts, conduct, activities, and/or omissions committed by any one defendant are attributable to all of the other defendants.

16. Plaintiff alleges that at all times material herein, the activities, conduct, and/or omissions committed and/or engaged in by the defendants herein give rise to this action being instituted within this federal district court inasmuch as Plaintiff is a citizen and a resident of the City of Yelm, County of Thurston, State of Washington, and the events that give rise to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § §§ 1961, 1965(a), (b), and (d)] action are predicated under the RICO co-conspiracy theory of venue and co-conspiracy theory of personal jurisdiction, by and through employment of federal instrumentalities of federal interstate commerce, including the federal mails, federal wires, and traveling in connection with the commission of racketeering activity across federal interstate and/or international boundaries and/or lines.

17. Plaintiff further alleges that the defendants, each of whom are engaged in principal business activities within the City of Yelm, County of Thurston, State of Washington, engaged in continuous, concerted, and systematic activities with plaintiff within this federal district, resulting in injury to plaintiff's interests in plaintiff's business or property, pursuant to RICO Title 18 U.S.C. § 1964©).

### III.

### COMPREHENSIVE RICO ARTIFICE AND SCHEME TO DEFRAUD AND TO DEPRIVE PLAINTIFF OF PLAINTIFF'S INTERESTS IN BUSINESS OR PROPERTY [TITLE 18 UNITED STATES CODE § 1964©)] RE: PREDATORY MORTGAGE LENDING PRACTICES– MORTGAGE LOAN ORIGINATION and MORTGAGE SERVICING FRAUD

**A.      RICO RACKETEERING ACTIVITY [18 U.S.C. § 1961(1)(B)] and RICO PATTERN OF RACKETEERING ACTIVITY [18 U.S.C. § 1961(5)]**

**1.      Predatory Mortgage Lending Practices and  Mortgage Loan Origination Fraud  – Introductory and  Prefatory Statement**

18.     Predatory  mortgage lending  practices is a term which  refers  to  the practice of making a loan which  the  lender  knows that the borrower is unlikely to be able to repay and will end up in default with the lender taking the home and its equity. It often, as in this case, involves  fraudulent representations of income in the loan origination documents to qualify for the loan.  It was an integral part of a larger fraudulent practice by mortgage lenders and mortgage brokers to misrepresent the true value of mortgages sold  by  mortgage lenders to the mortgage backed securities market.     Plaintiff, and tens and thousands like  plaintiff, were the fodder of an enormous   plan to  defraud the housing market at the expense of residential home loan borrowers and those who purchased or insured the loans as more fully set forth below.

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

24

19.    By early 2006, mortgage lenders such as West Valley Enterprises, Inc., West Valley Mortgage, Novastar  Mortgage, Inc., and Wilshire Credit Corporation were in the  midst of an extremely aggressive lending period competing with mortgage companies such as  Wells Fargo  Bank,  N.A.,  Countrywide Financial Services, Countrywide Bank, N.A., Treasury Bank, N.A., Countrywide Home Loans, Inc., Countrywide  Financial Corporation, and others.  Many mortgage lenders were deeply involved in selling its loans in the mortgage backed securities market.

20.    To   meet this competition and reap huge  profits, those mortgage lenders  had  instituted  certain policies which dispensed with auditing the loans to see if the borrowers met mortgage lender requirements.  One such program   was known as a "Stated   Income   Loan" ["SIL"] also known as a "No-Doc" or no documentation loan.  It was the mortgage lenders' policy under the  SIL program to accept, without any documentation, whatever income was stated in the loan application.

21.    West Valley Enterprises, Inc., and West Valley Mortgage knew inflated incomes were being stated by its loan officers and loan brokers in mortgage loan applications.  As part of  its  fraudulent lending scheme, West Valley Enterprises, Inc., and West Valley Mortgage discouraged its internal auditors from requiring documentation  or  reviewing  the  loan  documentation,  particularly  income documentation for SIL loans.  It was the policy of West Valley Enterprises, Inc., and West Valley Mortgage to accept, without any documentation, whatever income was stated within the mortgage loan application.

22.    West Valley Enterprises, Inc., and West Valley Mortgage knew inflated incomes were being stated by its mortgage loan officers and mortgage loan brokers

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
25    *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   in mortgage loan applications.  As part of its fraudulent mortgage lending scheme,

2   West Valley Enterprises, Inc., and West Valley Mortgage discouraged its internal

3   auditors from requiring documentation or reviewing the loan documentation,

4   particularly income documentation for SIL mortgage loans.

5

6   23.   In making mortgage loans, West Valley Enterprises, Inc., and West

7   Valley Mortgage, as well as Novastar  Mortgage, Inc., Wells Fargo  Bank,  N.A.,

8   Countrywide Financial Services, Countrywide Bank, N.A.,Treasury Bank, N.A.,

9   Countrywide  Home  Loans,  Inc., and Countrywide  Financial Corporation had

10  certain underwriting requirements in connection with the mortgage market to insure

11  that the mortgage loans were of a certain quality.  Purchasers of mortgage loans relied

12  upon those requirements when acquiring the mortgage loans.  These underwriting

13  requirements were incorporated  into a mortgage loan origination computer program

14  known as the Automated Credit Application Processing System or "ACAPS" which

15  mortgage lenders employed to evaluate mortgage loan eligibility.  Mortgage loans

16  were automatically approved or denied based upon the values input into the ACAPS

17  mortgage loan origination  computer program.

18

19  24.   Based upon a mortgage lender's underwriting requirements, the

20  mortgage loans were then offered and sold in the mortgage backed securities

21  secondary market where they were   purchased  by government sponsored entities

22  such as Federal Home Loan Mortgage  Corporation ["Freddie Mac"], Federal

23  National Mortgage Association ["Fannie Mae"], and others.[1]

24

25  [1]   *See In re Lehman Brothers Mortgage-Backed Securities Litigation*, 2011 U.S.
26  App. LEXIS 9567 (2nd Cir., 11 May 2011) for a descriptive explanation of "mortgage pass-through
    certificates" evidencing the pooling of securitized sub-prime mortgages and offering of those
27  interests:

28

**COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS**
26  **ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

25.     The quality of a mortgage loan affects its value in the mortgage backed securities secondary market and the risk to those who purchase or invest in the mortgage loans or insure payment of the mortgage loans in the event of default.  One of the most important factors in determining the quality of a mortgage loan is the ratio of the borrowers overall monthly income to monthly loan payment.  The higher the income, the safer the loan.[2]

A.     The Securities Offerings

1.     Mortgage Pass-Through Certificates

In the period from 2005 to 2007, plaintiffs and similarly situated persons purchased approximately $155 billion worth of mortgage pass-through certificates registered with the Securities and Exchange Commission ("SEC") entitling them to distributions from underlying pools of mortgages.  To create such certificates, a "sponsor" originates or acquires mortgages.  Next, the loans are sold to a "depositor" that securitizes the loans – meaning, in effect, that the depositor secures the rights to cash flows from the loans so that those rights can be sold to investors.  The loans are then placed in issuing trusts, which collect the principal and interest payments made by the individual mortgage borrowers and, in turn, payout distributions to the purchasers of the mortgage pass-through certificates.  Finally, different risk levels, or "tranches" of risk, are created by using various types of credit enhancement, such as subordinating lower tranches to absorb losses first, overcollateralizing the loan pools in excess of the bond amount, or creating an excess spread fund to cover the difference between the interest collected from borrowers and amounts owed to investors (footnote omitted).  Each tranche is denominated by a credit rating – in these cases issued by one or more Rating Agencies – determined by the seniority level and the expected loss of the loan pool.  Finally, the depositor sells the certificates to underwriters, who then offer them to investors.

Many of the certificates here at issue received AAA ratings, the "safest" tranche supposedly least likely to default.  Investment-grade ratings were crucial to the certificates' sale because many institutional investors must purchase investment-grade securities.  Morever, some senior certificates'' sales were conditioned on the receipt of AAA ratings.

2011 U.S. App. LEXIS 9567, at ** 4-5.

---

[2]     Upon   researching on the Internet to learn about the creditor,  LASALLE(MLMI 2006-HE4)POOL 669, plaintiff  ascertained   the  creditor  is Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4, the securities issuer  that acquired plaintiff's two [2] mortgage interests as part of a  a pooled  mortgage backed securities offering from

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS**
27     **ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

26.    A common  practice in predatory mortgage lending is to overstate the borrower's income to present a better, more attractive ratio of overall income to mortgage obligation.  This is a fraudulent misrepresentation of the market value of the mortgage loan and defrauds the purchasers, underwriters, and investors when the mortgage loan is sold.  The artifice  and  scheme also defrauds the borrower by placing the borrower in a financial situation in which the borrower will be unable to

---

Bank of America, N.A. and/or Bank of America, N.A., corporate affiliates.  Information describing the  the role and  participatory  activities of Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 is published in an annual report and SEC Form 10-K, SEC File 333-130545-17, Accession No.: 1136999-7-593, both accessible and available at http://www.secinfo.com/d12mb8.u.Yu.b.htm.

A review of said website specifically identifies LaSalle Bank National Association as  the "Asserting Party, responsible for asserting its compliance with the applicable servicing criteria set forth in Item 1122(d) of Regulation AB (12 C.F.R. 229.1122(d) ("Servicing Criteria").  La Salle Bank, N.A., is specifically identified as the trustee that executed an Assessment of Compliance (Ex-33.B), Attestation Report on Compliance (Ex-34.B), and Servicer Compliance Statement (Ex-35.B).

Plaintiff alleges that plaintiff's two [2] mortgages, issued to plaintiff in April, 2006, are part of, and included within, those mortgages that constitute and comprise those mortgage backed securities evidenced with in Form 10-K referenced by the SEC website referenced above, and that Merrill Lynch 2006-HE4, is the issuer thereof.

Upon review of the documents accessible from the SEC website, the Servicer Compliance Statement (Ex-35.B), reveals the existence of the Pooling and Servicing Agreement dated 1 July 2006,identifying Merrill Lynch Mortgage  Investors,  Inc., as "**Depositor**," Wilshire Credit Corporation, as "**Servicer**," and  La Salle Bank, N.A., as "Trustee," relating to Merrill Lynch Mortgage Investment Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE4.  Plaintiff alleges that plaintiff's two [2] mortgage interests were subjected to mortgage securitization, the underlying mortgages being severed from both  the adjustable  rate mortgage note and from the note, for purposes of commercially exploiting said mortgages. On 7 March 2007, Ken Frye, Senior Vice President Loan Servicing, Wilshire Credit Corporation, Servicer,  executed written certification of compliance under Sarbanes-Oxley regarding said securities for purposes of compliance with Item 1123 of Regulation AB,, and Exchange Act Rules 13a-18 and 15d-18.

This scenario is consistently played out in innumerable formulations and permutations, as graphically exemplified by the Second Circuit Court of Appeals published opinion in *In re Lehman Brothers Mortgage-Backed Securities Litigation*, 2011 U.S. App. LEXIS 9567 (2d Cir., 11 May 2011), at ** 4-5.

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   meet the borrower's monthly mortgage payment obligation.   This results in the

2   borrower's default on the mortgage loan and foreclosure of the mortgaged property

3   with its attendant loss of home equity for  the  borrower  to the extent the value of the

4   home exceeded the value of the loan.

5

6       27.    Issues regarding the adherence of financial lending institutions to the

7   underwriting standards were not initially of concern to the lenders, purchasers, and

8   underwriters because the value of the collateral was required to exceed the market

9   value of the mortgage loan at the time the loan was made.   It was an underlying

10  assumption of the industry that the housing market would continue to appreciate.  At

11  first, it was more profitable for the lenders   and   trusts to foreclose predatory

12  mortgage loans than maintain those loans.

13

14      28.    Because  predatory  mortgage  loans are highly likely to fail, the

15  number of foreclosures increased significantly and correspondingly depressed the

16  housing market so severely that the collateral for the mortgage loans, the market

17  value of the homes, became less than the amount of the loan, i.e., the loan to value

18  ["LTV"] became  greater  than  100%.   Mortgage loans  in  which  the  LTV  ratio

19  exceeded    100% were  referred  to  as  being  "underwater."   When    underwater

20  predatory  mortgage home loans were foreclosed, the insurers and secondary market

21  holders sustained the loss, including the current  demise  of both  Fannie Mae  and

22  Freddie Mac.

23

24      28A.  The nature of these  mortgages routinely offered and promoted are

25  typically  characterized  as  "sub-prime"[3]  mortgages,  and  the  attendant  risk  is

26  ────────────────

27      [3]     *See In re Lehman Brothers Mortgage-Backed Securities Litigation*,  2011 U.S.
App. LEXIS 9567 (2nd Cir., 11 May 2011) specifically describing the nature of sub-prime mortgages:

28

29  ***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

significant.  Morever, financial institutions and mortgage companies intentionally promote and offer such incredibly high risk mortgages to persons who otherwise qualify for  conventional mortgage loan financing, including the employment of "reverse red lining," a common  practice of purposely targeting persons predicated upon their racial affiliation or ethnic origin.  As a result, the mortgagor is victimized by predatory mortgage loan practices.[4]  This topic continues to generate contentious debate and protracted litigation. *See In re Countrywide Financial Corp. Derivative Litigation*, 2008 U.S. Dist. LEXIS 72627 (C.D. Calif., 10 July 2008), *In re Countrywide Financial Corp. Derivative Litigation*, 554 F. Supp.2d 1044 (C.D.

---

Subprime mortgages are loans made to borrowers with poor credit histories, "creating a high risk of default." Black's Law Dictionary 1021 (9th ed. 2009); see also *Till v. SCS Credit Corp*., 541 U.S. 465, 471, 124 S.Ct. 1951, 158 L. Ed.2d 787 (2004)(describing subprime loans as "loans to borrowers with poor credit ratings").  AN interest-only loan allows borrowers to pay only the interest for a stated period "in return for significantly larger payments later." Black's Law Dictionary at 1020.  A negative amortization loan involves increases in the principal balance when monthly payments are insufficient to pay accruing interest. Id. at 99.  Plaintiffs allege that S&P developed an updated ratings model in 2004 that covered these new mortgage products, but it was never implemented.

2011 U.S. App. LEXIS 9567, at * 10.

[4]  *See Abundio A. Cruz, et.al., v. Wachovia Mortgage, et.al.,* U.S.C. C.D.  Calif., CV 10-34312 AHM (JEMx), 8 March 2011 (denying defendant Wells Fargo Bank, N.A., motion for attorneys' fees under both the adjustable rate mortgage note and the deed of trust, finding that to permit Wells Fargo to recover its attorneys fees would be both inequitable and unreasonable when viewing the mortgage instruments containing small fine print, font size, and "boiler plated" clauses); (predatory lending practices litigation involving sub-prime mortgages; court specifically referenced the participatory involvement of Mortgage Electronic Registration Systems, Inc., ("MERS"), at footnote 3,  as significantly contributing to the nationwide financial havoc that many of the largest banks and mortgage brokers caused:

Abuses resulting from the creation and practices of Mortgage Electronic Registration Systems, Inc., ("MERS") in the recordation and chain of title to residential properties are a more recent focus of public scrutiny.

Page 2 of 5

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   Calif. 2008), and *In re Countrywide Financial Corp. Derivative Litigation*, 542 F.

2   Supp.2d 1160 (C.D. Calif. 2008). *See MLSMK Investment Company v. JP*

3   *Morgan Chase & Co*., 2011 U.S. App. LEXIS 13822 (2nd Cir.,  7 July 2011)("This

4   case arises out of the massive and now infamous Ponzi scheme perpetrated by

5   Bernard L. Madoff, which culminated abruptly with his arrest in December 2008 but

6   whose aftershocks continue.")(footnote omitted). *See In re Lehman Brothers*

7   *Mortgage-Backed Securities Litigation*, 2011 U.S. App. LEXIS 9567 (2nd Cir., 11

8   May 2011)(sub-prime mortgage backed securities litigation alleging securities rating

9   agencies contravened federal securities laws dismissed). *See* '60 Minutes' episode

10  aired  on  April  2,  2011  regarding  the  bank/mortgage  fraud

11  http://www.cbsnews.com/video/watch/?id=7361572n.

12

13      28B.  Subscribers to sub-prime mortgage obligations that were aggressively

14  offered and promoted by financial institutions were originated, designed, formulated,

15  implemented, and executed as an artifice and/or scheme to defraud.  Such artifice and

16  scheme included, *inter alia*, the selected targeting and intentional promoting of

17  *"reverse red lining"* and  to lull their victims into applying for and obtaining sub-

18  prime mortgage loans that were inherently and presumptively risky, that the victims

19  would not be able to afford to pay said mortgage loans during the term of maturity,

20  and to present and project to their victims a false sense of hope and/or security by

21  representing that some form of mortgage relief, either accomplished by and through

22  a mortgage loan  restructuring  payment plan or a mortgage loan modification

23  payment plan, or a mortgage loan moratorium or a mortgage loan abatement, when,

24  in fact, no such intention existed, and materially omitted to disclose the fact that the

25  mortgages would be pooled and sold in the form of mortgage backed securities in the

26  mortgage securities market.

27

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
31   *ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1    28C.  ***"Reverse red lining"*** refers to the practice of selectively targeting

2    predatory loans at urban, minority communities that in the past were systematically,

3    customarily, and routinely denied the ability to obtain credit.  Plaintiffs furthermore

4    allege that according to a study from the federal Department of Housing and Urban

5    Development, the largely unregulated growth of the sub-prime mortgage market has

6    provided substantial ground for such practices, especially in under served

7    communities with inexperienced borrowers. ***See*** U.S. Department of Housing and

8    Urban Development, ***Unequal Burden: Income and Racial Disparities in Subprime***

9    ***L e n d i n g   i n   A m e r i c a***  ( 2 0 0 0 ) ,   a v a i l a b l e   a t

10   http://www.huduser.org/publications/fairhsg/unequal.html. ***See also*** NOW on PBS:

11   ***"Help for the Homeowners?"*** by David Brancaccio, 6 February 2009 ***and*** CBS ***60***

12   ***Minutes***: ***"World Of Trouble"*** by Scott Pelley, 15 February 2009 (investigative

13   reporting of World Savings Bank sub-prime mortgage loan program and collapse, the

14   loss of Wachovia, and corporate take over Wells Fargo Bank, N.A.). ***See also***

15   Albany Government Law Review Fireplace, ***"Subprime Communities: Reverse***

16   ***Redlining, the Fair Housing Act and Emerging Issues in Litigation Regarding the***

17   ***Subprime Mortgage Crisis,"*** 2 Alb. Gov't L. Rev. 164 (2009),

18   www.glrfireplace.albanygovernmentlawreview.org, 5 February 2009, by Robert

19   Magee, Visiting Professor of Law, Albany Law School (intense analysis of federal

20   anti-discrimination laws applied in sub-prime mortgage predatory lending practices

21   area); ***See also National Association for the Advancement of Colored People, et.al.,***

22   ***v. Ameriquest Mortgage Company, et.al.,*** U.S.D.C. C.D. Calif., SA–CV-07-0794

23   (federal action advancing federal anti-discrimination laws to sub-prime mortgage

24   predatory lending practices; claims advanced under federal Ku Klux Klan Act of

25   1871 ["KKK"][Title 42 U.S.C.§§ 1981,1982, et.seq.], federal Equal Credit

26   Opportunity Act of 1974 ["ECOA"][Title 15 U.S.C. §§ 1691, et.seq.], and federal

27   Fair Housing Act of 1968 – Title VII of Civil Rights Act of 1968 ["FHA"][ Title 42

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS***
***ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

U.S.C. §§ 3601, et.seq.] ).  *See also The People of the State of California, v. Countrywide Financial Corporation; Countrywide Home Loans, Inc.; and Full Spectrum Lending, Inc.,* LASC Case No.: No. LC083076, filed October 14, 2008(specifically detailed factual description of sub-prime mortgage loan predatory lending practices developed, implemented, and executed by Countrywide Home Loans, Inc., and Countrywide corporate affiliates in Business & Profession Code §§ 17200 and 17500 civil action). *See In Re Countrywide Financial Corp Mortgage Marketing and Sales Practices Litigation,* 08 CV 01988-DMS-LSP, Order entered 5 February 2009 (Granting in Part and Denying in Part FRCP 12(b)(6) motions to dismiss; federal RICO claims sustained, leave to amend granted).[5]

---

[5]

Plaintiff alleges that, for purposes of materially corroborating and wholly substantiating plaintiffs' RICO §1961(5) [Title 18 United States Code §1961(5)] pattern of racketeering activity factual "continuity" and "relatedness" allegations, incorporation by reference of the following material factual elucidation and analytical sub-prime mortgage loan predatory lending practices information is warranted. The significantly unprecedented sheer magnitude of, the unmitigated inexplicably pernicious, and patent incomprehensibility directly involving and pertaining to, the pervasive malignancy of "*reverse redlining*" is incredibly both substantially Malthusian and exponentially and geometrically voluminous in complex federal litigation and news coverage. *See also* Albany Government Law Review Fireplace, *"Subprime Communities: Reverse Redlining, the Fair Housing Act and Emerging Issues in Litigation Regarding the Subprime Mortgage Crisis,"* 2 Alb. Gov't L. Rev. 164 (2009), www.glrfireplace.albanygovernmentlawreview.org, 5 February 2009, by Robert Magee, Visiting Professor of Law, Albany Law School (intense analysis of federal anti-discrimination laws applied in sub-prime mortgage predatory lending practices area); *See also National Association for the Advancement of Colored People, et.al., v. Ameriquest Mortgage Company, et.al.,* U.S.D.C. C.D. Calif., SA–CV-07-0794 (federal action advancing federal anti-discrimination laws to sub-prime mortgage predatory lending practices; claims advanced under federal Ku Klux Klan Act of 1871 ["KKK"][Title 42 U.S.C.§§ 1981,1982, et.seq.], federal Equal Credit Opportunity Act of 1974 ["ECOA"][Title 15 U.S.C. §§ 1691, et.seq.], and federal Fair Housing Act of 1968 – Title VII of Civil Rights Act of 1968 ["FHA"][ Title 42 U.S.C. §§ 3601, et.seq.] ) *See e.g.,* "Reverse redlining" – Foreclosing the American Dream, Charles Patton, research Assistant at the Kirwan Institute, www.kirwaninstitute.blogspot.com/2008/02/reverse-redlining-foreclosing-american.html, 4 February 2008 ("Financial apartheid," "foreclosures meltdown," and "Cleveland's Katrina" are just some of the euphemisms that have been used to describe the devastating result of a recent surge in subprime lending that has resulted in a spike of foreclosed homes. Subprime loans are often provided for borrowers who have deficient credit histories. These loans have higher interest rates than prime or conventional loans to compensate for this credit risk. Reverse redlining occurs when lenders target particular groups including minorities and the elderly.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
33   *ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1

2

In "The New Redlining: Predatory Lending in an Age of Financial Service Modernization," Gregory Squires notes that the neighborhoods targeted most often are predominantly African American); Reverse Redlining: Seeing foreclosures in black and white ***Subprime loans' impact on blacks, Hispanics raises concerns of 'reverse redlining,'*** by Jen Benepe, The Real Deal, December, 2007 (According to a study released in October by NYU's Furman Center for Real Estate and Urban Policy, neighborhood disparities for subprime loans persist. While Manhattan is mostly unaffected, poor neighborhoods in other boroughs of New York, which also tend to be minority neighborhoods, have been hit hard. For example, in the Bronx, the Fordham University area had the highest concentration of subprime loans, with 47.2 percent of mortgage loans issued coming from subprime lenders. Of those loans, 57 percent went to Latinos, 35 percent to blacks and just 3.78 percent to whites. In Jamaica, Queens, 77 percent of the subprime mortgages went to blacks, and just 2 percent to whites, according to the study. Which begs the question -- are minorities being specifically targeted for subprime predation, or does it just hit them because they live in poor neighborhoods? Vicki Been, director of the Furman Center, said the fact that whites received a disproportionate share of subprime loans (although less than blacks and Hispanics in "redlined" neighborhoods) was indicative that the lenders were practicing geographic targeting based on neighborhood. Been also said that blacks received a disproportionate number of subprime loans in higher-income, "white" neighborhoods, pointing to a racial component in subprime lenders' marketing efforts. According to a study released in October by NYU's Furman Center for Real Estate and Urban Policy, neighborhood disparities for subprime loans persist. While Manhattan is mostly unaffected, poor neighborhoods in other boroughs of New York, which also tend to be minority neighborhoods, have been hit hard. For example, in the Bronx, the Fordham University area had the highest concentration of subprime loans, with 47.2 percent of mortgage loans issued coming from subprime lenders. Of those loans, 57 percent went to Latinos, 35 percent to blacks and just 3.78 percent to whites. In Jamaica, Queens, 77 percent of the subprime mortgages went to blacks, and just 2 percent to whites, according to the study. Which begs the question -- are minorities being specifically targeted for subprime predation, or does it just hit them because they live in poor neighborhoods? Vicki Been, director of the Furman Center, said the fact that whites received a disproportionate share of subprime loans (although less than blacks and Hispanics in "redlined" neighborhoods) was indicative that the lenders were practicing geographic targeting based on neighborhood. Been also said that blacks received a disproportionate number of subprime loans in higher-income, "white" neighborhoods, pointing to a racial component in subprime lenders' marketing efforts); ***see*** "Now Banks Sued for "Reverse Redlining," www.stoptheaclu.com/archives/2008/12/01 ("In what is apparently the first legal action of its kind, an association of community-based organizations has filed a federal civil rights complaint against two of the three largest Wall Street rating firms, charging that their inflated ratings on subprime mortgage bonds disproportionately caused financial harm to African American and Latino home buyers across the country. The complaint, filed by the National Community Reinvestment Coalition, alleges that Moody's Investors Service and Fitch Ratings enriched themselves by assigning high ratings to bonds backed by mortgages "that were designed to fail" because of "unfair payment terms and insufficient borrower income levels." The firms "knew or should have known" that subprime loans disproportionately were marketed to minority consumers — a process known as "reverse redlining" — and that those borrowers would ultimately default and go into foreclosure at high rates, according to the coalition's complaint.); ***see*** "Subprime Communities: Reverse Redlining, the Fair Housing Act and Emerging Issues in Litigation Regarding the Subprime

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

Mortgage Crisis," 13February 2009, and new and timely article of interest: by Ray Brescia, "Subprime Communities: Reverse Redlining, the Fair Housing Act and Emerging Issues in Litigation Regarding the Subprime Mortgage Crisis," 2 Albany Gov't L. Rev. 164 (2009). The abstract is below:

> As the nation struggles to find its bearings in the current financial crisis, and venerable pillars of Wall Street crumble, hundreds of billions of dollars will be spent to shore up the financial system and re-capitalize credit markets. While the eyes of Washington are directed towards Wall Street, there is much talk of the need to prop up Main Street as well, and nowhere is this more apparent than in communities and neighborhoods across the United States that have experienced the first wave of the financial crisis: home upon home of foreclosed properties, abandoned and neglected, their absent silence hard to ignore. Many of these communities are communities of color.
>
> Municipalities across the United States are trying to develop effective responses to the
>
> fallout in their communities from the collapse of the subprime mortgage market, funding housing counseling programs and foreclosure mediation, and regulating the maintenance of foreclosed and abandoned homes. Another type of intervention that may prove promising is the prosecution of affirmative civil actions, designed either to punish lenders who allegedly engaged in discriminatory subprime lending practices, or those failing to maintain their portfolio of foreclosed homes. A case of the first type has been filed in Baltimore; cases of the second type have been filed in Cleveland and Buffalo. This article is an attempt to review some of the emerging issues in discrimination law, as there is a growing body of lawsuits directed at "reverse redlining": the practice of targeting borrowers of color for loans on unfavorable terms, and an evolving jurisprudence on this issue that departs in some significant ways from more traditional approaches to discrimination in the market.

www.lawprofessors.typepad.com/povert/2009/02; *see, e.g.,* "PARALLEL UNIVERSE: Annals of Real Estate: 'Reverse Redlining' Can be Blamed for Much of the Nation's Foreclosure Crisis"*by* David M. Kinchen, www.huntingtonnews.net/columns/080701, ("Redlining "is the practice of arbitrarily denying or limiting financial services to specific neighborhoods, generally because its residents are people of color or are poor," according to the Encyclopedia of Chicago. Chicago and Milwaukee in the 1970s -- and probably still today -- are among the most racially segregated cities in the nation. Mortgage lenders literally drew red lines around minority areas and instructed loan officers to deny any mortgage applications inside the areas so marked. Lenders, real estate agents -- for the most part -- and insurance companies denied the existence of the practice, but the evidence to the contrary was overwhelming. Insurance companies are an important factor in the redlining equation, because without homeowner insurance, there is no loan. Now comes ample anecdotal and statistical evidence that the current housing meltdown and foreclosure crisis can be attributed -- in part at least -- to the mirror image of redlining: "reverse redlining" -- the deliberate targeting of minority home buyers with subprime mortgages and adjustable rate loans -- often with little or no income and credit rating documentation");*see specifically,* "Is Subprime Lending Leading to Reverse Redlining and Price Discrimination?," by Abhishek Mamgain, University of Southern California Dissertation Paper, January,2006, www.oup.org/research , abstract:

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

35

1

2

3

4

5

6

7

8

The research paper takes a critical look at the subprime mortgage market to evaluate the presence of reverse redlining in tracts with high minority concentrations in Los Angeles County area. The research finds that some of the concerns regarding reverse redlining and price discrimination might be exaggerated. The study finds that the household income and loan characteristics explain much of the reasons for subprime originations and that subprime lenders are not targeting low-income minorities, even in tracts with high minority concentrations. The study does find presence of higher rate spreads for low-income African-American and Asian households, in comparison to White households, in high minority tracts. However such difference in rate spreads can also arise from differences in borrower- and property-related risk factors, which are not being accounted for in this investigation.

9

10

11

12

Furthermore, the study has found evidence that low-income minority households are more likely to utilize the prime refinance mortgage products, in comparison to low-income White households, suggesting upward mobility of largely minority subprime borrowers, who might be refinancing out of the subprime mortgage after accumulating sufficient home equity through home price appreciation. Thus overall, the study finds limited support for reverse redlining in subprime originations for Los Angeles County region.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*see also,* "Did  redlining accusations lead to the subprime mortgage mess?" Ted Frank, 9 February 2008 and "Racially "'targeting'"predatory subprime loans?  The NAACP and Baltimore suits"Ted Frank, 12 January 2008, www.overlawyered.com;  First Focus The Subprime Crisis, Commentary Reprint, "Home Mortgage Disclosure Act Data Spawn Lawsuits By Minorities and Cities," by Thomas B. Hatch, Esq., and Richard R.  Zabel, CPA, A Thomson West Report (2008); "What's Behind the Race Gap?," by Vikas Bajaj and Ford Fessenden,  The New York Times, 4 November 2007; 'Recent Developments in Reverse Redlining Litigation" by Carrington, Coleman, Sloman & Blumenthal, L.L.P., www.ccsb.com, 18 April 2008; "Shopping While Black: Applying 42 U.S.C. §1981 to Cases of Consumer Racial Profiling," by Anne-Marie Harris, www.bc.edu/schools/law/lawreview ; "Housing Push for Hispanics Spawns Wave of Foreclosures," by Susan Schmidt and Maurice Tamman, The Wall Street Journal – Real Estate – 5 January 2009, www.online.wsj.com/article ; "Subprime Lenders Took Advantage of Minorities During the Boom," eFinance Directory, 5 October 2007, www.efinancedirectory.com/articles;  2007 Annual Minority Lending Report by Compliance Technologies and Genworth Financial released 4 October 2007 (report states that four of every 10 home purchase mortgages issued to minorities in 2006 were subprime loans – *twice* the number of subprime loans issued to white borrowers); "Hispanics a primary victim of mortgage fraud and foreclosures," The Housing Chronicles Blog, 5 January 2009, www.housingchronicles.com;  "Hispanic Road to D[e]struction in Home Buying Initiatives By Congress And Lenders," The Real Estate Bloggers, 5 January 2009, www.therealestatebloggers.com/2009/01/05; "Survey of Subprime Mortgages in New York," April 2007, Senator Jeffrey D.  Klein, Deputy Minority Leader,34th Senate District; "Financial illiteracy and racism threaten African American and Native American Borrowers," by Monica Davis, 10 January 2008, www.indybay.org/newsitems/2008/01/10, ;"The  Law, Economics and Psychology of Subprime Mortgage Contracts," by Oren Bar-Gill, Associate Professor of Law, NYU School of Law (2008)("Approximately 5.2 million subprime loans were originated in 2006, brining the total value of outstanding subprime loans above $1 trillion.  A few months after the subprime crisis began, with soaring foreclosure rates and hundreds of billions, perhaps trillions, of dollars in losses to

28

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

1

2

_____

3

borrowers, lenders, neighborhoods and cities, not to mention broader effects on the US and world economy"); *Jeffries v. Wells Fargo Bank, N.A.,* USDC ND Calif., CV 07-73880, filed 27 July 2007; *Miller v. Countrywide Bank,* USDC D. Mass, CV 07-11275, filed 12 July 2007); *Mayor of Baltimore v. Wells Fargo Bank,* USDC D. Md., filed 8 January 2008; *City of Cleveland v. Deutsche Bank Trust Co.,* Ohio Ct. Pl., Cuyahoga County, 16 January 2008); *Lopez v. GE Money Bank,* USDC CD Calif., CV 08-00479, filed 25 January 2008; *Barrett v. H & R Block, Inc.,* USDC D. Mass., CV 08-10157-RWZ; *see* Ben S. Bernanke, *Financial Markets, the Economic Outlook, and Monetary Policy,* Speech, January10, 2008 (available at http://www.federalreserve.gov/newsevents/speech/bernanke20080110a.htm) (suggesting that the ARM design responds to optimism about housing prices – "the more fundamental reason for the sharp deterioration in credit quality was flawed premise n which much subprime ARM lending was based: that house prices would continue to rise rapidly."); *see* Yuliya Demanyank and Otto Van Hemert, "*Understanding the Subprime Mortgage Crisis,*" NYU Stern, Working Paper, pp. 5-6 (October 9, 2007)(extrapolating from the LP data, which covers – "85% of all securitized subprime mortgages [subprime defined by the securitization classification], which in turn make up about 60% of the total subprime mortgage market."); CBO, The Budget and Economic Outlook: Fiscal Years 2009 to 2018, p. 23, January 23, 2008(available at http://www.cbo.gov/) (Citing estimates of between $200 billion and $500 billion for total subprime-related losses and noting the additional, and potentially substantial, indirect adverse effects of the subprime crisis upon the economy); *see, e.g.,* Kristopher Gerardi, Adam Hale Shapiro and Paul S. Willen, *Subprime Outcomes: Risky Mortgages, Homeownership Experiences, and Foreclosures,* Federal Reserve Bank of Boston WP no. 07-15, p. 5 (2007)("In the United States, a subprime borrower today typically refers to an individual with a FICO score below 620, who has become delinquent on some form of debt repayment in the previous 12 to 24 months, or who has even filed for bankruptcy in the last few years."); *see, e.g.,* Paul S. Calen, Jonathan E. Hershaff, and Susan M. Wachter, *Neighborhood Patterns of Subprime Lending: Evidence from Disparate Cities,* 15(3) Housing Policy Debate ___(2004)(All studies conducted prior to the release of the 2004 HMDA data (which for the first time included price information for high-priced loans) used the HUD list to identify subprime lending.) The 2005 HUD list of lenders who specialize in subprime lending comprises of 210 lenders (although not all of these lenders offer loans nationally).*See* www.huduser.org/datasets/manu/html; and, *see* Kathleen C. Engel and Patricia M. McCoy, *Turning a Blind Eye: Wall Street Finance of Predatory Lending,* 75 Fordham L. Rev. 2039, 2042, n 12 (2007). *See* Final Report of Michael J. Missal, Bankruptcy Court Examiner, filed in *In re: New Century TRS Holdings, Inc., et.al.,* United States Bankruptcy Court for the District of Delaware, Chapter 11, Case No.: 07-10416 (KJC)(Jointly Administered), dated 29 February 2008 (581 page incisive investigative analysis of sub-prime mortgage market and collateral issues);*See In Re Countrywide Financial Corp Mortgage Marketing and Sales Practices Litigation,* 08 CV 01988-DMS-LSP (order entered 5 February 2009, granting in part and denying in part FRCP 12(b)(6) dismissal motions directed at federal RICO and California statutory claims; leave to amend complaint to comply with FRCP 9(b) pleading specific factual particularization granted).

Indeed, subprime mortgagor victims are innumerable and correspondingly satisfy the "continuity" and "relatedness" constituent components for RICO §1961(5) pattern of racketeering activity pleading purposes.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*

37  *ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1

2.      **Predator  Mortgage  Lending  Practices  Fraud  In  The**
2       **Origination  of  Plaintiff's  Mortgage  Loans  and  Fraudulent**
3       **Mortgage Servicing**

4

5               A.      First Mortgage – $600,000.00 – 13625  93rd   Avenue
6                       Southeast,  Yelm, Washington 98597

7

8       29.     Plaintiff alleges that commencing on or about 1 April, 2006, and
9  continuing thereafter,  by and through the employment of  federal interstate mails
10 and/or   federal interstate wires, West Valley Enterprises, Inc., and West valley
11 Mortgage,   ["West Valley Enterprises"  and  "West  Valley  Mortgage"] ,12511
12 Meridian East,  Suite 102,  and  Suite 202,  Puyallup,  Washington    98373,
13 www.thewestisthebest.com, by and through West Valley duly authorized corporate
14 directors,   officers, agents, representatives, deputies, designees, nominees, and/or
15 servants, transmitted to plaintiff, located at 775 East Blithedale Avenue, # 510, Mill
16 Valley, California 94941, affirmatively represented to plaintiff that West Valley
17 Enterprise would qualify plaintiff to obtain two [2]  mortgages to acquire certain
18 residential property situated at 13625 93rd Avenue Southeast, Yelm, Washington
19 98597.   Plaintiff alleges that West Valley Enterprises, Inc., and West Valley
20 Mortgage, actively solicited plaintiff by  and   through, *inter alia*, the corporate
21 business website,  www.thewestisthebest.com, for purposes of promoting mortgage
22 financing services.

23

24      30.     Plaintiff alleges that said instruments were identified by "document
25 date" April 7, 2006, "closing date" April 14, 2006, and "disbursement" April 10,
26 2006, Loan No.:# 06-273426, and Escrow No.: # 507270.  Plaintiff required to pay
27 $22,570.98, at closing, by direct wire transfer to Key Bank, 700 Fifth Avenue, Floor

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
      ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1    46, Seattle, WA 98104, for direct deposit into the corporate account of Stewart Title

2    & Escrow, 300 Deschutes Way, Suite 201, Tumwater, Washington 98501, attention:

3    Kelly Weaver, LPO, pursuant to Stewart Title & Escrow letter dated 10 April 2006,

4    transmitted to plaintiff's residence in Mill Valley, CA.

5

6        31.    Plaintiff alleges that on 10 April 2006, West Valley Enterprises,

7    represented by Scott Holsten, and West Valley Mortgage, represented by Brandon

8    Rakes, presented and transmitted via federal interstate mails and/or federal

9    interstate wires, traversing the states of Washington and California, the following

10   instruments to plaintiff for review, execution, and return to Stewart Title & Escrow,

11   300 Deschutes Way, Suite 201, Tumwater, Washington 98501:

12       ♦    ***Specific Closing Instructions*** summarizing "***Loan Terms***" (Loan

13            Amount: $600,000.00; Sales Price:$750,000.00; Term: 360

14            months; Interest Rate: 9.10%; Monthly Principal and Interest:

15            $4,550.00; First Payment Date: June 1, 2006; Last Payment Date:

16            May 1, 2036; ARM Loan (Yes); Index: 5.143; Margin: 5.600%;

17            First Rate Cap: 3.000%; Periodic Rate Cap: 1.000%; Lifetime

18            Rate Cap: 7.000%; Lifetime Rate Floor: 9.100%; Interest Change

19            Date: May 1, 2008; Payment Change Date: June 1, 2008; Loan

20            Purpose: Purchase; ***"Secondary Financing"*** (Secondary

21            financing in the amount of $150,000.00 has been approved)

22       ♦    ***Fannie Mae Form 1003 Uniform Residential Loan Application***,

23            dated April 7, 2006. Interview conducted by Brandon Rakes,

24            West Valley Mortgage; gross monthly income listed at

25            $20,500.00

26       ♦    ***Payment Letter to Borrower*** specifically identifying monthly

27            mortgage payment of $4,994.55 [principal and interest;

28

39   ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

$4,550.00; reserve for taxes: $373.38; and, reserve for insurance: $71.17] payable to West Valley Enterprises, Inc

♦ ***Transfer/Sale of Loan to Novastar Mortgage, Inc***., with express written instruction to plaintiff to remit monthly payments thereto beginning  June 1, 2006, at Novastar Mortgage, inc., P.O. Box 808911, Kansas City, Missouri 64184-8911. ["As a regular practice, most loans are sold in the secondary marketplace."]

♦ ***U.S. Department of Housing and Urban Development Estimated Settlement Statement***, 4/10/2006,12:28 p.m., and Addendum to HUD-1.

♦ ***Certification Addendum to HUD-1 Settlement Statement***.

♦ ***Impound Authorization***, dated April 7, 2006.

♦ ***Initial Escrow Account Disclosure Statement***, payments to escrow account: cushion selected by servicer: $889.10; total disbursements: $5,334.57.

♦ ***Tax Record Information Sheet***. (Payment of taxes due 06/30/2006: $2,240.29).

♦ ***Hazard Insurance Authorization Requirements and*** Disclosure, dated April 7, 2006, hazard insurance required with inclusion of standard "mortgagee loss payee clause" (Lenders Loss Payable Endorsement in favor of West Valley Enterprises).

♦ ***Loan Servicing Disclosure Statement***, dated April 7, 2006, advising mortgagor of rights under the real Estate Settlement Procedures Act ["RESPA"][Title 12 U.S.C. § 2601 et.seq.].

♦ ***Federal Truth-In-Lending Disclosure Statement***, dated April 7, 2006, Index: 5.143%:

✓ Annual Percentage Rate: 10.767%

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

1    ✓    Finance Charge: $1,453,045.69

2    ✓    Amount Financed: $581,416.79

3    ✓    Total of Payments: $2,034,462.48

4    ✓    Payments (monthly):

5         24 payments: $4,550.00 – 06/01/06

6         36 payments: $5,375.00 – 06/01/08

7         299 payments: $5,772.56 – 06/01/11

8         1 payment: $5,767.04  – 05/01/36

9    ✓    Variable Rate Feature

10   ✓    Security: 13625 93rd Avenue Southeast, Yelm, WA

11        98597

12   ♦    ***ARM Disclosure Interest Only Program*** – interest rate based on

13        the average of interbank offered rates for six month U.S. dollar

14        denominated deposits in the London Market ("LIBOR"), as

15        published in the Wall Street Journal; the interest rate of 9.10%

16        applied cannot exceed 16.100%, in the sixth [6th] year of the

17        mortgage.

18   ♦    ***Notice of Assignment, Sale or Transfer of Servicing Rights***,

19        dated April 10, 2006 – effective June 1, 2006, mortgage servicing

20        assigned to Novastar Mortgage, Inc., and advising mortgagor of

21        rights under RESPA pertaining to assignment, sale, and transfer

22        of mortgage servicing rights.

23   ♦    ***Adjustable Rate Note*** (LIBOR  Six-Month Index (As Published

24        in the Wall Street Journal) – Rate Cap), dated April 7, 2006.

25        Interest rate will not be less than 9.100%, and not greater than

26        16.100%; interest rate change and payment on May 1, 2008,

27        increased.

28

*COMPLAINT **RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS***
41  *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] **RE: RICO §1962(d)***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

♦   ***Interest-Only Addendum to Fixed/Adjustable Rate Note***, dated April 7, 2006.  Interest only payments for the first 60 payments.

♦   ***Deed of Trust***, dated April 7, 2006.  Trustee designated: Quality Loan Services, 1770 Fourth Avenue, San Diego, CA 92101; **<u>MERS</u>** [***Mortgage Electronic Registration Systems, Inc.***] "acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." Plaintiff identified as 'Grantor' and MERS identified as 'grantee." Pages 3 and 4 of 16 states the role of MERS under the Deed of Trust:

"**TRANSFER OF RIGHTS IN THE PROPERTY**"

"The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described  property located in the COUNTY of THURSTON:   SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.   (STATE: WASHINGTON, COUNTY: THURSTON) which currently has the address of 13625 93rd Avenue Southeast, Yelm, Washington 98597 ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and

***COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument. Borrower understands  and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if  necessary to  comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

[Cross reference NON-UNIFORM COVENANTS, Paragraph # 22, Page 14 of 16:

"If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold.  Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as Applicable Law may require. * * *."

♦ ***Interest-Only Rider To The Security Instrument***, dated April 7, 2006.  (Rider supersedes Sections3(A) and (B), and 5 of  the Note.  None of the other provisions if the Note are changed by this addendum).

♦ ***Adjustable Rate Rider*** (LIBOR Six-Month Index (As Published in The Wall Street Journal) – Rate Caps), dated April 7, 2006. Rate change effective May 1, 2008

♦ Borrower's Certification &Authorization

♦ Form 4506-T Request for Transcript of Tax Return

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

1
2
◆   Form W-9 Request For Taxpayer Identification Number and Certification

3
◆   Address Certification

4
◆   Appraisal Disclosure

5
◆   Borrower Authorization Form

6
◆   Borrower's Certification

7
◆   Certificate of Loans To One Borrower

8
◆   Compliance Agreement

9
◆   Federal Equal Credit Opportunity Act Notice

10
◆   Consumer Credit Score Disclosure

11
◆   Credit Scoring Information

12
◆   Occupancy and Financial Status Affidavit

13
◆   Signature Affidavit and AKA Statement

14
◆   Appraisal Document Waiver

15
◆   Document Preparation Disclosure

16
◆   Hazard Insurance Disclosure

17
◆   Washington Mortgage Broker Disclosure

18
◆   Oral Agreement Notice

19
◆   Escrow Instructions Improved Property

20
21
B.   Second Mortgage – $150,000.00 – 13625  93rd  Avenue
22
Southeast,  Yelm, Washington 98597

23
24   32.   Plaintiff alleges that on 10 April 2006, West Valley Enterprises,
25   represented by Scott Holsten,  and West Valley Mortgage, represented by Brandon
26   Rakes, presented and transmitted via federal interstate mails and/or federal interstate
27   wires, traversing the states of Washington and California, the following instruments

28

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS**
44   **ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

to plaintiff for review, execution, and return to Stewart Title & Escrow, 300 Deschutes Way, Suite 201, Tumwater, Washington 98501:

♦   ***Specific Closing Instructions*** summarizing "***Loan Terms***" (Loan Amount: $150,000.00; Sales Price:$750,000.00; Term: 180 months; Interest Rate: 10.85%; Monthly Principal and Interest: $1,411.51; First Payment Date: June 1, 2006; Last Payment Date: May 1, 2036; ARM Loan (No); Index: 0; Margin: 0; First Rate Cap: 0; Periodic Rate Cap: 0; Lifetime Rate Cap: 0; Lifetime Rate Floor: 0; Interest Change Date: 0; Payment Change Date: 0; Loan Purpose: Purchase Money Junior

♦   ***Fannie Mae Form 1003 Uniform Residential Loan Application***, dated April 7, 2006.  Interview conducted by Brandon Rakes, West Valley Mortgage; gross monthly income listed at $20,500.00

♦   ***Payment Letter to Borrower*** specifically identifying monthly mortgage payment of $1,411.51 [principal and interest] payable to West Valley Enterprises, Inc

♦   ***U.S. Department of Housing and Urban Development Estimated Settlement Statement***, 4/10/2006,11:17 a.m., and Addendum to HUD-1.

♦   ***Certification Addendum to HUD-1 Settlement Statement***.

♦   ***Impound Authorization***, dated April 7, 2006.

♦   ***Escrow Waiver***

♦   ***Hazard Insurance Authorization, Requirements and Disclosure, dated April 7, 2006***

♦   ***Tax Record Information Sheet***

♦   ***Loan Servicing Disclosure Statement***, dated April 7, 2006,

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

advising mortgagor of rights under the real Estate Settlement Procedures Act ["RESPA"][Title 12 U.S.C. § 2601 et.seq.].

♦ ***Federal Truth-In-Lending Disclosure Statement***, dated April 7, 2006:

    ✓    Annual Percentage Rate: 10.956%

    ✓    Finance Charge: $230,417.64

    ✓    Amount Financed: $148,882.29

    ✓    Total of Payments: $379,294.93

    ✓    Payments (monthly):

          179  payments: $1,411.51 – 06/01/06

          1 payment: $126,634.64 – 05/01/21

    ✓    Variable Rate Feature

    ✓    Security: 13625 93rd Avenue Southeast, Yelm, WA 98597

♦ ***Notice of Assignment, Sale or Transfer of Servicing Rights***, dated April 10, 2006 – effective June 1, 2006, mortgage servicing assigned to Novastar Mortgage, Inc., and advising mortgagor of rights under  RESPA pertaining to assignment, sale, and transfer of mortgage servicing rights

♦ ***Note***, dated April 7, 2006, $150,000.00, balloon payment due 05/01/2021, annual interest rate: 10.850%

♦ ***Deed of Trust***, dated April 7, 2006.  Trustee designated: Quality Loan Services, 1770 Fourth Avenue, San Diego, CA 92101; <u>***MERS***</u> [***Mortgage Electronic Registration Systems, Inc.***] "acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." Plaintiff identified as "Grantor" and MERS identified as

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

"grantee;"   "THIS   SECURITY   INSTRUMENT   IS SUBORDINATE   TO   AN   EXISTING   FIRST   LIEN   OF RECORD"

♦   Balloon Payment Disclosure

♦   Borrower's Certification &Authorization

♦   Form 4506-T Request for Transcript of Tax Return

♦   Form W-9 Request For Taxpayer Identification Number and Certification

♦   Address Certification

♦   Appraisal Disclosure

♦   Borrower Authorization Form

♦   Borrower's Certification

♦   Certificate of Loans To One Borrower

♦   Compliance Agreement

♦   Federal Equal Credit Opportunity Act Notice

♦   Consumer Credit Score Disclosure

♦   Credit Scoring Information

♦   Occupancy and Financial Status Affidavit

♦   Signature Affidavit and AKA Statement

♦   Appraisal Document Waiver

♦   Document Preparation Disclosure

♦   Hazard Insurance Disclosure

♦   Washington Mortgage Broker Disclosure

♦   Oral Agreement Notice

♦   Escrow Instructions Improved Property

33.   Plaintiff alleges that certain of the afore identified written instruments

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

47

1   relative to the first mortgage and the second mortgage  transmitted  to  plaintiff,

2   located in Mill Valley, CA,     from West Valley Enterprises and West Valley

3   Mortgage, located in  Puyallup, WA, by and through the federal interstate mails

4   and/or federal interstate wires, for plaintiff's review, execution, and return to Stewart

5   Title & Escrow, were  materially  misrepresentative  of  material  facts  about  the

6   adjustable rate note, the deeds of trust, and  MERS as more specifically described

7   herein after.

8

9       33A.  Plaintiff alleges that such documents were submitted in connection with

10   the  perpetration  and  perpetuation  of  predatory  mortgage  lending  practices  and

11   mortgage origination fraud.

12

13          **3.**      Predatory Mortgage Lending Practices – Unsuitability To Qualify

14               for Predatory  Mortgages, Adjustable Rate Note, and Balloon

15               Note – Legally Impermissible Nomination and Designation of

16               MERS As Beneficiary on Deeds of Trust

17

18       34.    Plaintiff alleges that  said defendants materially omitted to disclose to

19   plaintiff  that  in  fact  plaintiff  was  unsuitable  for  such    mortgages,  that    said

20   defendants' agents  and  representatives represented and confirmed to plaintiff that

21   in order for plaintiff to obtain approval of such mortgages that plaintiff's stated

22   monthly income must be materially overstated upon the Fannie Mae Form 1003, and

23   that said defendants knew and had reason to know that plaintiff was unsuitable to

24   qualify and obtain said mortgages and incur both an adjustable rate note and a balloon

25   payment note.

26

27       34A.  Plaintiff alleges that West Valley Enterprises and West Valley

28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

1  Mortgage, represented and confirmed to plaintiff that the Fannie Mae Form 1003,

2  which    Brandon Rakes generated and prepared for the purpose of allegedly

3  qualifying plaintiff to obtain approval for the two [2] mortgages, that such a form was

4  routinely required for submission in connection therewith; however, plaintiff was also

5  told by West Valley Enterprises and West Valley Mortgage, by and through Rakes,

6  that due to plaintiff's excellent credit, there was no need or requirement for plaintiff

7  to execute said form, and that the form would remain in the file as a matter of

8  corporate  formality and practice since the mortgages were "no doc" mortgages.

9

10  34B.  Plaintiff alleges that Rakes, West Valley Enterprises, and West Valley

11  Mortgage, knew at that time, in early April, 2006, that the stated monthly income of

12  the plaintiff, as inserted and reported upon the Form 1003 by Rakes,  was materially

13  inaccurate, that said defendants persisted upon the use of the $20,500.00 @ month

14  figure, which in fact was  only an amount to be received from the anticipated sale of

15  plaintiff's  two [2]  Florida real  properties; and, moreover,  that  plaintiff had

16  previously borrowed   the $25,000.00,  from a third party in order to wire those

17  monies directly to Stewart Title and Escrow for purposes of closing the  escrow.

18  Plaintiff in fact wired approximately $25,000.00, to that escrow company for the

19  purpose of paying West Valley Enterprises, and West Valley Mortgage, according to

20  the 10 April 2006, letter from Kelly Weaver, Stewart Tile & Escrow, sent to

21  plaintiff's  address in Mill Valley, CA.

22

23  35.  Plaintiff alleges that plaintiff expressly represented and explained to

24  West Valley Enterprises and West Valley Mortgage at the time of the person-to-

25  person interview (early April, 2006) for preparing the Form 1003 that plaintiff held

26  approximately $25,000.00, to be applied towards costs of closing at escrow. Plaintiff

27  alleges that West Valley Enterprises and West Valley Mortgage told plaintiff that in

28

49  **COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS**
   **ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

order to be assured of approval of both the first and the second mortgages, plaintiff would have to, and must represent, that plaintiff earned $20,500.00, monthly, when in fact, plaintiff told said defendants that plaintiff did not earn such an amount. Defendants represented to plaintiff that as soon as plaintiff's two [2] rental properties in Palm Beach County, Florida, sold, plaintiff could apply those net sales proceeds towards reducing the mortgages on the subject real property.

36.    Plaintiff alleges that said defendants represented and confirmed to plaintiff that based upon the prevailing real estate market in early 2006, that plaintiff would be able to successfully sell, or "flip," plaintiff's two [2] rental properties located in Florida, thereby satisfying the outstanding mortgages thereon, and apply some or all of the net proceeds generated thereby towards payment upon the residential property acquired under the mortgages identified herein.

37.    Plaintiff alleges that said defendants materially omitted to disclose to plaintiff the material fact that MERS could not, as a matter of law, be designated as a nominee of the lender under the deeds of trust inasmuch as MERS lacked requisite statutory legal standing under both Article III  of  the Constitution of the United States of America and Rule 17 of the Federal Rules of Civil Procedure for purposes of initiating and prosecuting  foreclosure  sales as a  beneficiary under the Washington Deed of Trust Act  [R.C.W.  61.24.010, et.seq.].

38.    Plaintiff alleges that the following written provision embodied within the  deed  of  trust securing the $600,000.00, mortgage note executed between plaintiff and West Valley Enterprises regarding the capacity and position of MERS is materially misrepresentative of the legal relationships between the parties:

***Deed of Trust***, dated April 7, 2006.   Trustee designated: Quality Loan

Services, 1770 Fourth Avenue, San Diego, CA 92101; **_MERS_** [**_Mortgage Electronic Registration Systems, Inc._**] "acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument." Plaintiff identified as 'Grantor" and MERS identified as 'grantee."  Pages 3 and 4 of 16 states the role of MERS under the Deed of Trust:

> ## "TRANSFER OF RIGHTS IN THE PROPERTY"
>
> "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of THURSTON:   SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.  (STATE: WASHINGTON, COUNTY: THURSTON) which currently has the address of 13625 93rd Avenue Southeast, Yelm, Washington 98597 ("Property Address"):
>
> TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

[Cross reference NON-UNIFORM COVENANTS, Paragraph # 22, Page 14 of 16]:

"If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as Applicable Law may require. * * *."

39.     Plaintiff alleges that MERS lacks the requisite statutory capacity to serve as the nominee for the lender, and therefore as a matter of law, cannot and is legally incapable of serving as a beneficiary under the deed of trust for purposes of the Washington Deed of Trust Act.

40.     Plaintiff alleges that during all times material herein, up through and including early 2011, complied with the terms and the conditions of the deeds of trust, the adjustable rate note, and the note. Plaintiff tendered and transmitted monthly payments under both the adjustable rate note and the note to the successors in interest to West Valley Enterprises, Inc., and West Valley Mortgage, specifically, Novastar Mortgage, Wilshire Credit Corporation, and, most recently Bank of America Home Loans, Bank of America Corporation, Bank of America, N.A., and BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

52

40A.  Plaintiff alleges that plaintiff tendered monthly payments to Novastar Mortgage, upon both deeds of trust, in excess of $ 5,000.00, a month, sending payments from plaintiff's personal residence in Yelm, Washington, to  Novastar's corporate offices located at 8140 Ward Parkway, Suite 300, Kansas City, Missouri 64114, commencing 1 June 2006, such payments traversing federal interstate boundaries.

40B.  Plaintiff alleges that plaintiff tendered monthly payments to Wilshire Credit Corporation, upon both deeds of trust, in excess of $ 6,250.00, a month, sending payments from plaintiff's personal residence in Yelm, Washington, to Wilshire Credit Corporation corporate offices located  at Post Office Box 7195, Pasadena, California 91108-7195, commencing 24 July 2006, such payments traversing federal interstate boundaries.

40C.  Plaintiff alleges that plaintiff tendered monthly payments to Wilshire Credit Corporation, upon both deeds of trust, in excess of $ 6,250.00, a month, sending payments from plaintiff's personal residence in Yelm, Washington, to Wilshire Credit Corporation corporate offices located  at Post Office Box 7195, Pasadena, California 91108-7195, commencing 24 July 2006, such payments traversing federal interstate boundaries.

40D.  Plaintiff alleges that plaintiff tendered monthly payments to Bank of America, N.A., Bank of America Corporation, BAC Home Loans Servicing, LP, and Bank of America Home Loans, upon both deeds of trust, in excess of $ 6,250.00, a month, sending payments from plaintiff's personal residence in Yelm, Washington, to Wilshire Credit Corporation corporate offices located  at Post Office Box 515503, Los Angeles, CA 90051-6803, commencing in September, 2010, and continuing up

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

1  to and including early 2011, such payments traversing federal interstate boundaries.

2

3      41.    Plaintiff has tendered and paid defendants since June 1, 2006, in excess

4  of $400,000.00, under both deeds of trust, the adjustable rate note, and the note.

5  Plaintiff has tendered and paid defendants, and those successor in interest entitles

6  Novastar, Bank of America, N.A., Wilshire Credit Corporation, BAC Home Loans

7  Servicing, LP, and Bank of America Corporation, approximately $5,600.00, a month

8  on the first mortgage, and approximately $1,500.00, a month on the second

9  mortgage, every month, since 1 June 2006.

10

11     42.    Plaintiff alleges that commencing on 1 May 2008, and continuing

12  thereafter, plaintiff's monthly payments under the Adjustable Rate Note, dated 7

13  April 2006, increased as evidenced by Paragraph 4:

14          **4.     INTEREST RATE AND MONTHLY PAYMENT CHANGES**

15               **(A) Change Dates**

16               The interest rate I will pay may change on the 1st day of

17               MAY, 2008, and on that day every 6th month thereafter.

18               Each date on which my interest rate could change is called

19               a "Change Date."

20               **(B) The Index**

21               Beginning with the first Change Date, my interest rate will

22               based on an Index. The "Index" is the average of interbank

23               offered rates for six month U.S. dollar-denominated

24               deposits in the London market ('LIBOR'), as published in

25               ***The Wall Street Journal***. The most recent Index figure

26               available as of the first business day of the month

27               immediately preceding the month in which the Change

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

1   Date occurs is called the "Current Index."

2   **©) Calculation of Changes**

3   Before each Change Date, the Note Holder will calculate

4   my new interest rate by adding FIVE AND 600/1000

5   percentage points (5.600%) to the Current Index. The Note

6   Holder will then round the result of this addition to the

7   nearest one-eighth of one percentage point (0.125%).

8   Subject to the limits stated in Section 4(D) below, this

9   rounded amount will be my new interest rate until the next

10  Change Date.

11  The Note Holder will then determine the amount of the

12  monthly payment that would be sufficient to repay the

13  unpaid principal that I am expected to owe at the Change

14  Date in full on the Maturity Date at my new interest rate in

15  substantially equal payments. The result of this calculation

16  will be the new amount of my monthly payment.

17  **(D) Limits on Interest Rate Changes**

18  The interest rate I am required to pay at the first Change

19  Date will not be greater than 12.100% or less than 9.100%.

20  Thereafter, my interest  will never be increased or

21  decreased on any single Change Date by more than ONE

22  AND 000/1000 percentage point(s) (1.000 %) from the rate

23  of interest I have been paying for the preceding 6 months.

24  My interest rate will never be greater than 16.100%.  My

25  interest rate will never be less than 9.100%.

26  **(E) Effective Date of Changes**

27  My new interest rate will become  effective on each

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1
2
3
4

Change Date.  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

5

**(F) Notice of Changes**

6
7
8
9
10
11

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change.  The notice will include information required by law to be given to me and also the title and telephone number of a person will answer any question I may have regarding the notice.

12

13   43.   Plaintiff alleges that the interest only monthly payments under the first
14   mortgage, consisting of $4,550.00, per month, for the first 60 months, as evidenced
15   by the Interest–Only Addendum To Fixed/Adjustable Rate Note, dated 7 April
16   2006, were tendered and accepted by West Valley Enterprises, Inc., and the
17   subsequent successors in interest and assignees thereof, notwithstanding the federal
18   Truth in Lending Disclosure Statement dated 7 April 2006, wherein plaintiff was
19   required to pay $4,550.00 per month, for 24 months beginning 1 June 2006,
20   $5,375.00 per month, for 36 months beginning 1 June 2008, and $5,772.56 per
21   month, for 299 months beginning 1 June 2011, and $5,767.04 per month for 1 month
22   beginning 1 May 2036.

23

24   44.   Plaintiff alleges that during all times material herein that plaintiff that
25   Note Holder at no time transmitted, served, or otherwise provided and presented any
26   written notification in the changes to the interest rate as required pursuant to Section
27   4(E) of the Adjustable Rate Note.

28

*COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)*

1    45.    Plaintiff alleges that the promotion of the mortgage financing was

2    offered   to   plaintiff to intentionally steer plaintiff into   high risk, unsuitable

3    mortgages when in fact plaintiff qualified for conventional mortgage financing.

4    Plaintiff alleges that the mortgages offered to plaintiff were the subject of mortgage

5    securitization and bundled and pooled for issuance in the mortgage backed securities

6    market.  Plaintiff alleges that as a result of such mortgage securitization that the Note

7    Holder of both notes is, and remains, unknown to plaintiff.

8

9    46.    Plaintiff alleges that on 4 April 2011, BAC Home Loans Servicing,

10   LP, sent a letter through federal mails from Bank of America Home Loans, Simi

11   Valley, CA, to plaintiff's   residential   property in Yelm, WA, a NOTICE   OF

12   INTENT  TO  ACCELERATE upon   behalf of   the promissory note holder, and

13   that the mortgage loan was in default.  The letter stated that  plaintiff had the right to

14   cure the default by 4 May2011, with tendering payment of $10,296.90, and if not, the

15   mortgage payments would be accelerated and becoming due and payable in full, and

16   foreclosure proceedings would be initiated at that time.

17

18   47.    Plaintiff alleges that plaintiff received a similar letter dated 4 April

19   2011, from BAC Home Loans Servicing, LP, relative to the second deed of trust and

20   balloon payment  note, demanding payment of $2,893.60.  A subsequent statement

21   notice dated 27 May 2011(pertaining solely to the second deed of trust and balloon

22   payment  note) was also received by plaintiff.

23

24   48.    Plaintiff alleges that on 20 June 2011, plaintiff received from BAC

25   Home Loans Servicing, LP, a letter from Bank of America Home Loans, dated 16

26   June 2011, regarding  the availability of Bank of America's Home  Affordable

27   Modification Program.  Plaintiff previously received a comparable letter dated Notice

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

Date: 20 May 2011, setting for alternative options for plaintiff to consider:

◆   Loan Modification

◆   Repayment Arrangements

◆   Short Sale

◆   Deed-in-Lieu

◆   Full Reinstatement

49.   Plaintiff alleges that the present fair market value of plaintiff's residential real property is worth substantially less, notwithstanding plaintiff's expenditure of in excess of $400,000.00, in interest only mortgage payments under both deeds of trust.

49A.   Plaintiff alleges that the serial ***interest only*** monthly payments effected by plaintiff, exceeding $5,000.00, traversing federal interstate boundaries, paid to West Valley Enterprises, West valley Mortgage, Novastar Mortgage, Inc., Wilshire Credit Corporation, Bank of America, N.A., Bank of America Corporation, BAC Home Loans Servicing, LP, and Bank of America Home Loans, constituted the obtaining and the receipt of monies exceeding $5,000.00, by fraud, conversion, and false pretenses across federal interstate boundaries. Plaintiff alleges that such conduct constitutes contravention of Title 18 United States Code §§ 2314-2315, and, as such, constitutes a form of "racketeering activity," as that term is defined pursuant to RICO Title 18 United States Code § 1961(1)(B).

50.   Plaintiff alleges that plaintiff has sustained, and continues to sustain, damages to plaintiff's interests in business and/or property as a direct and proximate result of plaintiff being unsuitably placed with the two mortgages alleged herein.

**COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)**

1

2   *IV.*

3   *LA SALLE BANK, N.A., AS TRUSTEE, MORTGAGE LOAN ASSET-*

4   *BACKED CERTIFICATES/SERIES 2006-HE4, and LA SALLE BANK*

5   *NATIONAL ASSOCIATION MATERIALLY FACILITATING and*

6   *FURTHERING RICO § 1962(d) CONSPIRACY and RICO AIDING and*

7   *ABETTING*

   **RE**: PREDATORY LENDING "SUB-PRIME" MORTGAGE FRAUD

   and FRAUD IN CONNECTION   WITH MORTGAGE LOAN

   ORIGINATION and MORTGAGE SERVICING

10

11   50A.  Plaintiff alleges that on 21 July 2011, plaintiff received two [2] written

12   notices, both specifically identifying Account Nos.: 022787540 and 022787576, via

13   federal mails from Bank of America, N.A., Simi Valley, CA, without a registered

14   postmark upon the envelopes,  dated 1 July 2011, each  notice entitled  "Fair Debt

15   Collections Practices Act and State Law Notice." Both  notices  expressly  stated in

16   pertinent part:

17   **IMPORTANT MESSAGE ABOUT YOUR LOAN**

18   Effectively July 1, 2011, the servicing of home loans by our subsidiary–BAC

19   Home Loans servicing, LP, transfers to its parent company–Bank of America,

20   N.A.  Based upon our records as of July 6, 2011, the home loan account noted

21   above is affected by this servicing transfer. . .

22

23   **IMPORTANT ADDITIONAL INFORMATION**

24   Under the federal Fair Debt Collections Practices Act and certain state laws,

25   Bank of America, N.A. is considered a debt collector.  As a result, we are

26   sending  you  the  enclosed  Fair  Debt  Collections  Practices  Act  Notice

27   containing  important  information  about  your  loan  and  your  rights  under

28

1   applicable federal and state law.

2   If an attorney represents you in connection with your Bank of America home

3   loan, please provide your attorney a copy of this letter and enclosed legal

4   notice.

5

6   50B.  Plaintiff alleges that "Fair Debt Collections Practices Act and State Law

7   Notice" expressly contained a "Debt Validation Notice":

8   (2.)  Debt Validation Notice:

9   a)   The amount of the debt: As of July 6, 2011, you owe $623,924.86

10       [Account No.: 022787540].  The amount of the debt: As of July 6,

11       2011, you owe $152,997.94 [Account No.: 022787576].

12   b)   The name of the creditor to whom the debt is owed: LASALLE(MLMI

13       2006-HE4)POOL 669

14       *Please note that unless Bank of America, N.A. is listed in 2(b) as the*

15       *creditor of your loan, Bank of America, N.A. does not own your loan*

16       *and only services your loan on behalf of your creditor, subject to the*

17       *requirements and guidelines of your creditor.*

18   c)   Unless you, within thirty (30) days after receipt of this letter, dispute the

19       validity of the debt or any portion of the debt, Bank of America, N.A.

20       will assume the debt to be valid.

21   d)   If you notify Bank of America, N.A. in writing at the address provided

22       below within the thirty (30) day period, that the debt, or any portion

23       thereof, is disputed, Bank of America, N.A. will obtain verification of

24       the debt and mail it to you.

25   e)   Upon your written request within the thirty (30) day period, Bank of

26       America, N.A. will provide you with the name and address of the

27       original creditor if it is different from the current creditor.

28

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS**
60   **ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

1
2
3

Bank of America, N.A.
Customer Service, CA6-919-01-41
Attention: DVN
P.O. Box 1140
Simi Valley, CA 93062-1140

4   If you have any questions regarding this notification, please call Bank of

5   America, N.A. Customer Service at 1.877.488.7812 between 8 a.m. and 9 p.m.

6   Eastern, Monday through Friday.

7

8   50C.   Plaintiff alleges that upon reviewing the above referenced  "Fair Debt

9   Collections Practices Act and State Law Notice" the plaintiff for the first time learned

10  from Bank of America, N.A., about both the transfer of the mortgage servicing

11  agreements upon both mortgages and the identity of the creditor to whom the debt is

12  owed, LASALLE(MLMI 2006-HE4)POOL 669.

13

14  50D.   Plaintiff alleges that upon  researching on the Internet to learn about the

15  creditor, LASALLE(MLMI 2006-HE4)POOL 669, plaintiff ascertained the creditor

16  is Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series

17  2006-HE4, the securities issuer  that acquired plaintiff's two [2] mortgage interests

18  as part of a  a pooled  mortgage backed securities offering from Bank of America,

19  N.A. and/or Bank of America, N.A., corporate affiliates.  Information describing the

20  the role and   participatory  activities of Lasalle Bank, N.A., as Trustee, Mortgage

21  Loan Asset-Backed Certificates/Series 2006-HE4 is published in an annual report and

22  SEC Form 10-K, SEC File 333-130545-17, Accession No.: 1136999-7-593, both

23  accessible and available at http://www.secinfo.com/d12mb8.u.Yu.b.htm.

24

25  50E.   A review of said website specifically identifies LaSalle Bank National

26  Association as  the "Asserting Party, responsible for asserting its compliance with the

27  applicable servicing criteria set forth in Item 1122(d) of Regulation AB (12 C.F.R.

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

229.1122(d) ("Servicing Criteria").  La Salle Bank, N.A., is specifically identified as the trustee that executed an Assessment of Compliance (Ex-33.B), Attestation Report on Compliance (Ex-34.B), and Servicer Compliance Statement (Ex-35.B).

50F.   Plaintiff alleges that plaintiff's two [2] mortgages, issued to plaintiff in April, 2006, are part of, and included within, those mortgages that constitute and comprise those mortgage backed securities evidenced with in Form 10-K referenced by the SEC website referenced above, and that Merrill Lynch 2006-HE4, is the issuer thereof.

50G.   Plaintiff alleges that upon review of the documents accessible from the SEC website, the Attestation Report on Assessment of Compliance (Ex-34.B), reveals that La Salle Bank National Association is the wholly owned corporate subsidiary of La Salle Bank Corporation, the corporate parent corporation.  Plaintiff alleges that the corporate parent controls, manages, directs, authorizes, ratifies, acquiesces, and supervises the activities of the corporate subsidiary as alleged herein, and derived a benefit therefrom.

50H.   Plaintiff alleges that upon review of the documents accessible from the SEC website, the Servicer Compliance Statement (Ex-35.B), reveals the existence of the Pooling and Servicing Agreement dated 1 July 2006,identifying Merrill Lynch Mortgage   Investors,   Inc., as "Depositor," Wilshire Credit Corporation, as "Servicer," and   La Salle Bank, N.A., as "Trustee," relating to Merrill Lynch Mortgage Investment Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE4.  Plaintiff alleges that plaintiff's two [2] mortgage interests were subjected to mortgage securitization, the underlying mortgages being severed from both  the adjustable  rate mortgage note and from the note, for purposes of commercially

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1    exploiting said mortgages.  On 7 March 2007, Ken Frye, Senior Vice President Loan

2    Servicing, Wilshire Credit Corporation, Servicer,  executed written certification of

3    compliance under Sarbanes-Oxley regarding said securities for purposes of

4    compliance with Item 1123 of Regulation AB,, and Exchange Act Rules 13a-18 and

5    15d-18.

6

7        50I.   Plaintiff alleges that prior to 21 July 2011, plaintiff had no prior

8    knowledge, awareness, and/or knew that plaintiff's two [2] mortgage interests were

9    the subject of mortgage backed securitization.  Plaintiff alleges that prior to 21 July

10   2011, plaintiff had no prior knowledge, knew of, or was aware,  that La Salle Bank

11   National Association, served as the denominated trustee of the afore identified entity

12   charged with the legal responsibility of servicing those securities in compliance with

13   Item 1123(d) of Regulation AB for the servicing activities performed in the asset-

14   backed securities transactions, for the reporting period January 1, 2006, through

15   December 31, 2006.  A  review of Exhibit B to Ex. 33.B reveals the "Non-Specific

16   Transactions" column  specifically identifying "Merrill Lynch Series 2006-HE4," the

17   entity specifically identified as the "creditor" holding the debt owed by the plaintiff.

18

19       50J.   Plaintiff has consistently demanded of Bank of America, N.A., Bank of

20   America Corporation, BAC Home Loans Servicing, LP, and Bank of America Home

21   Loans, since June, 2011, by at least ten [10] letters, transmitted via facsimile,  to

22   produce documents specifically identifying the "Note Holder" under both the

23   adjustable rate mortgage note and the note,  as explicitly provided for under both of

24   those contractual instruments, so  plaintiff can  contact said "Note Holder."  As of

25   the date of the initiation of these proceedings, the specific identity of the "Note

26   Holder" has not been disclosed notwithstanding plaintiff's consistent and persistent

27   demands  therefore.

28

1  50K.  Plaintiff alleges that the offer and promotion of the two [2] mortgages
2  was the   product of predatory lending mortgage practices as alleged herein.
3  Plaintiff's pristine, absolutely perfect credit was suitable for plaintiff to obtain a
4  conventional mortgage; however, the mortgages offered and promoted, and
5  subsequently serviced, were in fact sub-prime mortgages, wholly unsuitable for
6  plaintiff.  Plaintiff alleges that said mortgages were offered and promoted to plaintiff
7  in April, 2006, which in fact was the very height of the promotion and offering of
8  sub-prime mortgages, immediately before the sudden, sharp  precipitous decline and
9  ultimate collapse of the American real estate market.

10

11  50L.  Plaintiff alleges that both Lasalle Bank, N.A., as Trustee, Mortgage Loan
12  Asset-Backed Certificates/Series 2006-HE4 and  La Salle Bank National Association
13  acted in concerted with and/or materially aided and abetted West Valley Enterprises,
14  Inc., West Valley Mortgage, Novastar Mortgage, Inc., Wilshire Credit Corporation,
15  Bank of America, N.A., Bank of America Corporation, BAC Home Loans Servicing,
16  LP, and Bank of America Home Loans with promoting, offering, facilitating, and
17  furthering predatory lending   mortgage loan origination fraud and fraudulent
18  mortgage servicing practices as alleged herein.

19

20  50M. Plaintiff alleges that  both Lasalle Bank, N.A., as Trustee, Mortgage
21  Loan Asset-Backed Certificates/Series 2006-HE4 and   La Salle Bank National
22  Association  allege that both MERS and Quality Loan Service materially aided and
23  abetted West Valley Enterprises, Inc., West Valley Mortgage, Novastar Mortgage,
24  Inc., Wilshire Credit Corporation,   Bank of America, N.A., Bank of America
25  Corporation, BAC Home Loans Servicing, LP, and Bank of America Home Loans
26  promoting, offering, facilitating, and furthering predatory lending mortgage loan
27  origination fraud and fraudulent mortgage servicing practices as alleged herein.

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

50N.   Plaintiffs allege that both Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and La Salle Bank National Association materially aided and abetted, and conspired with, West Valley Enterprises, Inc., West Valley Mortgage, Novastar Mortgage, Inc., Wilshire Credit Corporation,  Bank of America, N.A., Bank of America Corporation, BAC Home Loans Servicing, LP, and Bank of America Home Loans in connection with the active participatory involvement of  both  MERS and Quality Loan Service to advance, generate, promote, and/or otherwise attempt to initiate,  and/or to initiate, the prosecution of non-judicial foreclosure  proceedings against Washingtonians whose deeds of trust included MERS as the alleged "nominee"/"beneficiary" within the deed of trust, and Quality Loan Service as the trustee within the deed of trust, with knowledge that MERS's could not, and cannot serve as a "nominee"/"beneficiary" under the Washington Deed of Trust.

50O.   Plaintiff alleges that both Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and La Salle Bank National Association derived a monetary and/or financial interest benefit as a result of their active participation, facilitation, and furtherance of the conspiracy and the aiding and abetting alleged herein.  Plaintiff alleges that said defendants have received, and continue to receive, compensation, remuneration,  emoluments, fees, charges, commissions, and/or other forms of benefits, monetary and non-monetary (e.g., increased number of business relationships with defendants, and with corporate business affiliates of defendants, producing substantial income and revenue).

50P.   Plaintiff alleges that the active  participatory role  of  both Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and   La Salle Bank National Association were  materially indispensable  co-

1   conspirators necessary to assure the success of the predatory lending practices alleged

2   herein.  Plaintiff alleges that both Lasalle Bank, N.A., as Trustee, Mortgage Loan

3   Asset-Backed Certificates/Series 2006-HE4 and  La Salle Bank National Association

4   constituted and comprised the especial "***causa sine qua non***" co-principals absolutely

5   necessary, and integral, to   facilitate and further the criminal activities committed by

6   West Valley Enterprises, Inc., West Valley Mortgage, Novastar Mortgage, Inc.,

7   Wilshire Credit Corporation,  Bank of America, N.A., Bank of America Corporation,

8   BAC Home Loans Servicing, LP, and Bank of America Home Loans, MERS, and

9   Quality Loan Service.

10

11      50Q.  Plaintiff alleges that the absence of both Lasalle Bank, N.A., as Trustee,

12   Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and   La Salle Bank

13   National Association precluded and foreclosed the ability of West Valley Enterprises,

14   Inc., West Valley Mortgage, Novastar Mortgage, Inc., Wilshire Credit Corporation,

15   Bank of America, N.A., Bank of America Corporation, BAC Home Loans Servicing,

16   LP, and Bank of America Home Loans, MERS, and Quality Loan Service to

17   successfully obtain the profits, monies, compensation, fees, charges, remuneration,

18   and/or emoluments generated and produced by and through the predatory lending

19   practices.

20

21      50R.  Plaintiff alleges that both   Lasalle Bank, N.A., as Trustee, Mortgage

22   Loan Asset-Backed Certificates/Series 2006-HE4 and   La Salle Bank National

23   Association were materially aided and abetted by West Valley Enterprises, Inc., West

24   Valley Mortgage, Novastar Mortgage, Inc., Wilshire Credit Corporation,  Bank of

25   America, N.A., Bank of America Corporation, BAC Home Loans Servicing, LP, and

26   Bank of America Home Loans, MERS, and Quality Loan Service in order to facilitate

27   and further the felonious criminal activities alleged herein.

28

***COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

50S.   Plaintiff alleges that without the material participation, facilitation, and furtherance of Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and La Salle Bank National Association, the artifice and scheme to defraud and criminal enterprisal activities alleged herein could not, and would not, succeed and continue indefinitely.

50T.   Plaintiff alleges that in order to assure the continued success of the artifice and scheme to defraud and criminal enterprisal activities alleged herein, all the defendants – Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and La Salle Bank National Association, West Valley Enterprises, Inc., West Valley Mortgage, Novastar Mortgage, Inc., Wilshire Credit Corporation, Bank of America, N.A., Bank of America Corporation, BAC Home Loans Servicing, LP, and Bank of America Home Loans, MERS, and Quality Loan Service – were mutually interdependent upon each and one another to assure the end result of the criminal objectives formulated, designed, implemented, and executed to assure the perpetration, perpetuation, and indefinite return of substantial monies, profits, and extensive business relationships, and increasing political influence to achieve absolute immunity from civil damages, injunctive, and declaratory relief actions. *__See__* "RPT – States negotiating immunity for banks over foreclosures," Wed. July 20, 2011, By Scott JJ. Paltrow ("State attorneys general are negotiating to give major banks wide immunity over irregularities in handling foreclosures, even as evidence has emerged that banks are continuing to file questionable documents")[6],

_____

[6]     The article states in pertinent part:

A coalition of all 50 states' attorneys general has been negotiating settlements with five of the biggest U.S. banks that would include payment of up to $25 billion in penalties and commitments to follow new rules. In exchange, the banks would get immunity from civil lawsuits by the states, as well as similar guarantees by the Justice Department and Department of Housing and Urban Development, which have

*COMPLAINT __RE__: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
67   *ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] __RE__: RICO §1962(d)*

1    http://www.reuters.com/assets/print?aid.

2

3    50U.  Plaintiff alleges that "***but for***" the criminal affiliation emanating and

4    arising from the mutual  agreement consummated between RICO  § 1962(d) co-

5    conspirator defendants –  Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-

6    Backed Certificates/Series 2006-HE4 and La Salle Bank National Association, West

7    Valley Enterprises, Inc., West Valley Mortgage, Novastar Mortgage, Inc., Wilshire

8    Credit Corporation,  Bank of America, N.A., Bank of America Corporation, BAC

9    Home Loans Servicing, LP, and Bank of America Home Loans, MERS, and Quality

10   Loan Service – the RICO criminal enterprisal activities would not have succeeded.

11

12   50V.  Plaintiff alleges that said RICO § 1962(d) co-conspirators –  Lasalle

13   Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4

14   and La Salle Bank National Association, West Valley Enterprises, Inc., West Valley

15   Mortgage, Novastar Mortgage, Inc., Wilshire Credit Corporation,  Bank of America,

16   N.A., Bank of America Corporation, BAC Home Loans Servicing, LP, and Bank of

17   America Home Loans, MERS, and Quality Loan Service – mutually agreed to

18   participate in the alleged conduct in the facilitation and the furtherance of the

19   racketeering enterprises intended  to inflict injury upon  and/or damage the interests

20   of  plaintiff and similarly situated Washingtonians who hold such mortgages that

21   were subject to mortgage securitization, bundled, pooled, offered,  and sold in the

22   mortgage backed securities market.

23

24

25           participated in the talks.

26
             State and federal officials declined to say if any form of immunity from criminal
27           prosecution also is under discussion.  The banks involved in the talks are Bank of
             America, Wells Fargo, CitiGroup, JP Morgan and Ally Financial.
28

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

50W.  Plaintiff alleges that –  Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and La Salle Bank National Association, West Valley Enterprises, Inc., West Valley Mortgage, Novastar Mortgage, Inc., Wilshire Credit Corporation,  Bank of America, N.A., Bank of America Corporation, BAC Home Loans Servicing, LP, and Bank of America Home Loans, MERS, and Quality Loan Service – materially aided  and abetted  one another as alleged herein.

50X.  Plaintiff alleges that  Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and La Salle Bank National Association, as the creditor to whom mortgage payments are owed to by mortgagors, regularly and routinely instruct Quality Loan Service, the designated trustee on the deed of trust executed between the mortgagee and the mortgagor, to record a Notice of Default in the county where the mortgagor's real property interests are situated, after the mortgagor is determined to be in default.  Plaintiff alleges that  Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and La Salle Bank National Association, acting in concert with Quality Loan Service, instruct MERS to initiate non-judicial foreclosure proceedings upon the mortgagor's real property interests.

50Y.  Plaintiff alleges that   Lasalle Bank, N.A., as Trustee, Mortgage Loan Asset-Backed Certificates/Series 2006-HE4 and La Salle Bank National Association, and Quality Loan Service, knew, and had actual knowledge during all times material herein that, MERS lacked the statutory requisite capacity to serve as both "nominee" and "beneficiary" under the deed of trust, and knew that MERS's conduct as alleged herein contravened the Washington Deed of Trust Act.

///

///

**COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS**
69  **ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)**

1      50Z.  Plaintiff alleges that  Lasalle Bank, N.A., as Trustee, Mortgage Loan

2 Asset-Backed Certificates/Series 2006-HE4 and La Salle Bank National Association,

3 West Valley Enterprises, Inc., West Valley Mortgage, Novastar Mortgage, Inc.,

4 Wilshire Credit Corporation,  Bank of America, N.A., Bank of America Corporation,

5 BAC Home Loans Servicing, LP, and Bank of America Home Loans, MERS, and

6 Quality Loan Service engaged in the afore described activities with the intent and/or

7 purpose to initiate and prosecute  non-judicial  foreclosure proceedings  upon such

8 mortgagors to dispossess those mortgagors of their real property interests.

9      50AA.      Plaintiff alleges that Lasalle Bank, N.A., as Trustee, Mortgage

10 Loan Asset-Backed Certificates/Series 2006-HE4 and  La Salle Bank National

11 Association, West Valley Enterprises, Inc., West Valley Mortgage, Novastar

12 Mortgage, Inc., Wilshire Credit Corporation,  Bank of America, N.A., Bank of

13 America Corporation, BAC Home Loans Servicing, LP, and Bank of America Home

14 Loans, MERS, and Quality Loan Service engaged in such criminally felonious

15 conduct with the knowledge that such mortgagors were issued sub-prime mortgages

16 which were unsuitable, with knowledge that such mortgagors otherwise qualified for

17 conventional mortgages and were intentionally steered to subscribe to sub-prime

18 mortgages in order to facilitate and further the offer, promotion, and sale of mortgage

19 backed securities.

20      50BB.      Plaintiff alleges that Lasalle Bank, N.A., as Trustee, Mortgage

21 Loan Asset-Backed Certificates/Series 2006-HE4 and  La Salle Bank National

22 Association, West Valley Enterprises, Inc., West Valley Mortgage, Novastar

23 Mortgage, Inc., Wilshire Credit Corporation,  Bank of America, N.A., Bank of

24 America Corporation, BAC Home Loans Servicing, LP, and Bank of America Home

25 Loans, MERS, and Quality Loan Service engaged in felonious criminal activity that

26 contravened the Washington Consumer Protection Act ["CPA"][R.C.W. § 19.86.010

27 et.seq.].

28

**COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

1

*V.*

2

*RICO § 1961(4) ENTERPRISE ALLEGATIONS re: RICO § 1962©) CLAIM*

3

*FOR  RELIEF RE: [18  U.S.C. § 1961(4)]*

4

5        51.    Plaintiff  alleges  that RICO defendants and other persons acting with

6    RICO defendants unknown to plaintiffs, were employed  by and  associated with

7    others, and engaged  in  conduct that constitutes a RICO  §1961(5) pattern of

8    racketeering activity.  Plaintiff  further alleges that said RICO defendants were

9    knowledgeable and  aware  of the activities of the following   RICO §1961(4)

10   enterprises, and that said RICO defendants   facilitated and furthered the RICO

11   §1962(d) conspiracies alleged herein, for the purpose and objective of damaging

12   and/or injuring plaintiff's interests in their businesses  and/or properties.

13

14       52.    Plaintiff alleges that each of  the following configurations, for purposes

15   of plaintiffs'  RICO §1962©) claims for relief,  constitute   a RICO "enterprise," as

16   that term is  defined  pursuant to Title 18 United  States  Code  §1961(4) of the

17   Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

18   U.S.C. §1961(4)] and  within the  strictures of *Boyle v. United States,* 129  S. Ct.

19   2237 (2009)  and  *Odom   v. Microsoft Corp.,*  486  F.3d  541 (9th Cir. 2007)(en

20   banc):

21              A.         *RICO  Enterprise No. 1:* West Valley Enterprises, Inc.,

22                         and  West Valley Mortgage constitutes a RICO enterprise,

23                         organized and maintained by  and  through a consensual

24                         hierarchy of  partners,  managers,  directors,  officers,

25                         supervisors, agents, deputies, and/or  representatives that

26                         formulate  and  implement  policies  relative  to  the

27                         promoting,  soliciting,  advancing  and/or  otherwise

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
     *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   operating a business organization for the purpose of the

2   facilitating, furthering, and promoting mortgage lending

3   services, mortgage financing, mortgage consulting,

4   commercial financing services, and financial investment

5   planing and consulting, both domestically and

6   internationally, including, but not restricted to, the raising

7   of monetary funds by and through solicitation, employing

8   federal mails and/or federal interstate wires.  Plaintiff

9   alleges that RICO persons defendants, and other persons

10  unknown to plaintiffs, acting in concert therewith, are

11  employed by and associated  with said RICO enterprise

12  that is engaged in, or activities of which affect, federal

13  interstate and/or  foreign commerce, and that said  RICO

14  persons, and persons acting in concert therewith,  conduct

15  or participate, directly or indirectly, in the conduct of such

16  RICO enterprise's affairs through a RICO pattern of

17  racketeering activity.

18  B..          ***RICO Enterprise No .2:*** BAC Home Loans Servicing, LP,

19  Bank of America Corporation, Bank of America Home

20  Loans, and Bank of America, N.A*.,* constitutes a RICO

21  enterprise, organized and maintained by  and  through a

22  consensual  hierarchy of partners, managers, directors,

23  officers, supervisors, agents, deputies, and/or

24  representatives that formulate and implement policies

25  relative to the  promoting, soliciting, advancing and/or

26  otherwise operating a business organization for the purpose

27  of the facilitating, furthering, and promoting mortgage

28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

lending    services,   mortgage   servicing,    mortgage financing, mortgage consulting, commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising of monetary  funds by and through solicitation, employing federal mails and/or federal   interstate wires.   Plaintiff alleges that RICO persons   defendants,  and  other  persons  unknown  to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of   which   affect, federal interstate and/or foreign commerce,  and  that said   RICO persons,  and persons acting in concert therewith, conduct or participate, directly  or  indirectly,  in  the  conduct  of  such  RICO enterprise's affairs through a RICO pattern of racketeering activity.

C.    ***RICO Enterprise No .3:***   BAC Home Loans Servicing, LP, Bank of America Corporation, Bank of America Home Loans, Bank of America, N.A.***, and***

BAC Field Services Corp.

LandSafe Default, Inc.

LandSafe Services, LLC

LandSafe Title of California, Inc.

LandSafe Title of Washington, Inc.

LandSafe Title of Florida, Inc.

LandSafe Services of Alabama, Inc.

LandSafe Title of Texas, inc.

*COMPLAINT* <u>*RE*</u>*: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq]* <u>*RE*</u>*: RICO §1962(d)*

ReconTrust Company, N.A.

LandSafe Appraisal Services, Inc. constitutes a RICO enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors, officers,  supervisors,  agents,  deputies,  and/or representatives that formulate and implement policies relative to provide services required to protect a note holder's interest and rights in the property and under  the note and  security instrument,  including any remedies thereunder  ("Default  Related  Services"),     both domestically  and  internationally,  including,  employing federal mails and/or federal  interstate wires.  Plaintiff alleges that RICO  persons  defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or  foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO  enterprise's  affairs  through  a  RICO  pattern  of racketeering activity.

D.   ***RICO Enterprise No .4:***   MERS [Mortgage Electronic Registration Systems, Inc.] constitutes a RICO enterprise organized and maintained by  and  through a consensual hierarchy  of partners,  managers,  directors,  officers, supervisors,  agents,  deputies,  and/or    representatives formed in 1993 by the Mortgage Bankers Association,

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1  Fannie Mae, Freddie Mac, Ginnie Mae, the Federal
2  Housing Authority, and the Department of Veterans
3  Affairs.  MERS   provides a national electronic registry
4  that tracks the transfer of ownership interests and servicing
5  rights in mortgage loans.  MERS becomes the mortgage of
6  record for participating members through assignment, and
7  is listed as the grantee in county records.   MERS is
8  compensated for its services by fees charged to
9  participating MERS members.  The lender retains the note
10  and the servicing rights to the mortgage, and can sell these
11  interests without having to record the transaction in the
12  public record. MERS plays a   key, pivotal role in
13  permitting entities to securitize home loans. Plaintiff
14  alleges that RICO  persons  defendants, and other persons
15  unknown to plaintiff, acting in concert therewith, are
16  employed by and associated  with said RICO enterprise
17  that is engaged in, or activities of which affect, federal
18  interstate and/or  foreign commerce, and that said  RICO
19  persons, and persons acting in concert therewith,  conduct
20  or participate, directly or indirectly, in the conduct of such
21  RICO enterprise's affairs through a RICO pattern of
22  racketeering activity.

23  E.  ***RICO Enterprise No. 5:*** West Valley Enterprises, Inc.,
24  West Valley Mortgage, and Quality Loan Services,
25  constitutes a RICO  enterprise, organized and maintained
26  by  and  through a consensual  hierarchy of partners,
27  managers, directors, officers, supervisors, agents, deputies,

28

1  and/or  representatives that formulate and implement

2  policies relative to the  promoting, soliciting, advancing

3  and/or otherwise operating a business organization for the

4  purpose of the facilitating, furthering, and promoting

5  mortgage  lending services, mortgage  financing,

6  mortgage consulting, mortgage trustee services,

7  commercial financing services, and financial investment

8  planing  and  consulting, both  domestically  and

9  internationally, including, but not restricted to, the raising

10  of monetary funds by and through solicitation, employing

11  federal mails and/or federal  interstate wires.  Plaintiff

12  alleges that RICO  persons  defendants, and other persons

13  unknown to plaintiffs, acting in concert therewith, are

14  employed by and associated  with said RICO enterprise

15  that is engaged in, or activities of which affect, federal

16  interstate and/or  foreign commerce, and that said  RICO

17  persons, and persons acting in concert therewith,  conduct

18  or participate, directly or indirectly, in the conduct of such

19  RICO enterprise's affairs  through a RICO  pattern of

20  racketeering activity.

21  F.   ***RICO    Enterprise   No.  6:*** Novastar Mortgage, Inc.,

22  constitutes a RICO  enterprise, organized and maintained

23  by  and  through a consensual  hierarchy of partners,

24  managers, directors, officers, supervisors, agents, deputies,

25  and/or  representatives that formulate and implement

26  policies relative to the  promoting, soliciting, advancing

27  and/or otherwise operating a business organization for the

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

purpose of the facilitating, furthering, and promoting mortgage lending services, mortgage loan servicing, mortgage financing, mortgage consulting, commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires. Plaintiff alleges that RICO persons  defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

G.  ***RICO Enterprise No. 7:*** Wilshire Credit Corporation constitutes a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting mortgage lending services, mortgage loan servicing, mortgage financing, mortgage consulting, commercial financing services, and financial investment planing and

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

consulting, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires.  Plaintiff alleges that RICO persons defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

H.   ***RICO Enterprise No. 8:***  La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc., MLMI 2006-HE4 Pool 669, constitutes a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting the offer and sale of mortgage backed securities, mortgage lending services, mortgage loan servicing, mortgage financing, mortgage consulting, commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires. Plaintiff alleges that RICO persons defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

53.     Plaintiff alleges that in conducting the business and affairs of the RICO enterprises, and in committing the acts, omissions, misrepresentations, and breaches referred to herein between June, 2006, and continuing up through and including the initiation of these proceedings, RICO defendants engaged in a RICO pattern of racketeering activity in contravention of Title 18 United States Code §1962©) inasmuch as said defendant was employed by, or associated with, said RICO enterprises that are engaged in activities that affect federal interstate and/or foreign commerce, and conducted such multiple RICO enterprise affairs by and through a RICO pattern of racketeering activity.

///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

54.     Plaintiff alleges that in conducting the business and affairs of the RICO enterprises, and in committing the acts, omissions, misrepresentations, and breaches referred to herein between June, 2006,   and   continuing   up through and including the initiation of these proceedings, defendants' activities were consistently intended to tortiously interfere with both plaintiffs' existing contractual and business commercial relationships and prospective economic advantages.   Plaintiff alleges that defendants' use of the federal mails and the federal interstate wires in this regard was reasonably foreseeable, and, as such, constituted contraventions of Title 18 U.S.C. §§ 1341, 1343, and 1346.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*VI.*

*RICO §1961(5)*

*PATTERN OF RACKETEERING ACTIVITY ALLEGATIONS*

*[TITLE 18 U.S.C. § 1961(5)]*

    *A.*        *Commission of RICO §1961(1) (B) Racketeering Activity*

55.    Plaintiff alleges that defendants engaged in the above activities and/or conduct that constitutes the following form of "racketeering activity," as that term is defined pursuant to Title 18 United States Code §1961(1) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]. Plaintiff alleges that the forms of "racketeering activity" include, and are not restricted to, various formulations of conspiracy to aid and abet, and aiding and abetting a conspiracy:

        A.        Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b).

        B.        Federal Principal and Aider and Abettor Liability re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b).

        C.        Federal Principal and Aider and Abettor Liability re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

        D.        Federal Mail Fraud: Title 18 U.S.C.A. §1341.

        E.        Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341.

        F.        Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341.

        G.        Federal Mail Fraud re: Conspiracy to Aid and Abet:

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

Title 18 U.S.C.A. §1341.

H.   Federal Mail Fraud re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1341.

I.   Federal Wire Fraud: Title 18 U.S.C.A. §1343.

J.   Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343.

K.   Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343.

L.   Federal Wire Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343.

M.   Federal Wire Fraud re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1343.

N.   Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346.

O.   Federal Racketeering:Title 18 U.S.C.A. §1952.

P.   Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952.

Q.   Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952.

R.   Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952.

S.   Federal Racketeering re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §1952.

T.   Federal Money Laundering: Title 18 U.S.C.A. §1956.

U.   Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C.A. §1956.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

V.      Federal Money Laundering  re: Conspiracy to Aid
        and Abet: Title 18 U.S.C.A. §1956.

W.      Federal Money Laundering re: Aiding and Abetting
        a Conspiracy: Title 18 U.S.C.A. §1956

X.      Federal Money Laundering re: Conspiracy: Title 18
        U.S.C.A.  §1956(h).

Y.      Federal Money Laundering re: Aiding and Abetting
        a Conspiracy: Title 18 U.S.C.A. §1956(h).

Z.      Federal Money Laundering re: Conspiracy to Aid
        and Abet: Title 18 U.S.C.A. §1956(h).

AA.     Federal Criminally Derived  Property: Title 18
        U.S.C.A. §1957.

BB.     Federal Criminally Derived Property re: Aiding and
        Abetting: Title 18 U.S.C.A. §1957.

CC.     Federal Criminally Derived Property re: Conspiracy:
        Title 18 U.S.C.A. §1957.

DD.     Federal Criminally Derived Property re: Aiding and
        Abetting a Conspiracy: Title 18 U.S.C.A. §1957.

EE.     Federal Criminally Derived Property re: Conspiracy
        to Aid and Abet: Title 18 U.S.C.A. §1957.

FF.     Federal  Interstate  Transportation  of  Property
        Obtained by Fraud, False Pretense, and Conversion:
        Title 18 U.S.C.A. §2314.

GG.     Federal  Interstate  Transportation  of  Property
        Obtained by Fraud, False Pretense, and Conversion
        re: Aiding and Abetting: Title 18 U.S.C.A. §2314.

HH.     Federal  Interstate  Transportation  of  Property

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1        Obtained by Fraud, False Pretense, and Conversion

2        re: Conspiracy: Title 18 U.S.C.A. §2314.

3    II.    Federal Interstate Transportation of Property

4        Obtained by Fraud, False Pretense, and Conversion

5        re: Aiding and Abetting a Conspiracy: Title 18

6        U.S.C.A. §2314.

7    JJ.    Federal Interstate Transportation of Property

8        Obtained by Fraud, False Pretense, and Conversion

9        re: Conspiracy to Aid and Abet: Title 18 U.S.C.A.

10        §2314.

11    KK.    Federal Interstate Receipt of Transported Property

12        Obtained by Fraud, False Pretense, and Conversion:

13        Title 18 U.S.C.A. §2315.

14    LL.    Federal Interstate Receipt of Transported Property

15        Obtained by Fraud, False Pretense, and Conversion

16        re: Aiding and Abetting: Title 18 U.S.C.A. §2315.

17    MM.    Federal Interstate Receipt of Transported Property

18        Obtained by Fraud, False Pretense, and Conversion

19        re: Conspiracy: Title 18 U.S.C.A. §2315.

20    NN.    Federal Interstate Receipt of Transported Property

21        Obtained by Fraud, False Pretense, and Conversion

22        re: Aiding and Abetting a Conspiracy: Title 18

23        U.S.C.A. §2315.

24    OO.    Federal Interstate Receipt of Transported Property

25        Obtained by Fraud, False Pretense, and Conversion

26        re: Conspiracy to Aid and Abet: Title 18 U.S.C.A.

27        §2315.

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1

2

**B.**        ***Commission of   RICO   §1961(5) Pattern of Racketeering Activity***

3

4

***1.    Continuity and Relatedness***

5

6

56.    Plaintiff alleges  that above activities and/or conduct engaged  in by

7

RICO defendants  constitute  a "pattern of racketeering activity," as that term is

8

defined pursuant to Title 18 United States Code §1961(5) of the   Racketeer

9

Influenced and Corrupt  Organizations Act of 1970 ["RICO"].  Plaintiff alleges that

10

there exists similarly situated victims that obtained predatory mortgage loans from

11

West Valley Enterprises, Inc., and West Valley Mortgage, as alleged herein above,

12

that were subsequently serviced and administered by Novastar Mortgage, Wilshire

13

Credit Corporation, Bank of America, N.A., Bank of America Corporation, BAC

14

Home Loans Corporation, and BAC Home Loans Servicing, L.P.

15

16

57.    Plaintiff  further alleges  that  the activities and/or conduct engaged in

17

by said RICO defendants   was both  related  as to the ***modus*** ***operandi*** engaged   in

18

by said RICO defendant of depriving plaintiff of   plaintiff's  interests in business

19

and/or property, and was continuous inasmuch as the activities and/or conduct

20

engaged  in by  defendants exhibited a realistic, long term threat of continued future

21

injury to plaintiff's interest in plaintiff's  business and/or property. Plaintiff  further

22

alleges that said activities  and  conduct engaged in  by said defendants as  evidence

23

of  other crimes, wrongs,  or acts, pursuant  to FRE Rule 404(b)., specifically,

24

predatory mortgage lending practices.

25

///

26

///

27

////

28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

57A.  Plaintiff alleges  that the defendants knew that by promoting and offering the  mortgages  to  plaintiff, specifically, "no-doc" mortgage loans, and also to  similarly situated victims, that the _**interest**_ _**only**_ payments during the first five [5] years under the first mortgage [2006-2011], and similar payments under a  balloon payment  note  due under the second  mortgage, were in fact the result of engaging in predatory mortgage  lending practices.

57B.  Plaintiff alleges that defendants' conduct as alleged herein constituted specified unlawful activity as that term is defined pursuant to Title 18 United States Code  §  1956(c)(7))(A),  which  specifically  incorporates  any  act  of  activity constituting  an  offense  listed  in  RICO  18  U.S.C.  §  1961(1).,  and    therefore constitutes  federal money laundering under 18 U.S.C. §§ 1956(a)(1)(a), and 1957.

58.     Plaintiff is  entitled to recover compensatory damages, according to offer of proof at time of trial, including lost  profits.  Plaintiff is also  entitled to recover an award of exemplary and punitive damages where allowed.  Plaintiff is entitled to recover attorneys' fees, expenses, fees, surcharges, costs, and prejudgment interest.

**[REMAINDER OF PAGE LEFT BLANK  INTENTIONALLY]**

\* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \*

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*VIII.*

*MULTIPLE  CLAIMS  FOR   RELIEF*

*FIRST  CLAIM  FOR  RELIEF*

*[For Commission of  Primary Contravention of RICO Section 1962©) of the*

*Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962©)]*

*[Against All Defendants]*

59.   For    Plaintiff's First Claim for Relief, plaintiffs reallege    and incorporate  Paragraphs 1 through 58.

*[RICO Title 18 United States Code Section 1961(1)(B) Predicate Offense*

*Contraventions]*

Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

Federal Mail Fraud: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1341

Federal Wire Fraud: Title 18 U.S.C.A. §1343

Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343

2   Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343

3   Federal Wire  Fraud re: Aiding and Abetting a Conspiracy:

4   Title 18 U.S.C.A. §1343

5   Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346

6   Federal Racketeering :Title 18 U.S.C.A. §1952

7   Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952

8   Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952

9   Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952

10   Federal Racketeering re: Aiding and Abetting a Conspiracy:

11   Title 18 U.S.C.A. §1952

12   Federal Money Laundering: Title 18 U.S.C. §1956

13   Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956

14   Federal Money Laundering  re: Conspiracy to Aid and Abet:

15   Title 18 U.S.C.A. §1956

16   Federal Money Laundering re: Aiding and Abetting a Conspiracy:

17   Title 18 U.S.C.A. §1956

18   Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h)

19   Federal Money Laundering re: Aiding and Abetting a Conspiracy:

20   Title 18 U.S.C. §1956(h)

21   Federal Money Laundering re: Conspiracy to Aid and Abet:

22   Title 18 U.S.C. §1956(h)

23   Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

24   Federal Criminally Derived Property re: Aiding and Abetting:

25   Title 18 U.S.C. §1957

26   Federal Criminally Derived Property re: Conspiracy: Title 18 U.S.C. §1957

27   Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy:

28

88   **COMPLAINT _RE_: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] _RE_: RICO §1962(d)**

Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1957

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy to Aid and Abet:

Title 18 U.S.C.A. §2315

60.    Plaintiff alleges that defendants engaged in the aforementioned

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   activities, with the intent to harm  plaintiff's interest  in business and/or property.
2   Plaintiff alleges that the fraudulent activity engaged by  said defendants injured
3   plaintiffs' business and/or property in connection with their business activities that
4   affect federal interstate commerce, resulting in loss of plaintiff's  property interests,
5   business  opportunities, and  monies.

6

7   ***[RICO  Title  18  United States Code § 1961(5) Pattern of Racketeering Activity]***

8

9       61.    Plaintiff alleges that the afore described activities constitute conduct
10  engaged in by defendants  to deprive plaintiffs of their  interest in business and/or
11  property, by and through commission of federal mail fraud, federal wire fraud,
12  federal  racketeering, federal money laundering, and federal interstate transportation
13  and  receipt  of  property  obtained  by  fraud,  false  pretense,  and/or  conversion,
14  racketeering, and are therefore indictable as "racketeering activity," as that term is
15  defined  pursuant to Title 18 United States Code §1961(1)(B).

16

17      62.    Plaintiff alleges that the course of conduct engaged in by said
18  defendants constitute both continuity  and  relatedness of the racketeering activity,
19  thereby  constituting  a  "pattern  of  racketeering  activity,  as  that  term  is  defined
20  pursuant to Title 18 United States Code §1961(5).

21

22      63.    Plaintiff alleges that the aforementioned pattern of racketeering activity
23  committed  by  said  defendants  is  both  related  and  continuous  inasmuch  as  it  is
24  designed and/or intended to cause damage and/or injury to the interest in business
25  and/or property of plaintiff, and plaintiff  reasonably believes and apprehends that
26  such   conduct  shall  and  will  continue  prospectively  with  correlative  long   term
27  injury.

28

90

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[*RICO Section 1962©)  Enterprises*]**

64.    Plaintiff alleges that each of  the following configurations, for purposes of plaintiffs'  RICO §1962©) claims for relief,  constitute   a RICO "enterprise," as that term is  defined  pursuant to Title 18  United States  Code  §1961(4) of the Racketeer Influenced and Corrupt Organizations  Act of 1970 ["RICO"][Title 18 U.S.C. §1961(4)] and within the strictures of ***Boyle v. United States,*** 129  S. Ct. 2237 (2009) and    ***Odom    v.  Microsoft Corp.,*** 486 F.3d 541 (9th Cir. 2007)(en banc):

A.         ***RICO Enterprise No. 1:*** West Valley Enterprises, Inc., and West Valley Mortgage constitutes a RICO   enterprise, organized and maintained by  and  through a consensual hierarchy of  partners,  managers,  directors,  officers, supervisors, agents, deputies, and/or  representatives that formulate   and   implement   policies  relative  to  the promoting,    soliciting,    advancing    and/or    otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting mortgage lending services,   mortgage   financing,   mortgage   consulting, commercial financing services, and financial investment planing    and   consulting,   both   domestically   and internationally, including, but not restricted to, the raising of monetary  funds by and through solicitation, employing federal mails and/or federal  interstate wires.  Plaintiff alleges that RICO  persons  defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

1    interstate and/or  foreign commerce, and that said  RICO

2    persons, and persons acting in concert therewith,  conduct

3    or participate, directly or indirectly, in the conduct of such

4    RICO  enterprise's  affairs  through  a  RICO  pattern  of

5    racketeering activity.

6    B..       ***RICO Enterprise No .2:*** BAC Home Loans Servicing, LP,

7    Bank of America Corporation, Bank of America Home

8    Loans, and Bank of America, N.A*.,*  constitutes a RICO

9    enterprise, organized and maintained by  and  through a

10   consensual   hierarchy of partners, managers, directors,

11   officers,   supervisors,   agents,   deputies,   and/or

12   representatives  that  formulate  and  implement  policies

13   relative to the   promoting, soliciting, advancing and/or

14   otherwise operating a business organization for the purpose

15   of the facilitating, furthering, and promoting mortgage

16   lending    services, mortgage servicing,   mortgage

17   financing, mortgage consulting, commercial financing

18   services, and financial investment planing and consulting,

19   both domestically and internationally, including, but not

20   restricted to, the raising of monetary  funds by  and

21   through  solicitation, employing  federal  mails  and/or

22   federal   interstate wires.  Plaintiff alleges that RICO

23   persons   defendants,  and  other  persons  unknown  to

24   plaintiffs, acting in concert therewith, are employed by and

25   associated  with said RICO enterprise that is engaged in, or

26   activities of   which   affect, federal interstate and/or

27   foreign  commerce,  and  that  said   RICO  persons,  and

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
92   *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   persons acting in concert therewith, conduct or participate,
2   directly or indirectly, in the conduct of such RICO
3   enterprise's affairs through a RICO pattern of racketeering
4   activity.

5   C.   ***RICO Enterprise No .3:***   BAC Home Loans Servicing,
6   LP, Bank of America Corporation, Bank of America Home
7   Loans, Bank of America, N.A.***, and***

8   BAC Field Services Corp.

9   LandSafe Default, Inc.

10   LandSafe Services, LLC

11   LandSafe Title of California, Inc.

12   LandSafe Title of Washington, Inc.

13   LandSafe Title of Florida, Inc.

14   LandSafe Services of Alabama, Inc.

15   LandSafe Title of Texas, inc.

16   ReconTrust Company, N.A.

17   LandSafe Appraisal Services, Inc. constitutes a RICO
18   enterprise, organized and maintained by  and  through a
19   consensual  hierarchy of partners, managers, directors,
20   officers,   supervisors,   agents,   deputies,   and/or
21   representatives that formulate and implement policies
22   relative to provide services required to protect a note
23   holder's interest and rights in the property and under  the
24   note and security instrument, including any remedies
25   thereunder ("Default  Related  Services"),    both
26   domestically and internationally, including, employing
27   federal mails and/or federal  interstate wires.  Plaintiff

28

*COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)*

alleges that RICO persons defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

D.     ***RICO Enterprise No .4:***     MERS [Mortgage Electronic Registration Systems, Inc.] constitutes a RICO enterprise organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives formed in 1993 by the Mortgage Bankers Association, Fannie Mae, Freddie Mac, Ginnie Mae, the Federal Housing Authority, and the Department of Veterans Affairs. MERS provides a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. MERS becomes the mortgage of record for participating members through assignment, and is listed as the grantee in county records. MERS is compensated for its services by fees charged to participating MERS members. The lender retains the note and the servicing rights to the mortgage, and can sell these interests without having to record the transaction in the public record. MERS plays a key, pivotal role in permitting

entities to securitize home loans. Plaintiff alleges that RICO persons defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

E.   ***RICO Enterprise No. 5:*** West Valley Enterprises, Inc., West Valley Mortgage, and Quality Loan Services, constitutes a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting mortgage lending services, mortgage financing, mortgage consulting, mortgage trustee services, commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires. Plaintiff alleges that RICO persons defendants, and other persons unknown to plaintiffs, acting in concert therewith, are

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

1    employed by and associated  with said RICO enterprise
2    that is engaged in, or activities of which affect, federal
3    interstate and/or  foreign commerce, and that said  RICO
4    persons, and persons acting in concert therewith,  conduct
5    or participate, directly or indirectly, in the conduct of such
6    RICO enterprise's affairs through a RICO pattern of
7    racketeering activity.

8    `    F.    ***RICO    Enterprise  No.  6:*** Novastar Mortgage, Inc.,
9         constitutes a RICO  enterprise, organized and maintained
10        by   and   through a consensual  hierarchy of partners,
11        managers, directors, officers, supervisors, agents, deputies,
12        and/or   representatives that formulate and implement
13        policies relative to the  promoting, soliciting, advancing
14        and/or otherwise operating a business organization for the
15        purpose of the facilitating, furthering, and promoting
16        mortgage lending services, mortgage loan servicing,
17        mortgage  financing, mortgage consulting, commercial
18        financing services, and financial investment planing and
19        consulting,  both  domestically  and  internationally,
20        including, but not restricted to, the raising of monetary
21        funds by and through solicitation, employing federal mails
22        and/or federal interstate wires. Plaintiff alleges that RICO
23        persons   defendants,  and  other  persons  unknown  to
24        plaintiffs, acting in concert therewith, are employed by and
25        associated  with said RICO enterprise that is engaged in, or
26        activities of which affect, federal interstate and/or  foreign
27        commerce, and that said RICO persons, and persons acting

28

***COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

1     in concert therewith,  conduct or participate, directly or

2     indirectly, in the conduct of such RICO enterprise's affairs

3     through a RICO pattern of racketeering activity.

4     G.     ***RICO  Enterprise No. 7:*** Wilshire Credit Corporation

5            constitutes a RICO  enterprise, organized and maintained

6            by   and   through a consensual  hierarchy of partners,

7            managers, directors, officers, supervisors, agents, deputies,

8            and/or   representatives that formulate and implement

9            policies relative to the  promoting, soliciting, advancing

10           and/or otherwise operating a business organization for the

11           purpose of the facilitating, furthering,  and promoting

12           mortgage  lending  services,  mortgage loan servicing,

13           mortgage  financing, mortgage consulting, commercial

14           financing services, and financial investment planing and

15           consulting,  both   domestically   and   internationally,

16           including, but not restricted to, the raising of monetary

17           funds by and through solicitation, employing federal mails

18           and/or federal  interstate wires. Plaintiff alleges that RICO

19           persons    defendants,  and  other  persons  unknown  to

20           plaintiffs, acting in concert therewith, are employed by and

21           associated  with said RICO enterprise that is engaged in, or

22           activities of which affect, federal interstate and/or  foreign

23           commerce, and that said  RICO persons, and persons acting

24           in concert therewith,  conduct or participate, directly or

25           indirectly, in the conduct of such RICO enterprise's affairs

26           through a RICO pattern of racketeering activity.

27

28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

H.   ***RICO Enterprise No. 8:***   La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc., MLMI 2006-HE4 Pool 669, constitutes a RICO  enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies,  and/or   representatives  that  formulate  and implement policies relative to the  promoting, soliciting, advancing  and/or  otherwise  operating  a  business organization for the purpose of the facilitating, furthering, and  promoting  the  offer  and  sale  of  mortgage  backed securities,  mortgage  lending  services,  mortgage  loan servicing,  mortgage   financing,  mortgage  consulting, commercial financing services, and financial investment planing  and  consulting,  both  domestically  and internationally, including, but not restricted to, the raising of monetary  funds by and through solicitation, employing federal  mails  and/or  federal   interstate  wires.   Plaintiff alleges that RICO  persons  defendants, and other persons unknown  to  plaintiffs,  acting  in  concert  therewith,  are employed  by and associated  with said RICO enterprise that is  engaged  in,  or  activities  of  which  affect,  federal interstate  and/or   foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO  enterprise's  affairs  through  a  RICO  pattern  of racketeering activity.

**COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

1    65.    Plaintiff alleges that in conducting the business and affairs of the RICO

2    § 1961(4) enterprises, and in committing the acts, omissions, misrepresentations, and

3    breaches referred to herein between June, 2006,  and continuing up through and

4    including the initiation of these proceedings, RICO  defendants engaged in a

5    RICO pattern of racketeering activity in contravention of Title 18 United States Code

6    §1962©) inasmuch as said  RICO  defendants was employed by, or associated with,

7    said RICO enterprises that are engaged in activities that affect federal interstate

8    and/or  foreign commerce, and  conducted such RICO enterprise affairs by and

9    through a RICO  pattern of racketeering activity.

10

11    *[RICO Recovery]*

12

13    66.    Plaintiff is  entitled to recover, pursuant to Title 18 United  States Code

14    §1964©), treble damages in the amount to be determined by offer of proof at time of

15    trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation,

16    as well as damages arising from lost profits and/or lost business opportunities

17    attributable to the activities engaged in by defendants committed in furtherance of the

18    Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

19    U.S.C. §1961 et.seq.].

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

99    *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

*SECOND  CLAIM FOR  RELIEF*

2

*[For RICO Aiding and Abetting Primary Contravention of RICO Section*

3

*1962©) of  the Racketeer Influenced and Corrupt Organizations Act of 1970]*

4

*["RICO"][Title 18 United States Code §§ 2(a)-(b) and §1962©)]*

5

*[Against All Defendants]*

6

7

67.    For Plaintiff's  Second   Claim for Relief, plaintiff realleges  and

8

incorporate  Paragraphs 1 through 58, and each and every claim for relief asserted

9

pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970

10

["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

11

12

69.    Plaintiff alleges that the defendants  employed the  federal mails and/or

13

federal interstate wires,  as well as engaged in racketeering activity as alleged herein,

14

to aid and abet the primary RICO § 1962©) contraventions committed by defendants

15

as alleged herein above.

16

17

70.    Plaintiff alleges that defendants  were knowledgeable and  aware of the

18

commission of the primary RICO contraventions committed,  and  that said defendant

19

s substantially assisted   in   the commission  of  the  primary RICO contraventions

20

by defendants, thereby deriving a monetary  benefit as a result to the detriment of

21

plaintiffs.

22

///

23

///

24

///

25

///

26

///

27

///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

*[RICO Recovery]*

2

3        71.     Plaintiff is  entitled to recover, pursuant to Title 18 United States Code

4    §1964©), treble damages in the amount to be determined by offer of proof at time of

5    trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation,

6    as well as damages arising from lost profits and/or lost business opportunities

7    attributable to the activities engaged in by defendants committed in furtherance of the

8    Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

9    U.S.C. §1961 et.seq.].

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
     *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***THIRD  CLAIM  FOR  RELIEF***

***[For  Contravention  of  RICO Section 1962©) of the Racketeer Influenced
and Corrupt Organizations Act of 1970]***

***["RICO"]***

***[Title 18 United States Code §1962©)]***

***[Respondeat Superior\Derivative Liability]***

***[Against  Bank of America, N.A., BAC Home Loans Servicing, LP, Bank
America Home Loans,  Bank of America Corporation, Wilshire Credit
Corporation, Novastar Mortgage, West Valley Enterprises, Inc.,  and West
Valley Mortgage,  Only]***

72.    For  Plaintiff's   Third  Claim for Relief,  plaintiff realleges  and incorporates Paragraph 1 through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

***[RICO Respondeat Superior\ Derivative Liability Contentions]***

73.    Plaintiff alleges that during and at all times material herein various individuals and persons functioned and served in the capacities of  agent, employee, director,  designee,  officer,  co-managing  general  partner,  general  partner, representative, managing   member, co-managing member, member, and/or servant upon behalf  of Bank of America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans,  Bank of America Corporation, Wilshire Credit Corporation, Novastar Mortgage, Inc.,  West Valley Enterprises, Inc., and West Valley Mortgage engaged in the fraudulent and felonious conduct in such representative capacities, and that as a proximate result thereof, these corporate entities derived a benefit thereby, specifically, obtaining plaintiff's monies and business interests from plaintiff.

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

102

74.     Plaintiff alleges that West Valley Enterprises, Inc., and West Valley Mortgage, Wilshire Credit Corporation  Bank of America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and  Bank of America Corporation exercised    control,   management, and/or direction of the various persons and individuals relative  to  the  complained  of  fraudulent and felonious activities, with the intent to harm  plaintiff in plaintiff's    business and/or  property  interests. Plaintiff alleges that the fraudulent activities engaged in by West Valley Enterprises, Inc., and West Valley Mortgage, Wilshire Credit Corporation,  Novastar Mortgage, Inc.,  Bank of America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and Bank of America Corporation injured and/or damaged plaintiff's business activities and/or properties in connection with plaintiff's  business activities that affect federal commerce.

75.     Plaintiff alleges that the commission of the afore described extortionate, fraudulent, and criminally felonious activities  by said individuals  employed  by or associated with West Valley Enterprises, Inc., and West Valley Mortgage, Wilshire Credit Corporation, Novastar Mortgage, Inc.,   Bank of America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and Bank of America Corporation arose  within the course and scope of the employ and/or agency  with West Valley Enterprises, Inc., and West Valley Mortgage, Wilshire Credit Corporation, Bank of America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and Bank of America Corporation, and therefore West Valley Enterprises, Inc., and West Valley Mortgage, Novastar Mortgage, Inc.,  Wilshire Credit Corporation,   Bank of America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and Bank of America Corporation is vicariously and derivatively liable  for contravening RICO  Section 1962©).

///

75A.   Plaintiff further alleges that West Valley Enterprises, Inc., and West Valley Mortgage, Novastar Mortgage, Inc.,  Wilshire Credit Corporation, Bank of America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and Bank of America Corporation ratified, authorized, acquiesced, and/or consented to the wrongful conduct of certain persons and individuals that proximately caused the injuries sustained by plaintiff to plaintiff's interests in business and/or property.

### *[RICO Recovery]*

76.    Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. § 1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***FOURTH   CLAIM   FOR   RELIEF***

***[For RICO Aiding and Abetting a RICO Section 1962(d) Conspiracy***

***Contravention of RICO Section 1962©) of  the Racketeer Influenced and***

***Corrupt Organizations Act of 1970]***

***["RICO"]***

***[Title 18 United States Code §§ 2(a)-(b) and §§1962(c)-1962(d)]***

***[Against All Defendants]***

77.   For   Plaintiff's   Fourth Claim for Relief, plaintiff realleges   and incorporates  Paragraphs 1 through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

78.   Plaintiff alleges that defendants employed the  federal mails and/or federal interstate wires, as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962©) contraventions committed by defendants and other RICO persons unknown to plaintiffs as alleged herein above.

79.   Plaintiff alleges that the defendants  were knowledgeable and  aware of the   commission   of the primary RICO contraventions committed,   and   that defendants substantially assisted   in   the commission  of  the  primary RICO contraventions, thereby deriving a monetary  benefit as a result to the detriment of plaintiffs.

80.   Plaintiff alleges that defendants  aided and abetted a RICO Section 1962(d) conspiracy  between said defendants to  contravene RICO  Section 1962©) to injure and/or damage  Plaintiff  interests  in business and/or property.

***COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
105   ***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

1

2                                    *[RICO Recovery]*

3

4         81.    Plaintiff is  entitled to recover, pursuant to Title 18 United States Code

5    §1964©), treble damages in the amount to be determined by offer of proof at time of

6    trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation,

7    as  well  as  damages  arising  from  lost  profits  and/or  lost  business  opportunities

8    attributable to the activities engaged in by defendants committed in furtherance of the

9    Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970  ["RICO"][Title  18

10   U.S.C. §1961 et.seq.].

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
         *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*FIFTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962©) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962©)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

82.    For Plaintiff's   Fifth    Claim for Relief,   plaintiff realleges and incorporates  Paragraphs 1  through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

83.    Plaintiff alleges that commencing in June, 2006,  and during and at all times material herein thereafter, defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962©) contraventions, that the objective of that mutual agreement was to destroy Plaintiff interests in business and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///

///

///

///

84.   Plaintiff alleges that defendants employed the federal mails and/or federal interstate wires, as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962©) contraventions committed by defendants and other RICO persons unknown to plaintiff as alleged herein above.

85.   Plaintiff alleges that the defendants were knowledgeable and aware of the commission of the primary RICO contraventions committed, and that defendants substantially assisted in the commission of the primary RICO contraventions, thereby deriving a monetary benefit as a result to the detriment of plaintiffs.

86.   Plaintiff alleges that defendants aided and abetted a RICO Section 1962(d) conspiracy between said defendants to contravene RICO Section 1962©) to injure and/or damage Plaintiff interests in business and/or property.

87.   Plaintiff alleges that defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962©) contraventions committed by defendant inasmuch as:

> A.   Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;
>
> B.   Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962©);
>
> C.   Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962©);

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

D.       Defendants are     members    of the RICO §1962(d) conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

E.       The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

### [RICO Recovery]

88.    Plaintiff is  entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

*SIXTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962©) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] RE: RICO §1962(d) Conspiracy to Commit RICO Aiding and*

*Abetting*

*[Title 18 United States Code §1962©)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

89.    For Plaintiff's   Sixth  Claim  for   Relief,   plaintiff realleges and incorporates Paragraph 1  through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

90.    Plaintiff alleges that commencing in June, 2006, and during and at all times  material  herein  thereafter,  defendants  mutually  agreed  to  engage  in  the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962©) contraventions, that the objective of that mutual agreement was  to  destroy  plaintiff's  interests  in  business  and/or  property,  and  that  such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

110

91.    Plaintiff alleges that the defendants  employed the  federal mails and/or federal interstate wires,  as well as engaged in racketeering activity as alleged herein, to aid and abet the primary RICO § 1962©) contraventions committed by defendants as alleged herein above.

92.    Plaintiff alleges that defendants  were knowledgeable and  aware of the commission of the primary RICO contraventions committed,  and  that said defendant s substantially assisted   in   the commission  of  the  primary RICO contraventions by defendants, thereby deriving a monetary  benefit as a result to the detriment of plaintiffs.

93.    Plaintiff alleges that defendants are   conspiratorially liable under application of the *Pinkerton* Doctrine [*Pinkerton, v. United States*, 328 U.S. 640 (1946) and *Salinas, v. United States*, 522 U.S. 52 (1997)] for the substantive RICO Section 1962©) contraventions committed by defendants inasmuch as:

A.    Defendants  engaged in the fraudulent activities that constitute   the   RICO   §1961(5)   pattern   of racketeering activity;

B.    Defendants are  members of the RICO §1962(d) conspiracy designed and intended  to contravene RICO § 1962©);

C.    Defendants engaged in activities in furtherance of advancing  and  promoting  the  RICO  §1962(d) conspiracy designed and intended  to  contravene RICO § 1962©);

D.    Defendants are  members  of the RICO §1962(d) conspiracy  at  and  during  the  time  frame  the

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1  fraudulent activities were committed that constitute

2  the RICO §1961(5) pattern of racketeering activity;

3  and,

4        E.            The offense fell within the scope of the unlawful

5  agreement and could reasonably have been foreseen

6  to be a necessary or natural consequence of the

7  unlawful agreement.

8

9

10  ***[RICO Recovery]***

11

12  94.    Plaintiff is  entitled to recover, pursuant to Title 18 United States Code

13  §1964©), treble damages in the amount to be determined by offer of proof at time of

14  trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation,

15  as well as damages arising from lost profits and/or lost business opportunities

16  attributable to the activities engaged in by defendants committed in furtherance of the

17  Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

18  U.S.C. §1961 et.seq.].

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

*SEVENTH  CLAIM  FOR  RELIEF*

*[For Commission of  Primary Contravention of RICO Section 1962(a) of the*
*Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962(a)]*

*[Against All Defendants]*

95.    For Plaintiff's Seventh Claim for Relief, plaintiffs reallege   and incorporate  Paragraphs 1 through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*RICO Title 18 United States Code Section 1961(B) Predicate Offense*
*Contraventions re: Title 18 U.S.C. §§ 2, 1341, 1343, 1346, 1951, 1952, 1956,*
*1957, 2314, and 2315]*

Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b)

Federal Principal and Aider and Abettor Liability

re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

Federal Mail Fraud: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341

Federal Mail Fraud re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1341

Federal Wire Fraud: Title 18 U.S.C.A. §1343

Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343

2   Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343

3   Federal Wire  Fraud re: Aiding and Abetting a Conspiracy:

4   Title 18 U.S.C.A. §1343

5   Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346

6   Federal Racketeering :Title 18 U.S.C.A. §1952

7   Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952

8   Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952

9   Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952

10   Federal Racketeering re: Aiding and Abetting a Conspiracy:

11   Title 18 U.S.C.A. §1952

12   Federal Money Laundering: Title 18 U.S.C. §1956

13   Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956

14   Federal Money Laundering  re: Conspiracy to Aid and Abet:

15   Title 18 U.S.C.A. §1956

16   Federal Money Laundering re: Aiding and Abetting a Conspiracy:

17   Title 18 U.S.C.A. §1956

18   Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h)

19   Federal Money Laundering re: Aiding and Abetting a Conspiracy:

20   Title 18 U.S.C. §1956(h)

21   Federal Money Laundering re: Conspiracy to Aid and Abet:

22   Title 18 U.S.C. §1956(h)

23   Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

24   Federal Criminally Derived Property re: Aiding and Abetting:

25   Title 18 U.S.C. §1957

26   Federal Criminally Derived Property re: Conspiracy: Title 18 U.S.C. §1957

27   Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy:

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1957

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314

Federal Interstate Transportation of Property Obtained by Fraud, False Pretense, and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy: Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §2315

Federal Interstate Receipt of Transported Property Obtained by Fraud, False Pretense, and Conversion  re: Conspiracy to Aid and Abet:

Title 18 U.S.C.A. §2315

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

96.     Plaintiff alleges that defendants engaged in the aforementioned activities, with the intent to harm plaintiff's interest  in business and/or property. Plaintiff alleges that the fraudulent activity engaged by  defendants injured Plaintiff business and/or property in connection with their business activities that affect federal interstate commerce, resulting in loss of plaintiff's    property interests, business opportunities, and monies.

**[RICO  Title  18  United States Code § 1961(5) Pattern of Racketeering Activity]**

97.     Plaintiff alleges that the afore described activities constitute conduct engaged in by defendants  to  deprive plaintiffs of their  interest in business and/or property, by and through commission of federal mail fraud, federal wire fraud, federal money laundering, federal  interstate  transportation and receipt of property obtained by fraud, false pretense, and/or conversion,  and  federal racketeering, and are therefore indictable as "racketeering activity," as that term is defined  pursuant to Title 18 United  States  Code §1961(1)(B).

98.     Plaintiff alleges that the course  of  conduct engaged in by said defendants constitute both continuity  and  relatedness of the racketeering activity, thereby constituting a "pattern of racketeering activity, as that term is defined pursuant to Title 18 United State Code §1961(5).

99.     Plaintiff alleges that the afore described  pattern of racketeering activity committed by defendants is both related and  continuous  inasmuch as  it is designed and/or intended to  cause  damage and/or injury to the interest in business and/or property  of  plaintiffs,  and  plaintiffs  reasonably believe and apprehend that  such conduct shall and will continue prospectively with correlative long  term  injury.

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*[RICO Section 1962(a) Enterprises and*

*RICO Section 1962(a) Enterprise Investment Injury]*

100.   Plaintiffs  allege  that defendants were  employed  by and  associated with others, and engaged  in  conduct that constitutes a RICO §1961(5) pattern of racketeering activity.  Plaintiff further alleges that defendants  were  knowledgeable and  aware  of  the  activities  of  these  RICO  enterprises,  and    that   defendants facilitated  and   furthered the RICO §1962(d) conspiracies alleged herein, for the purpose  and  objective  of  damaging  and/or  injuring  Plaintiff  interests  in  their businesses and/or properties.

101.   Plaintiff alleges that each of  the following configurations  constitute a RICO "enterprise," as that term is defined pursuant to Title 18 United States Code §1961(4) of the Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970 ["RICO"][Title 18 U.S.C. §1961(4)] and within the strictures of **Boyle v. United States,** 129  S. Ct. 2237 (2009) and   **Odom   v. Microsoft Corp.,** 486 F.3d 541 (9th Cir. 2007)(en banc):

A.         ***RICO Enterprise No. 1:*** West Valley Enterprises, Inc., and West Valley Mortgage constitutes a RICO  enterprise, organized and maintained by  and  through a consensual hierarchy  of  partners,  managers,  directors,  officers, supervisors, agents, deputies, and/or  representatives that formulate  and  implement  policies  relative  to  the promoting,  soliciting,  advancing  and/or  otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting mortgage lending services,  mortgage  financing,  mortgage  consulting,

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires.  Plaintiff alleges that RICO persons defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or  foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

B.. **RICO Enterprise No .2:** BAC Home Loans Servicing, LP, Bank of America Corporation, Bank of America Home Loans, and Bank of America, N.A.*,* constitutes a RICO enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors, officers,  supervisors,  agents,  deputies,  and/or representatives that formulate and implement policies relative to the  promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting mortgage lending     services,  mortgage  servicing,     mortgage financing, mortgage consulting, commercial financing services, and financial investment planing and consulting,

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   both domestically and internationally, including, but not
2   restricted to, the raising of monetary funds by and
3   through solicitation, employing federal mails and/or
4   federal interstate wires. Plaintiff alleges that RICO
5   persons defendants, and other persons unknown to
6   plaintiffs, acting in concert therewith, are employed by and
7   associated with said RICO enterprise that is engaged in, or
8   activities of which affect, federal interstate and/or
9   foreign commerce, and that said RICO persons, and
10  persons acting in concert therewith, conduct or participate,
11  directly or indirectly, in the conduct of such RICO
12  enterprise's affairs through a RICO pattern of racketeering
13  activity.

14  C.   ***RICO Enterprise No .3:***   BAC Home Loans Servicing,
15       LP, Bank of America Corporation, Bank of America Home
16       Loans, Bank of America, N.A.***, and***
17       BAC Field Services Corp.
18       LandSafe Default, Inc.
19       LandSafe Services, LLC
20       LandSafe Title of California, Inc.
21       LandSafe Title of Washington, Inc.
22       LandSafe Title of Florida, Inc.
23       LandSafe Services of Alabama, Inc.
24       LandSafe Title of Texas, inc.
25       ReconTrust Company, N.A.
26       LandSafe Appraisal Services, Inc. constitutes a RICO
27       enterprise, organized and maintained by and through a

28

*COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
119   *ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)*

consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to provide services required to protect a note holder's interest and rights in the property and under  the note and security instrument, including any remedies thereunder ("Default Related Services"),   both domestically and internationally, including, employing federal mails and/or federal  interstate wires.  Plaintiff alleges that RICO  persons  defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or  foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs  through a RICO pattern of racketeering activity.

D.   ***RICO Enterprise No .4:***   MERS [Mortgage Electronic Registration Systems, Inc.] constitutes a RICO enterprise organized and maintained by  and  through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or   representatives formed in 1993 by the Mortgage Bankers Association, Fannie Mae, Freddie Mac, Ginnie Mae, the Federal Housing Authority, and the Department of Veterans Affairs.  MERS   provides a national electronic registry

that tracks the transfer of ownership interests and servicing rights in mortgage loans.  MERS becomes the mortgage of record for participating members through assignment, and is listed as the grantee in county records.   MERS is compensated for its services by fees charged to participating MERS members.  The lender retains the note and the servicing rights to the mortgage, and can sell these interests without having to record the transaction in the public record. MERS plays a key, pivotal role in permitting entities to securitize home loans. Plaintiff alleges that RICO persons defendants, and other persons unknown to plaintiff, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

E.   ***RICO Enterprise No. 5:*** West Valley Enterprises, Inc., West Valley Mortgage, and Quality Loan Services, constitutes a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the  promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

mortgage lending services, mortgage financing, mortgage consulting, mortgage trustee services, commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires. Plaintiff alleges that RICO persons defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

F. ***RICO Enterprise No. 6:*** Novastar Mortgage, Inc., constitutes a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting mortgage lending services, mortgage loan servicing, mortgage financing, mortgage consulting, commercial financing services, and financial investment planing and

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1    consulting, both domestically and internationally,

2    including, but not restricted to, the raising of monetary

3    funds by and through solicitation, employing federal mails

4    and/or federal interstate wires. Plaintiff alleges that RICO

5    persons   defendants, and other persons unknown to

6    plaintiffs, acting in concert therewith, are employed by and

7    associated with said RICO enterprise that is engaged in, or

8    activities of which affect, federal interstate and/or foreign

9    commerce, and that said RICO persons, and persons acting

10   in concert therewith, conduct or participate, directly or

11   indirectly, in the conduct of such RICO enterprise's affairs

12   through a RICO pattern of racketeering activity.

13   G.   **RICO Enterprise No. 7:** Wilshire Credit Corporation

14        constitutes a RICO enterprise, organized and maintained

15        by and through a consensual hierarchy of partners,

16        managers, directors, officers, supervisors, agents, deputies,

17        and/or representatives that formulate and implement

18        policies relative to the promoting, soliciting, advancing

19        and/or otherwise operating a business organization for the

20        purpose of the facilitating, furthering, and promoting

21        mortgage lending services, mortgage loan servicing,

22        mortgage financing, mortgage consulting, commercial

23        financing services, and financial investment planing and

24        consulting, both domestically and internationally,

25        including, but not restricted to, the raising of monetary

26        funds by and through solicitation, employing federal mails

27        and/or federal interstate wires. Plaintiff alleges that RICO

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
123   *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   persons   defendants,  and  other  persons  unknown  to

2   plaintiffs, acting in concert therewith, are employed by and

3   associated  with said RICO enterprise that is engaged in, or

4   activities of which affect, federal interstate and/or  foreign

5   commerce, and that said  RICO persons, and persons acting

6   in  concert  therewith,   conduct  or  participate,  directly  or

7   indirectly, in the conduct of such RICO enterprise's affairs

8   through a RICO pattern of racketeering activity.

9        H.    ***RICO  Enterprise  No.  8:***  La Salle Bank, N.A., Trustee,

10   Merrill Lynch Mortgage Investors, Inc., MLMI 2006-HE4

11   Pool 669, constitutes a RICO  enterprise, organized and

12   maintained by  and  through a consensual  hierarchy of

13   partners, managers, directors, officers, supervisors, agents,

14   deputies,  and/or   representatives  that  formulate  and

15   implement policies relative to the  promoting, soliciting,

16   advancing  and/or  otherwise  operating  a  business

17   organization for the purpose of the facilitating, furthering,

18   and  promoting  the  offer  and  sale  of  mortgage  backed

19   securities,  mortgage  lending  services,  mortgage  loan

20   servicing,  mortgage   financing,  mortgage  consulting,

21   commercial financing services, and financial investment

22   planing   and   consulting,   both   domestically   and

23   internationally, including, but not restricted to, the raising

24   of monetary  funds by and through solicitation, employing

25   federal mails and/or federal  interstate wires.  Plaintiff

26   alleges that RICO  persons  defendants, and other persons

27   unknown  to  plaintiffs,  acting  in  concert  therewith,  are

28

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS***
***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

employed by and associated  with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or  foreign commerce, and that said  RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs  through a  RICO  pattern of racketeering activity.

102.   Plaintiff alleges that in committing the acts, omissions, conduct, misrepresentations, and breaches referred to herein  between June, 2006,  and continuing up through and including the initiation of these proceedings, defendants engaged in a RICO  §1961(5)  pattern of racketeering activity in contravention of Title 18 United States Code §1962(a).

103.   Plaintiff further alleges defendants engaged in a RICO  §1961(5) pattern of racketeering activity, receiving proceeds and/or income derived therefrom, and investing Plaintiff monetary funds and/or  monetary proceeds  and/or  income to   acquire, maintain, operate, and/or establish,  directly and/or indirectly, of the RICO § 1961(4) enterprises identified herein above, and that  said RICO enterprises are engaged in  activities  that affect federal interstate and/or foreign commerce.

104.   Plaintiff alleges that plaintiff sustained injuries to plaintiff's interests in  business and/or property as a direct  and  proximate cause of RICO defendants' investment  of income  and/or  proceeds  to  the  afore mentioned  RICO  §1961(4) enterprises, constituting  RICO enterprise investment injuries as follows:

★    Destruction  of      plaintiff's  heretofore  stellar,  pristine, unblemished credit worthiness as a direct and  proximate  result

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

of placing plaintiff with unsuitable mortgage financing

★    Plaintiff incurring costs and expenses attributable to plaintiff being placed with unsuitable mortgage financing

★    Plaintiff deprived of home equity within the residential property as a direct and proximate result and cause of placing plaintiff with unsuitable mortgage financing.

### *[RICO Recovery]*

105.   Plaintiff is  entitled to recover, pursuant to Title 18 United States  Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

2

3

4

5

6

7

### EIGHTH  CLAIM FOR  RELIEF

*[For RICO Aiding and Abetting Primary Contravention of RICO Section 1962(a) of  the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§ 2(a)-(b) and §1962(a)]*

*[Against All Defendants]*

8   106.   For  Plaintiff's Eighth  Claim for Relief, plaintiff realleges  and

9   incorporates  Paragraphs 1 through 58, and each and every claim for relief asserted

10   pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970

11   ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

12

13   107.   Plaintiff alleges that defendants  employed the  federal mails and/or

14   federal interstate wires,  as well as engaged in racketeering activity as alleged herein,

15   to aid and abet   the    primary   RICO § 1962(a) contraventions committed by

16   defendants, and other RICO persons unknown to plaintiffs,  as alleged herein above.

17

18   108.   Plaintiff alleges that the defendants  was aware of the commission

19   of the primary RICO contraventions committed,  and that  defendants  substantially

20   assisted  in  the commission  of  the  primary RICO contraventions by defendants,

21   thereby deriving a monetary  benefit as a result to the detriment of plaintiffs.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

1

*[RICO Recovery]*

2

3        109.   Plaintiff is   entitled to recover, pursuant to Title 18 United

4   States  Code §1964©), treble damages in the amount to be determined by offer of

5   proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of

6   this litigation, as well as damages arising from lost profits and/or lost business

7   opportunities attributable to the activities engaged in by defendants committed in

8   furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9   ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
     *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

*NINTH  CLAIM  FOR  RELIEF*

2

*[For  Contravention  of  RICO Section 1962(a) of the Racketeer Influenced*

3

*and Corrupt Organizations Act of 1970]*

4

*["RICO"]*

5

*[Title 18 United States Code §1962(a)]*

6

*[Respondeat Superior\Derivative Liability]*

7

*[Against  Bank of America, N.A., BAC Home Loans Servicing, LP, Bank*

8

*America Home Loans,  Bank of America Corporation, Novastar Mortgage, Inc.,*

9

*West Valley Enterprises, Inc., and West Valley Mortgage,  Only]*

10

11

110.  For    Plaintiff    Ninth  Claim  for  Relief,   plaintiff realleges   and

12

incorporates  Paragraph 1 through 58, and each and every claim for relief asserted

13

pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970

14

["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

15

16

*[RICO Respondeat Superior\ Derivative Liability Contentions]*

17

111.  Plaintiff alleges that during and at all times material herein various

18

individuals and persons functioned and served in the capacities of  agent, employee,

19

director,  designee,  officer,  co-managing  general  partner,  general  partner,

20

representative, managing   member, co-managing member, member, and/or servant

21

upon behalf  of Bank of  America, N.A., BAC Home Loans Servicing, LP, Bank

22

America Home Loans,  Bank of America Corporation, Wilshire Credit Corporation,

23

Novastar Mortgage, Inc.,   West Valley Enterprises, Inc., and West Valley Mortgage

24

engaged in the fraudulent and felonious conduct in such representative capacities, and

25

that as a proximate result thereof, these corporate entities derived a benefit thereby,

26

specifically, obtaining plaintiff's monies and business interests from plaintiff.

27

///

28

1    112.   Plaintiff alleges that West Valley Enterprises, Inc., and West Valley

2    Mortgage, Wilshire Credit Corporation,  Novastar Mortgage, Inc.,     Bank of

3    America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and

4    Bank of America Corporation exercised  control,  management, and/or direction of

5    the various persons and individuals relative to  the  complained  of  fraudulent and

6    felonious activities, with the intent to harm  plaintiff in plaintiff's   business and/or

7    property  interests.  Plaintiff alleges that the fraudulent activities engaged in by West

8    Valley Enterprises, Inc., and West Valley Mortgage, Wilshire Credit Corporation,

9    Novastar Mortgage, Inc.,   Bank of America, N.A., BAC Home Loans Servicing, LP,

10   Bank America Home Loans, and Bank of America Corporation injured and/or

11   damaged plaintiff's   business   activities and/or properties in connection with

12   plaintiff's  business activities that affect federal commerce.

13

14   113.   Plaintiff alleges that the commission of the afore described extortionate,

15   fraudulent, and criminally felonious activities  by said individuals  employed  by  or

16   associated with West Valley Enterprises, Inc., and West Valley Mortgage, Wilshire

17   Credit Corporation,  Novastar Mortgage, Inc.,  Bank of America, N.A., BAC Home

18   Loans Servicing, LP, Bank America Home Loans, and Bank of America Corporation

19   arose  within the course and scope of the employ and/or agency  with West Valley

20   Enterprises, Inc., and West Valley Mortgage, Wilshire Credit Corporation, Bank of

21   America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and

22   Bank of America Corporation,  and  therefore West Valley Enterprises, Inc., and West

23   Valley Mortgage, Wilshire Credit Corporation,  Novastar Mortgage, Inc.,   Bank of

24   America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and

25   Bank of America Corporation is vicariously and derivatively liable  for contravening

26   RICO  Section 1962©).

27   ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
130   *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1    113A.        Plaintiff further alleges that West Valley Enterprises, Inc., and

2    West Valley Mortgage, Wilshire Credit Corporation, Novastar Mortgage, Inc.,  Bank

3    of America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and

4    Bank of America Corporation ratified, authorized, acquiesced, and/or consented to

5    the wrongful conduct of certain persons and individuals that  proximately  caused  the

6    injuries sustained by plaintiff to plaintiff's  interests in business and/or property.

7

8                              *[RICO Recovery]*

9

10    114.   Plaintiff is  entitled  to recover, pursuant to Title 18 United States Code

11    §1964©), treble damages in the amount to be determined by offer of proof at time of

12    trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation,

13    as well as damages arising from lost profits and/or lost business opportunities

14    attributable to the activities engaged in by defendants committed in furtherance of the

15    Racketeer Influenced and Corrupt  Organizations  Act of 1970 ["RICO"][Title 18

16    U.S.C. §1961 et.seq.].

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

131   *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
      *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

*TENTH   CLAIM   FOR   RELIEF*

2

*[For RICO Aiding and Abetting a RICO Section 1962(d) Conspiracy*

3

*Contravention of RICO Section 1962(a) of the Racketeer Influenced and*

4

*Corrupt Organizations Act of 1970]*

5

*["RICO"]*

6

*[Title 18 United States Code §§ 2(a)-(b) and §§1962(a)-1962(d)]*

7

*[Against All Defendants]*

8

9      115.   For  Plaintiff's  Tenth Claim for Relief, plaintiff realleges  and

10   incorporates  Paragraphs 1 through 58, and each and every claim for relief asserted

11   pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970

12   ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

13

14      116.   Plaintiff alleges that RICO defendants  employed the  federal

15   mails and/or  federal  interstate wires,  as well as engaged in racketeering activity as

16   alleged herein, to aid and abet the primary RICO § 1962(a) contraventions committed

17   by defendants and other RICO persons unknown to plaintiffs as alleged herein above.

18

19      117.   Plaintiff alleges that the defendants  were knowledgeable and

20   aware  of the  commission  of the primary RICO contraventions committed,  and  that

21   defendants substantially assisted    in    the commission  of  the  primary  RICO

22   contraventions, thereby deriving a monetary  benefit as a result to the detriment of

23   plaintiffs.

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

118.   Plaintiff alleges  that RICO defendants  aided  and  abetted  a RICO  Section 1962(d) conspiracy  between said RICO defendants  to  contravene RICO  Section  1962(a) to injure and/or damage  Plaintiff  interests  in business and/or property.

*[RICO Recovery]*

119.   Plaintiff is   entitled to recover, pursuant to Title 18 United States  Code §1964©), treble damages in the amount to be determined by offer of proof of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this  litigation, as  well  as  damages  arising  from  lost  profits  and/or  lost  business opportunities attributable to the activities engaged in by defendants committed in furtherance  of  the  Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

2

*ELEVENTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(a) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962(a)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997)Conspiratorial Liability]*

*[Against All Defendants]*

120.   For  Plaintiff's  Eleventh Claim for Relief, plaintiff realleges  and incorporates   Paragraphs 1 through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

121.   Plaintiff alleges that commencing in June, 2006, and during and at all times  material  herein  thereafter,  defendants  mutually  agreed  to  engage  in  the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(a) contraventions, that the objective of that mutual agreement was  to  destroy  Plaintiff  interests  in  business  and/or  property,  and  that  such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///

///

///

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

122.   Plaintiff alleges that defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962(a) contraventions committed by defendant inasmuch as:

A.   Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

B.   Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(a);

C.   Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(a);

D.   Defendants are members of the RICO §1962(d) conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

E.   The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

* * *

* * *

* * *

* * *

* * *

* * *

* * *

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1

*[RICO Recovery]*

2

3      123.   Plaintiff is  entitled to recover, pursuant to Title 18 United

4  States  Code §1964©), treble damages in the amount to be determined by offer of

5  proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs

6  of this litigation, as well as damages arising from lost profits and/or lost business

7  opportunities attributable to the activities engaged in by defendants committed in

8  furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9  ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*TWELFTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(a) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] <u>RE</u>: RICO Aiding and Abetting*

*[Title 18 United States Code §1962(a)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

124.   For Plaintiff's  Twelfth Claim  for  Relief,  plaintiff realleges and incorporates  Paragraphs 1  through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

125.   Plaintiff alleges that commencing in June, 2006, and during and at all times material herein thereafter,  defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO  Section  1962(a) contraventions, that the objective of that mutual agreement was to destroy Plaintiff interests in  business and/or property,  and  that  such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///

///

///

1    126.   Plaintiff alleges that defendants employed the  federal mails and/or

2    federal interstate wires, as well as engaged in racketeering activity as alleged herein,

3    to aid and abet the primary RICO § 1962©) contraventions committed by defendants

4    and other RICO persons unknown to plaintiffs as alleged herein above.

5

6    127.   Plaintiff alleges that the defendants were knowledgeable and aware of

7    the  commission  of the primary RICO contraventions committed,  and  that

8    defendants substantially assisted  in  the commission of the primary RICO

9    contraventions, thereby deriving a monetary benefit as a result to the detriment of

10   plaintiffs.

11

12   128.   Plaintiffs allege that defendants aided and abetted a RICO

13   Section 1962(d) conspiracy between said defendants to contravene RICO Section

14   1962(a) to injure and/or damage Plaintiff interests in business and/or property.

15

16   129.   Plaintiff alleges that defendants are  conspiratorially liable under

17   application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640

18   (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO

19   Section 1962(a) contraventions committed by defendants inasmuch as:

20                    A.    Defendants  engaged in the fraudulent activities that

21                          constitute the RICO §1961(5) pattern of racketeering

22                          activity;

23                    B.    Defendants are members of the RICO §1962(d) conspiracy

24                          designed and intended to contravene RICO § 1962(a);

25                    C.    Defendants engaged in activities in furtherance of

26                          advancing and promoting the RICO §1962(d) conspiracy

27                          designed and intended to  contravene RICO § 1962(a);

28

D.     Defendants are members of the RICO §1962(d) conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

E.     The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

### [RICO Recovery]

130.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///

///

///

///

///

///

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1

*THIRTEENTH  CLAIM  FOR  RELIEF*

2

*[For Commission of  Primary Contravention of RICO Section 1962(b) of the*

3

*Racketeer Influenced and Corrupt Organizations Act of 1970]*

4

*["RICO"]*

5

*[Title 18 United States Code §1962(b)]*

6

*[Against All Defendants]*

7

8

131.   For Plaintiff's  Thirteenth Claim for Relief, plaintiff realleges and

9

incorporates  Paragraphs 1 through 58, and each and every claim for relief asserted

10

pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970

11

["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

12

13

*[RICO Title 18 United States Code Sections 1961(1)(B) Predicate Offense*

14

*Contraventions]*

15

Federal Principal and Aider and Abettor Liability: Title 18 U.S.C.A. §2(a)-(b)

16

Federal Principal and Aider and Abettor Liability

17

re: Aiding and Abetting A Conspiracy: Title 18 U.S.C.A. §2(a)-(b)

18

Federal Principal and Aider and Abettor Liability

19

re: Conspiracy to Commit Aiding and Abetting: Title 18 U.S.C.A. §2(a)-(b)

20

Federal Mail Fraud: Title 18 U.S.C.A. §1341

21

Federal Mail Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1341

22

Federal Mail Fraud re: Conspiracy: Title 18 U.S.C.A. §1341

23

Federal Mail Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1341

24

Federal Mail Fraud re: Aiding and Abetting a Conspiracy:

25

Title 18 U.S.C.A. §1341

26

Federal Wire Fraud: Title 18 U.S.C.A. §1343

27

Federal Wire Fraud re: Aiding and Abetting: Title 18 U.S.C.A. §1343

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

140

Federal Wire Fraud re: Conspiracy: Title 18 U.S.C.A. §1343

Federal Wire  Fraud re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1343

Federal Wire  Fraud re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1343

Federal Intangible Personal Property Right Deprivation: Title 18 U.S.C.A. §1346

Federal Racketeering :Title 18 U.S.C.A. §1952

Federal Racketeering re: Aiding and Abetting: Title 18 U.S.C.A. §1952

Federal Racketeering re: Conspiracy: Title 18 U.S.C.A. §1952

Federal Racketeering re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §1952

Federal Racketeering re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1952

Federal Money Laundering: Title 18 U.S.C. §1956

Federal Money Laundering re: Aiding and Abetting: Title 18 U.S.C. §1956

Federal Money Laundering  re: Conspiracy to Aid and Abet:

Title 18 U.S.C.A. §1956

Federal Money Laundering re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C.A. §1956

Federal Money Laundering re: Conspiracy: Title 18 U.S.C. §1956(h)

Federal Money Laundering re: Aiding and Abetting a Conspiracy:

Title 18 U.S.C. §1956(h)

Federal Money Laundering re: Conspiracy to Aid and Abet:

Title 18 U.S.C. §1956(h)

Federal Criminally Derived  Property: Title 18 U.S.C. §1957.

Federal Criminally Derived Property re: Aiding and Abetting:

Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Conspiracy: Title 18 U.S.C. §1957

Federal Criminally Derived Property re: Aiding and Abetting a Conspiracy:

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1                Title 18 U.S.C. §1957

2     Federal Criminally Derived Property re: Conspiracy to Aid and Abet:

3                Title 18 U.S.C. §1957

4 Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

5          and Conversion: Title 18 U.S.C.A. §2314

6 Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

7     and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2314

8 Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

9        and Conversion re: Conspiracy: Title 18 U.S.C.A. §2314

10 Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

11   and Conversion re: Aiding and Abetting a Conspiracy: Title 18 U.S.C.A. §2314

12 Federal Interstate Transportation of Property Obtained by Fraud, False Pretense,

13     and Conversion re: Conspiracy to Aid and Abet: Title 18 U.S.C.A. §2314

14    Federal Interstate Receipt of Transported Property Obtained by Fraud, False

15        Pretense, and Conversion: Title 18 U.S.C.A. §2315

16    Federal Interstate Receipt of Transported Property Obtained by Fraud, False

17    Pretense, and Conversion re: Aiding and Abetting: Title 18 U.S.C.A. §2315

18    Federal Interstate Receipt of Transported Property Obtained by Fraud, False

19     Pretense, and Conversion  re: Conspiracy: Title 18 U.S.C.A. §2315

20    Federal Interstate Receipt of Transported Property Obtained by Fraud, False

21     Pretense, and Conversion re: Aiding and Abetting a Conspiracy:

22              Title 18 U.S.C.A. §2315

23    Federal Interstate Receipt of Transported Property Obtained by Fraud, False

24     Pretense, and Conversion  re: Conspiracy to Aid and Abet:

25              Title 18 U.S.C.A. §2315

26                * * * * *

27                * * * * *

28

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

132.   Plaintiff alleges that defendants engaged in the aforementioned activities, with the intent to harm  Plaintiff interest  in business and/or property. Plaintiff alleges that the  fraudulent activity engaged by  defendants injured  Plaintiff business and/or property in connection with their business activities that affect federal interstate commerce, resulting in loss of Plaintiff    property interests, business opportunities, and monies.

**[RICO  Title  18  United States Code § 1961(5) Pattern of Racketeering Activity]**

133.   Plaintiff alleges that the  aforementioned activities constitute conduct engaged in by  defendants  to  deprive  plaintiffs of their  interest in business and/or property, by and through commission of federal mail fraud, federal wire fraud, federal extortion, federal racketeering,    federal  money  laundering,  federal    interstate transportation and receipt of property obtained by fraud, false pretense, and/or conversion,  and  federal racketeering, and are therefore indictable as "racketeering activity," as that term is defined    pursuant to Title 18 United States Code §1961(1)(B).

134.   Plaintiff alleges that the course of conduct engaged in by defendants  constitute both continuity  and  relatedness of the racketeering activity, thereby constituting a "pattern of racketeering activity, as that term is defined pursuant to Title 18 U.S.C. §1961(5).

///

///

///

///

///

///

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

143

135.   Plaintiff alleges that the aforementioned RICO §1961(5) pattern of racketeering activity committed by defendants is both related and continuous inasmuch as it is designed and/or intended to cause damage and/or injury to the interest in business and/or property of plaintiffs, and plaintiffs reasonably believe and apprehend that such conduct shall and will continue prospectively with correlative long term injury.

## [RICO Section 1962(b) Enterprises and RICO Section 1962(b) Acquisition/Control Investment Injury]

136.   Plaintiff alleges that defendants were employed by and associated with others, and engaged in conduct that constitutes a RICO §1961(5) pattern of racketeering activity. Plaintiff further alleges that defendants were knowledgeable and aware of the activities of these RICO §1961(4) enterprises, and that defendants facilitated and furthered the RICO §1962(d) conspiracies alleged herein, for the purpose and objective of damaging and/or injuring Plaintiff interests in their businesses and/or properties.

137.   Plaintiff alleges that each of the following configurations constitute a RICO "enterprise," as that term is defined pursuant to Title 18 United States Code §1961(4) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961(4)] and within the strictures of ***Boyle v. United States,*** 129 S. Ct. 2237 (2009) and ***Odom v. Microsoft Corp.,*** 486 F.3d 541 (9th Cir. 2007)(en banc):

> A. ***RICO Enterprise No. 1:*** West Valley Enterprises, Inc., and West Valley Mortgage constitutes a RICO enterprise, organized and maintained by and through a consensual

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

144

hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting mortgage lending services, mortgage financing, mortgage consulting, commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires. Plaintiff alleges that RICO persons defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

B.. *RICO Enterprise No .2:* BAC Home Loans Servicing, LP, Bank of America Corporation, Bank of America Home Loans, and Bank of America, N.A*.,* constitutes a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

representatives that formulate and implement policies relative to the  promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting mortgage lending   services, mortgage servicing,   mortgage financing, mortgage consulting, commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising of monetary  funds by and through solicitation, employing federal mails and/or federal   interstate wires.  Plaintiff alleges that RICO persons  defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of  which  affect, federal interstate and/or foreign commerce, and that said  RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

C.  **RICO Enterprise No .3:**  BAC Home Loans Servicing, LP, Bank of America Corporation, Bank of America Home Loans, Bank of America, N.A.**, and**

BAC Field Services Corp.

LandSafe Default, Inc.

LandSafe Services, LLC

LandSafe Title of California, Inc.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1    LandSafe Title of Washington, Inc.

2    LandSafe Title of Florida, Inc.

3    LandSafe Services of Alabama, Inc.

4    LandSafe Title of Texas, inc.

5    ReconTrust Company, N.A.

6    LandSafe Appraisal Services, Inc. constitutes a RICO
7    enterprise, organized and maintained by and through a
8    consensual hierarchy of partners, managers, directors,
9    officers, supervisors, agents, deputies, and/or
10   representatives that formulate and implement policies
11   relative to provide services required to protect a note
12   holder's interest and rights in the property and under the
13   note and security instrument, including any remedies
14   thereunder ("Default Related Services"), both
15   domestically and internationally, including, employing
16   federal mails and/or federal interstate wires. Plaintiff
17   alleges that RICO persons defendants, and other persons
18   unknown to plaintiff, acting in concert therewith, are
19   employed by and associated with said RICO enterprise
20   that is engaged in, or activities of which affect, federal
21   interstate and/or foreign commerce, and that said RICO
22   persons, and persons acting in concert therewith, conduct
23   or participate, directly or indirectly, in the conduct of such
24   RICO enterprise's affairs through a RICO pattern of
25   racketeering activity.

26   D.   ***RICO Enterprise No .4:***   MERS [Mortgage Electronic
27        Registration Systems, Inc.] constitutes a RICO enterprise

28

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

1   organized and maintained by  and  through a consensual
2   hierarchy of partners, managers, directors, officers,
3   supervisors, agents, deputies, and/or   representatives
4   formed in 1993 by the Mortgage Bankers Association,
5   Fannie Mae, Freddie Mac, Ginnie Mae, the Federal
6   Housing Authority, and the Department of Veterans
7   Affairs. MERS   provides a national electronic registry
8   that tracks the transfer of ownership interests and servicing
9   rights in mortgage loans.  MERS becomes the mortgage of
10  record for participating members through assignment, and
11  is listed as the grantee in county records.   MERS is
12  compensated for its services by fees charged to
13  participating MERS members.  The lender retains the note
14  and the servicing rights to the mortgage, and can sell these
15  interests without having to record the transaction in the
16  public record. MERS plays a key, pivotal role in permitting
17  entities to securitize home loans. Plaintiff alleges that
18  RICO persons defendants, and other persons unknown to
19  plaintiff, acting in concert therewith, are employed by and
20  associated with said RICO enterprise that is engaged in, or
21  activities of which affect, federal interstate and/or  foreign
22  commerce, and that said  RICO persons, and persons acting
23  in concert therewith,  conduct or participate, directly or
24  indirectly, in the conduct of such RICO enterprise's affairs
25  through a RICO pattern of racketeering activity.

26      E.   ***RICO Enterprise No. 5:*** West Valley Enterprises, Inc.,
27           West Valley Mortgage, and Quality Loan Services,

28

constitutes a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or representatives that formulate and implement policies relative to the promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting mortgage lending services, mortgage financing, mortgage consulting, mortgage trustee services, commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires. Plaintiff alleges that RICO persons defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

`           F.   ***RICO Enterprise No. 6:*** Novastar Mortgage, Inc., constitutes a RICO enterprise, organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, agents, deputies,

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

1    and/or  representatives that formulate and implement

2    policies relative to the  promoting, soliciting, advancing

3    and/or otherwise operating a business organization for the

4    purpose of the facilitating, furthering, and promoting

5    mortgage lending services, mortgage loan servicing,

6    mortgage financing, mortgage consulting, commercial

7    financing services, and financial investment planing and

8    consulting, both domestically and internationally,

9    including, but not restricted to, the raising of monetary

10   funds by and through solicitation, employing federal mails

11   and/or federal interstate wires. Plaintiff alleges that RICO

12   persons  defendants, and other persons unknown to

13   plaintiffs, acting in concert therewith, are employed by and

14   associated with said RICO enterprise that is engaged in, or

15   activities of which affect, federal interstate and/or  foreign

16   commerce, and that said  RICO persons, and persons acting

17   in concert therewith,  conduct or participate, directly or

18   indirectly, in the conduct of such RICO enterprise's affairs

19   through a RICO pattern of racketeering activity.

20   G.   ***RICO  Enterprise No. 7:*** Wilshire Credit Corporation

21   constitutes a RICO  enterprise, organized and maintained

22   by  and  through a consensual  hierarchy of partners,

23   managers, directors, officers, supervisors, agents, deputies,

24   and/or  representatives that formulate and implement

25   policies relative to the  promoting, soliciting, advancing

26   and/or otherwise operating a business organization for the

27   purpose of the facilitating, furthering, and promoting

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

mortgage lending services, mortgage loan servicing, mortgage financing, mortgage consulting, commercial financing services, and financial investment planing and consulting, both domestically and internationally, including, but not restricted to, the raising of monetary funds by and through solicitation, employing federal mails and/or federal interstate wires.  Plaintiff alleges that RICO persons  defendants, and other persons unknown to plaintiffs, acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities of which affect, federal interstate and/or foreign commerce, and that said RICO persons, and persons acting in concert therewith,  conduct or participate, directly or indirectly, in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity.

H.    ***RICO Enterprise No. 8:***  La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc., MLMI 2006-HE4 Pool 669, constitutes a RICO  enterprise, organized and maintained by  and  through a consensual  hierarchy of partners, managers, directors, officers, supervisors, agents, deputies, and/or  representatives that formulate and implement policies relative to the  promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of the facilitating, furthering, and promoting the offer and sale of mortgage backed securities, mortgage lending services, mortgage loan servicing, mortgage  financing, mortgage consulting,

1  commercial financing services, and financial investment

2  planing and consulting, both domestically and

3  internationally, including, but not restricted to, the raising

4  of monetary funds by and through solicitation, employing

5  federal mails and/or federal interstate wires. Plaintiff

6  alleges that RICO persons defendants, and other persons

7  unknown to plaintiffs, acting in concert therewith, are

8  employed by and associated with said RICO enterprise

9  that is engaged in, or activities of which affect, federal

10  interstate and/or foreign commerce, and that said RICO

11  persons, and persons acting in concert therewith, conduct

12  or participate, directly or indirectly, in the conduct of such

13  RICO enterprise's affairs through a RICO pattern of

14  racketeering activity.

15

16  138.  Plaintiff alleges that said RICO defendants, by and through the RICO §

17  1961(5) pattern of racketeering activity, acquired an interest in and/or control of

18  plaintiff, a RICO § 1961(4) "victim" enterprise inasmuch as said conduct resulted

19  with RICO defendants' destroying plaintiff's heretofore absolutely pristine,

20  unblemished perfect, superior creditworthiness. Plaintiff alleges that as a proximate

21  cause of such felonious activities committed by said RICO defendants, plaintiff's

22  ability to qualify to acquire any form of property interests, real or personal, is

23  effectively controlled by said RICO defendants.

24  ///

25  ///

26  ///

27  ///

28

152  ***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

1
2
3

*[RICO §1962(b) Enterprise – Injuries and Damages Sustained By "Victim RICO § 1962(b) Enterprise" re: RICO §1962(b) Enterprisal  Control and/or Enterprisal Interest Acquisition"]*

4

5   138A.   ***RICO  Enterprise No. 9: Heather Belinda Singleton:*** Plaintiff
6   alleges that in committing the acts, omissions, conduct,  misrepresentations, and
7   breaches referred to herein between June, 2006,and continuing up through and
8   including the initiation of these proceedings, defendants  engaged in a RICO  pattern
9   of racketeering activity in contravention of Title 18 United States Code §1962(b).
10  Plaintiff alleges that by and through the RICO §1961(5) pattern of racketeering
11  activity committed by defendants, plaintiff has become a RICO §1961(4) "victim"
12  enterprise.

13

14  138B.   Defendants have   received plaintiff's monthly ***interest only***
15  payments over  a five [5] year period as a result of committing predatory lending
16  practices and mortgage loan origination fraud.  As a direct and proximate cause and
17  result thereof,   plaintiff's heretofore absolutely pristine, unblemished, stellar,
18  superior creditworthiness has been irreparably damaged, thereby rendering plaintiff
19  incapable of rebuilding and restoring plaintiff's perfect credit worthiness.

20

21  139.   Plaintiff further alleges defendants engaged in a RICO §1961(5) pattern
22  of racketeering activity, receiving proceeds and/or income derived therefrom, and
23  investing said proceeds and/or income to acquire, maintain, operate, and/or establish,
24  directly and/or indirectly, of the  RICO §1961(4) enterprises identified herein above,
25  and that  said RICO §1961(4) enterprises are engaged in  activities  that affect federal
26  interstate and/or foreign commerce.

27

28

***COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

1    140.   Plaintiff alleges that plaintiff sustained injuries to plaintiff's interests

2    in business and/or property as a direct   and   proximate cause of defendants'

3    acquisition of control of and/or  interest in the afore described RICO enterprises,

4    constituting  RICO enterprise acquisitional and investment injuries as follows:

5    ★   Destruction of    plaintiff's heretofore stellar, pristine,

6        unblemished credit worthiness as a direct and  proximate  result

7        of placing plaintiff with unsuitable mortgage financing as a result

8        of predatory lending practices

9    ★   Plaintiff incurring costs and expenses attributable to plaintiff

10       being placed with unsuitable mortgage financing as a result of

11       predatory lending practices

12   ★   Plaintiff deprived of  home equity   within the   residential

13       property as a direct and proximate result and cause of placing

14       plaintiff with unsuitable mortgage financing as a result of

15       predatory lending practices

16

17                          *[RICO Recovery]*

18

19   141.   Plaintiff is   entitled to recover, pursuant to Title 18 United

20   States  Code §1964©), treble damages in the amount to be determined by offer of

21   proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of

22   this litigation, as well as  damages arising from lost profits and/or lost business

23   opportunities attributable to the activities engaged in by defendants committed in

24   furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

25   ["RICO"][Title 18 U.S.C. §1961 et.seq.].

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

### FOURTEENTH  CLAIM FOR  RELIEF

*[For RICO Aiding and Abetting Primary Contravention of RICO Section 1962(b) of  the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§ 2(a)-(b) and §1962(b)]*

*[Against All Defendants]*

142.   For  Plaintiff's  Fourteenth   Claim for Relief, plaintiff realleges and incorporates  Paragraphs 1 through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

143.   Plaintiff alleges that defendants  employed the  federal mails and/or   federal interstate wires,  as well  as  engaged in racketeering activity as alleged herein, to aid and abet   the   primary   RICO § 1962(b) contraventions committed by defendants, and other RICO persons unknown to plaintiffs,  as alleged herein above.

144.   Plaintiff alleges that the defendants  were  aware of the commission of the primary RICO contraventions committed,  and that defendants  substantially assisted  in  the commission  of  the  primary RICO contraventions by defendants, thereby deriving a monetary  benefit as a result to the detriment of plaintiffs.

///

///

///

///

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

*[RICO Recovery]*

2

3      145.   Plaintiff is   entitled to recover, pursuant to Title 18 United

4  States  Code §1964©), treble damages in the amount to be determined by offer of

5  proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of

6  this litigation, as well as damages arising from lost profits and/or lost business

7  opportunities attributable to the activities engaged in by defendants committed in

8  furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9  ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
156  *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

### *FIFTEENTH  CLAIM  FOR  RELIEF*

2

### *[For  Contravention  of  RICO Section 1962(b) of the Racketeer Influenced*

3

### *and Corrupt Organizations Act of 1970]*

4

### *["RICO"]*

5

### *[Title 18 United States Code §1962(b)]*

6

### *[Respondeat Superior\Derivative Liability]*

7

### *[Against West Valley Enterprises, Inc., West Valley Mortgage  Bank of America,*

8

### *N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and  Bank*

9

### *of America Corporation, Only ]*

10

11    146.   For  Plaintiff's Fifteenth  Claim for Relief,  plaintiff realleges  and

12    incorporates  Paragraph 1 through 58, and each and every claim for relief asserted

13    pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970

14    ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

15

16

### *[RICO Respondeat Superior\ Derivative Liability Contentions]*

17    147.   Plaintiff alleges that during and at all times material herein various

18    individuals and persons functioned and served in the capacities of  agent, employee,

19    director,  designee,  officer,  co-managing  general  partner,  general  partner,

20    representative, managing   member, co-managing member, member, and/or servant

21    upon behalf  of Bank of America, N.A., BAC Home Loans Servicing, LP, Bank

22    America Home Loans,  Bank of America Corporation, West Valley Enterprises, Inc.,

23    and West Valley Mortgage  engaged in the fraudulent and felonious conduct in such

24    representative capacities, and that as a proximate result thereof, these corporate

25    entities derived a benefit thereby, specifically, obtaining plaintiff's monies and

26    business interests from plaintiff.

27    ///

28

**COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS**
**ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

1    148.   Plaintiff alleges that West Valley Enterprises, Inc., and West Valley

2  Mortgage  Bank of America, N.A., BAC Home Loans Servicing, LP, Bank America

3  Home Loans, and  Bank of America Corporation exercised   control,  management,

4  and/or direction of the various persons and individuals relative  to  the  complained

5  of  fraudulent and felonious activities, with the intent to harm  plaintiff in plaintiff's

6   business and/or  property  interests.  Plaintiff alleges that the fraudulent activities

7  engaged in by West Valley Enterprises, Inc., and West Valley Mortgage  Bank of

8  America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and

9  Bank of America Corporation injured and/or damaged plaintiff's business  activities

10  and/or properties in connection with plaintiff's  business activities that affect federal

11  commerce.

12

13    149.   Plaintiff alleges that the commission of the afore described extortionate,

14  fraudulent, and criminally felonious activities  by said individuals  employed  by  or

15  associated with West Valley Enterprises, Inc., and West Valley Mortgage  Bank of

16  America, N.A., BAC Home Loans Servicing, LP, Bank America Home Loans, and

17  Bank of America Corporation  arose   within the course and scope of the employ

18  and/or agency  with Bank of America, N.A., BAC Home Loans Servicing, LP, Bank

19  America Home Loans, and Bank of America Corporation, and therefore West Valley

20  Enterprises, Inc., and West Valley Mortgage  Bank of America, N.A., BAC Home

21  Loans Servicing, LP, Bank America Home Loans, and Bank of America Corporation

22  is vicariously and derivatively  liable    for contravening RICO  Section 1962©).

23  Plaintiff further alleges that Bank of America, N.A., BAC Home Loans Servicing, LP,

24  Bank America Home Loans, and Bank of America Corporation ratified, authorized,

25  acquiesced, and/or consented to the  wrongful  conduct of  certain  persons  and

26  individuals that  proximately  caused  the  injuries sustained by plaintiffs to their

27  interests in business and/or property

28

1

*[RICO Recovery]*

2

3      150.   Plaintiff is  entitled  to recover, pursuant to Title 18 United States Code

4   §1964©), treble damages in the amount to be determined by offer of proof at time of

5   trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation,

6   as well as damages arising from lost profits and/or lost business opportunities

7   attributable to the activities engaged in by defendants committed in furtherance of the

8   Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

9   U.S.C. §1961 et.seq.].

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

*SIXTEENTH  CLAIM  FOR  RELIEF*

2

*[For RICO Aiding and Abetting a RICO Section 1962(d) Conspiracy*

3

*Contravention of RICO Section 1962(b) of the Racketeer Influenced and*

4

*Corrupt Organizations Act of 1970]*

5

*["RICO"]*

6

*[Title 18 United States Code §§ 2(a)-(b) and §§1962(b)-1962(d)]*

7

*[Against All Defendants]*

8

9    151.   For  Plaintiff's  Sixteenth Claim for Relief, plaintiff realleges  and

10   incorporates   Paragraphs 1 through 58, and each and every claim for relief asserted

11   pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970

12   ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

13

14   152.   Plaintiff alleges that defendants  employed the  federal mails and/or

15   federal  interstate wires,  as well as engaged in racketeering activity as alleged herein,

16   to aid and abet the primary RICO § 1962(b) contraventions committed by defendants

17   and other RICO persons unknown to plaintiffs as alleged herein above.

18

19   153.   Plaintiff alleges that defendants were knowledgeable and  aware

20   of the   commission  of the primary RICO contraventions committed,  and  that

21   defendants substantially assisted   in   the commission  of  the  primary  RICO

22   contraventions, thereby deriving a monetary  benefit as a result to the detriment of

23   plaintiff.

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

154.   Plaintiff alleges that defendants aided and abetted a RICO Section 1962(d) conspiracy  between RICO defendants, and other RICO defendants,  to contravene  RICO  Section  1962(b) to injure and/or damage  Plaintiff interests  in business and/or property.

*[RICO Recovery]*

155.   Plaintiff is   entitled to recover, pursuant to Title 18 United States  Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this  litigation, as well as  damages  arising  from  lost  profits  and/or  lost  business opportunities attributable to the activities engaged in by defendants committed in furtherance of the  Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

161

*SEVENTEENTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(b) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §1962(b)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

156.   For  Plaintiff's  Seventeenth Claim for Relief, plaintiff realleges and   incorporates Paragraphs 1 through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

157.   Plaintiff alleges that commencing in June, 2006, and during and at all material times continuing thereafter, defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(b) contraventions, that the objective of that mutual agreement was to destroy Plaintiff interests in business and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///
///
///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

158.   Plaintiff alleges that defendants are  conspiratorially liable  under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v.  United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962(b) contraventions committed by defendant inasmuch as:

    A.    Defendants   engaged  in  the  fraudulent  activities  that constitute  the  RICO  §1961(5)  pattern  of  racketeering activity;

    B.    Defendants are members of the RICO §1962(d) conspiracy designed and intended  to contravene RICO § 1962(b);

    C.    Defendants  engaged  in  activities  in  furtherance  of advancing and promoting the RICO §1962(d) conspiracy designed and intended  to  contravene RICO § 1962(b);

    D.    Defendants  are    members    of the  RICO  §1962(d) conspiracy at and during the time frame the fraudulent activities  were  committed  that  constitute  the  RICO §1961(5) pattern of racketeering activity; and,

    E.    The  offense  fell  within  the  scope  of  the  unlawful agreement and could reasonably have been foreseen to be a  necessary  or  natural  consequence  of  the  unlawful agreement.

///
///
///
///
///
///
///

*COMPLAINT* <u>*RE:*</u> *RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 [“RICO”][Title 18 United States Code  §§1961 et.seq]* <u>*RE:*</u> *RICO §1962(d)*

1

### [RICO Recovery]

2

3   159.   Plaintiff is  entitled to recover, pursuant to Title 18 United

4   States  Code §1964©), treble damages in the amount to be determined by offer of

5   proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs

6   of this litigation, as well as damages arising from lost profits and/or lost business

7   opportunities attributable to the activities engaged in by defendants committed in

8   furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9   ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*EIGHTEENTH CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(b) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] RE: RICO Aiding and Abetting*

*[Title 18 United States Code §1962(b)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

160.   For Plaintiff's  Eighteenth  Claim  for  Relief,  plaintiff  realleges  and incorporates Paragraphs 1  through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

161.   Plaintiff alleges that commencing in June, 2006, and during and at all material times continuing thereafter, RICO defendants mutually agreed to engage in the aforementioned racketeering activities and/or  wrongful conduct giving  rise  to the   RICO   Section   1962(b) contraventions, that the objective of that mutual agreement was to destroy Plaintiff interests in business and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///
///
///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

162.   Plaintiff alleges that RICO defendants are  conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v.  United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962(b) contraventions committed by defendants inasmuch as:

      A.    Defendants  engaged in the fraudulent activities that constitute   the   RICO   §1961(5)   pattern   of racketeering activity;

      B.    Defendants  are  members  of  the  RICO  §1962(d) conspiracy designed and intended  to contravene RICO § 1962(b);

      C.    Defendants engaged in activities in furtherance of advancing  and  promoting  the  RICO  §1962(d) conspiracy designed and intended  to  contravene RICO § 1962(b);

      D.    Defendants  are  members  of  the  RICO  §1962(d) conspiracy  at  and  during  the  time  frame  the fraudulent activities were committed that constitute the RICO  §1961(5) pattern of racketeering activity; and,

      E.    The offense fell  within the  scope of the unlawful agreement and could reasonably have been foreseen to  be  a  necessary  or  natural  consequence  of  the unlawful  agreement.

///
///
///
///

**COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

1

2

*[RICO Recovery]*

3      163.   Plaintiff is  entitled to recover, pursuant to Title 18 United

4  States  Code §1964©), treble damages in the amount to be determined by offer of

5  proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs

6  of this litigation, as well as damages arising from lost profits and/or lost business

7  opportunities attributable to the activities engaged in by defendants committed in

8  furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9  ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*NINETEENTH  CLAIM  FOR  RELIEF*

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962©) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] [Title 18 United States Code §1962©)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RICO Conspiracy to Conceal]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

164.   For Plaintiff's Nineteenth Claim  for Relief,  plaintiff  realleges and incorporates  herein  Paragraphs 1  through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions re: RICO Conspiracy to Conceal*

*Artifice and Scheme to Defraud ]*

165.   Plaintiff alleges that commencing in June, 2006, and during and at all material times continuing thereafter, RICO defendants mutually  agreed   to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962©) contraventions, that the objective of that mutual agreement was to destroy plaintiff's interests  in   business   and/or property, and that such conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

///

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

166.   Plaintiff alleges that  conspired  with  each  other, and other persons and/or entities presently unknown  to  plaintiff, to destroy plaintiff's  interests in business  and/or  property, including the destruction of plaintiff's heretofore pristine, unblemished perfect creditworthiness,  with the specific intent to frustrate, dissuade, and/or discourage legal efforts to recover against defendants.

167.   Plaintiff alleges that defendants are  conspiratorially liable  under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962©) contraventions committed by defendant inasmuch as:

A.      Defendants  engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

B.      Defendants  are  members  of  the  RICO  §1962(d) conspiracy designed and intended  to contravene RICO § 1962©);

C.      Defendants engaged in activities in furtherance of advancing  and  promoting  the  RICO  §1962(d) conspiracy designed and intended  to  contravene RICO § 1962©);

D.      Defendants are  members  of the RICO §1962(d) conspiracy  at  and  during  the  time  frame  the fraudulent activities were committed that constitute the RICO  §1961(5) pattern of racketeering activity; and,

E.      The offense fell  within  the  scope  of the unlawful agreement and could reasonably have been foreseen

*COMPLAINT **RE**: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] **RE**: RICO §1962(d)*

1     to be a necessary or natural consequence of the

2     unlawful agreement.

3

4                    *[RICO Recovery]*

5

6        168.   Plaintiff is entitled to recover, pursuant to Title 18 United

7  States Code §1964©), treble damages in the amount to be determined by offer of proof

8  at time of trial.  Plaintiff is also entitled to recover attorneys' fees and costs of this

9  litigation, as well as damages arising from lost profits and/or lost business

10 opportunities attributable to the activities engaged in by defendants committed in

11 furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

12 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
    *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

*TWENTIETH  CLAIM  FOR  RELIEF*

2

*[For Commission of Conspiratorial  Contravention  of  RICO Section 1962(a) of*

3

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

4

*["RICO"] [Title 18 United States Code §1962(a)]*

5

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

6

*[RICO Conspiracy to Conceal]*

7

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

8

*and*

9

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

10

*[Against All Defendants]*

11

12     169.   For Plaintiff's Twentieth  Claim  for Relief,  plaintiff  realleges and

13  incorporates herein  Paragraphs 1  through 58, and each and every claim for relief

14  asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act

15  of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

16

17     *[RICO Conspiratorial Liability Contentions re: RICO Conspiracy to Conceal*

18     *Artifice and Scheme to Defraud ]*

19     170.   Plaintiff alleges that commencing in June, 2006, and during and at all

20  material times continuing thereafter, defendants mutually  agreed   to engage in the

21  aforementioned racketeering activities and/or wrongful conduct giving rise to the

22  RICO Section 1962(a)  contraventions,  that the objective of that mutual agreement

23  was to destroy plaintiff's  interests  in  business   and/or property, and that such

24  conspiratorial conduct constitutes  contravention  of  RICO Section 1962(d).

25  ///

26  ///

27  ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
     *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

171.   Plaintiff alleges that conspired with each other, and other persons and/or entities presently unknown to plaintiff, to destroy plaintiff's interests in business and/or property, including plaintiff's heretofore pristine, perfectly unblemished creditworthiness, with the specific intent to frustrate, dissuade, and/or discourage legal efforts to recover against defendants.

172.   Plaintiff alleges that defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962(a) contraventions committed by defendant inasmuch as:

      A.      Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

      B.      Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(a);

      C.      Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(a);

      D.      Defendants are members of the RICO §1962(d) conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

      E.      The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

* * * * *

* * * * *

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

172

1

*[RICO Recovery]*

2

3      173.   Plaintiff is  entitled to recover, pursuant to Title 18 United

4  States Code §1964©), treble damages in the amount to be determined by offer of proof

5  at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this

6  litigation, as well as damages arising from lost profits and/or lost business

7  opportunities attributable to the activities engaged in by defendants committed in

8  furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9  ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*TWENTY-FIRST CLAIM FOR RELIEF*

*[For Commission of Conspiratorial Contravention of RICO Section 1962(b) of*

*the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"] [Title 18 United States Code §1962(b)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RICO Conspiracy to Conceal]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v. United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*[Against All Defendants]*

174.    For Plaintiff's Twenty-First Claim for Relief, plaintiff realleges and incorporates herein Paragraphs 1 through 58, and each and every claim for relief asserted pursuant to the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions re: RICO Conspiracy to Conceal*

*Artifice and Scheme to Defraud ]*

175.    Plaintiff alleges that commencing in June, 2006, and during and at all material times continuing thereafter, defendants mutually agreed to engage in the aforementioned racketeering activities and/or wrongful conduct giving rise to the RICO Section 1962(b) contraventions, that the objective of that mutual agreement was to destroy plaintiff's interests in business and/or property, and that such conspiratorial conduct constitutes contravention of RICO Section 1962(d).

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

176.   Plaintiff alleges that defendants conspired with each other, and other persons and/or entities presently unknown to plaintiffs, to destroy Plaintiff interests in business and/or property, including the destruction of plaintiff's heretofore perfectly unblemished,, pristine, and perfectly sacred creditworthiness, with the specific intent to frustrate, dissuade, and/or discourage legal efforts to recover against defendants.

177.   Plaintiff alleges that defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive RICO Section 1962(b) contraventions committed by defendant inasmuch as:

A.     Defendants engaged in the fraudulent activities that constitute the RICO §1961(5) pattern of racketeering activity;

B.     Defendants are members of the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(b);

C.     Defendants engaged in activities in furtherance of advancing and promoting the RICO §1962(d) conspiracy designed and intended to contravene RICO § 1962(b);

D.     Defendants are members of the RICO §1962(d) conspiracy at and during the time frame the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

E.     The offense fell within the scope of the unlawful

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1
2
3

agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

4
5

### [RICO Recovery]

6
7

178.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

14   ///
15   ///
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

*TWENTY-SECOND  CLAIM FOR  RELIEF*

*[For Immediate Issuance of Orders Dissolving  RICO Enterprises*

*Pursuant to  RICO Section 1964(a) of the Racketeer Influenced*

*and Corrupt Organizations Act of 1970] ["RICO"]*

*[Title 18 United States Code §1964(a)]*

*[Against West Valley Enterprises and West Valley Mortgage, Only]*

179.   For  Plaintiff's Twenty-Second  Claim for Relief, plaintiff realleges  and incorporates  Paragraphs 1 through 58, and incorporates each and every claim for relief  advanced  under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].


180.   Plaintiff  respectfully  petitions  this Honourable Court,  pursuant to Section 1964(a) of  the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1964(a)], to issue an order immediately dissolving the  following  RICO  §1961(4) enterprises  inasmuch as said enterprises are each a mere  subterfuge  and/or  alter ego vehicle for the afore mentioned RICO defendants to engage in felonious, fraudulent, corrupt, violent, and illegal conduct, as alleged herein:

♦     West Valley Enterprises

♦     West Valley Mortgage

* * *

* * *

* * *

* * *

* * *

* * *

* * *

1

*[RICO Recovery]*

2

3      181.   Plaintiff is  entitled to recover, pursuant to Title 18 United

4 States  Code §1964©), treble damages in the amount to be determined by offer of

5 proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of

6 this litigation, as well as damages arising from lost profits and/or lost business

7 opportunities attributable to the activities engaged in by defendants committed in

8 furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10 ///

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

*TWENTY-THIRD  CLAIM  FOR  RELIEF*

2

*[For Immediate Issuance of Orders Dissolving  RICO Enterprises*

3

*Pursuant to  RICO Section 1964(b) of the Racketeer Influenced*

4

*and Corrupt Organizations Act of 1970] ["RICO"]*

5

*[Title 18 United States Code §1964(b)]*

6

*[Against West Valley Enterprises and West Valley Mortgage, Only]*

7

8    182.   For  Plaintiff's Twenty-Third   Claim for Relief, plaintiff realleges

9 and  incorporates  Paragraphs 1 through 58, and incorporates each and every claim for

10 relief  advanced  under the federal Racketeer Influenced and Corrupt Organizations

11 Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

12

13    183.   Plaintiff   respectfully   petitions   this Honourable Court,

14 pursuant  to Section 1964(b) of  the Racketeer Influenced and Corrupt Organizations

15 Act of 1970 ["RICO"][Title 18 U.S.C. §1964(b)], to issue an order  immediately

16 dissolving  the  following  RICO  §1961(4) enterprises  inasmuch as said enterprises

17 are each a  mere  subterfuge  and/or  alter ego vehicle for the afore mentioned RICO

18 defendants  to engage in felonious, fraudulent, corrupt, violent, and illegal conduct,

19 as alleged herein:

20    ♦    West Valley Enterprises

21    ♦    West Valley Mortgage

22    xxx

23    xxx

24    xxx

25    * * *

26    * * *

27    * * *

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
    *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

*[RICO Recovery]*

2

3        184.   Plaintiff is  entitled to recover, pursuant to Title 18 United

4   States   Code §1964©), treble damages in the amount to be determined by offer of

5   proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of

6   this litigation, as well as damages arising from lost profits and/or lost business

7   opportunities attributable to the activities engaged in by defendants committed in

8   furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9   ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

### TWENTY-FOURTH  CLAIM FOR  RELIEF

*[For Immediate Issuance of Preliminary and Permanent Injunctive Relief*
*Pursuant to Rule 65 of  the Federal Rules of Civil Procedure and*
*Section 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of*
*1970][“RICO”][Title 18 United States Code §1964(a)]*
<u>*RE:*</u> *Judicial Invalidation of All Instruments Arising From Predatory Mortgage*
*Lending Practices  – Deeds of Trust, Adjustable Rate Note, Note, Addendum*
*[Against Al Defendants]*

185.   For Plaintiff's  Twenty-Fourth Claim for Relief, plaintiff realleges and  incorporates   Paragraphs 1 through 58,  and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 [“RICO”][Title 18 United States Code §§ 1961 et.seq.].

186.   Plaintiff has  no adequate remedy at law, and the conduct of these  defendants will further harm and destroy plaintiff's  rights in their interest in business  or  property unless injunctive relief  issues immediately forthwith.

187.   Plaintiff  respectfully   petitions  this  Honourable Court, pursuant to   FRCP Rule 65 and Title 18 U.S.C. §1964(a), to immediately cause issuance of preliminary and permanent injunctive relief to restrain and prohibit all defendants and their respective attorneys, accountants, agents, consultants, counselors, designees,  employees,  servants,  deputies,  nominees,  representatives,  directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, from dissipating and/or otherwise disposing of any and all properties, real and/or personal, including all monies, within their possession and control, pending resolution of these proceedings at trial.

1

*[RICO Recovery]*

2

3      188.   Plaintiff is   entitled to recover, pursuant to Title 18 United

4   States   Code § 1964(c),treble damages in the amount to be determined by offer of

5   proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of

6   this litigation, as well as damages arising from lost profits and/or lost business

7   opportunities attributable to the activities engaged in by defendants committed in

8   furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9   ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*TWENTY-FIFTH  CLAIM  FOR  RELIEF*

*[For Immediate Issuance of Preliminary and Permanent Injunctive Relief*

*Pursuant to Rule 65 of  the Federal Rules of Civil Procedure and*

*Section 1964(b) of the Racketeer Influenced and Corrupt Organizations Act of*

*1970]["RICO"][Title 18 United States Code §1964(b)]*

*RE: Judicial Invalidation of All Instruments Arising From Predatory Mortgage*

*Lending Practices  – Deeds of Trust, Adjustable Rate Note, Note, Addendum*

*[Against All  Defendants]*

189.   For Plaintiff's  Twenty-Fifth Claim for Relief, plaintiff realleges and  incorporates   Paragraphs 1 through 58,  and incorporates each and every claim for  relief  advanced     under   the  federal  Racketeer  Influenced  and  Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

190.   Plaintiff  has   no adequate  remedy  at law, and the conduct of these defendants will further harm and destroy plaintiff's  rights in plaintiff's  interest in  business  or  property unless injunctive relief  issues immediately forthwith.

191.   Plaintiff  respectfully    petitions  this  Honourable Court, pursuant to   FRCP Rule 65 and Title 18 U.S.C. §1964(b), to immediately cause issuance of preliminary and permanent injunctive relief to restrain and prohibit all defendants and their respective attorneys, accountants, agents, consultants, counselors, designees,  employees,  servants,  deputies,  nominees,  representatives,  directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, from dissipating and/or otherwise disposing of any and all properties, real and/or personal, including all monies, within their possession and control, pending resolution of these proceedings at trial.

1

*[RICO Recovery]*

2

3       192.   Plaintiff is  entitled to recover, pursuant to Title 18 United

4   States Code  §1964(c),treble damages in the amount to be determined by offer of proof

5   at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this

6   litigation, as well as damages arising from lost profits and/or lost business

7   opportunities attributable to the activities engaged in by defendants committed in

8   furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9   ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*TWENTY-SIXTH  CLAIM  FOR  RELIEF*

*[For Immediate Issuance of Provisional Remedies  Pursuant to Rule 64 of*

*the Federal Rules of Civil Procedure  and  Section 1964(a) of the Racketeer*

*Influenced and Corrupt Organizations Act of 1970]["RICO"]*

*[Title 18 United States Code §1964(a)]*

<u>*RE*</u>*: Judicial Invalidation of All Instruments Arising From Predatory Mortgage*

*Lending Practices  – Deeds of Trust, Adjustable Rate Note, Note, Addendum*

*[Against All Defendants]*

193.   For Plaintiff's  Twenty-Sixth  Claim for Relief,  plaintiff realleges  and incorporates   Paragraphs  1  through 58,  and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

193A.       By way of the filing of a separate motion/***ex parte*** application for entry of a temporary restraining order, plaintiff shall move for issuance of a temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

193B.       In order to obtain an injunction under the requirements of the Washington Deed of Trust Act, rather   than under the Federal Rules of Civil Procedure, a  borrower must seek to obtain an order restraining the sale or risk the possibility of waiving all claims against the foreclosing entities and/or in relation to the making of the loan..  The standard for obtaining injunctive relief under the Deed of Trust Act is set forth within two portions of the Act:

> Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.

*COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS  ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)*

185

1  RCW 61.24.040(1)(f).

2

3         Nothing contained in this chapter shall prejudice the right of the

4         borrower, grantor, any guarantor, or any person who has an interest in ,

5         lien, or claim of lien against the   property or some part thereof, to

6         restrain, **on any proper legal or equitable ground**, trustee's sale.

7  RCW 61.24.130(1)(emphasis added).

8

9  193C.       Plaintiff maintains that plaintiff will demonstrate that there are

10 proper legal and equitable grounds for the enjoining of the foreclosure sale in

11 plaintiff's separate motion/***ex parte*** application for entry of a temporary restraining

12 order such that plaintiff is entitled to the requested relief.

13

14 194. Plaintiff  has  no adequate remedy at law, and provisional process,

15 available  pursuant to Washington state law,  is an immediately  available  vehicle to

16 secure  and  preserve plaintiff's rights in said intangible and tangible personal

17 properties, by example and not by restriction, injunction,  restraining order, and/or

18 attachment.

19

20 195. Plaintiff  respectfully petitions this Honourable Court to  immediately

21 issue   appropriate   orders restraining, commanding, and enjoining defendants,

22 directly  or  indirectly, individually,  or  through  any  agent, nominee, designee,

23 representative, attorney, accountant, book keeper, director, officer, partner, power of

24 attorney, power of appointment, assignment, and/or delegation, from disposing,

25 hypothecating, mortgaging, interfering, alienating, conveying, assigning, transferring,

26 disseminating, vending, and/or  foreclosing, impairing,  or preventing the destruction,

27 loss, or damage to any properties feloniously and/or fraudulently acquired, obtained,

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1  and/or received, by defendants, directly and/or indirectly, pursuant   to applicable
2  Washington state law.

3

4      196.  Plaintiff  respectfully petitions  this  Honourable Court, pursuant to
5  FRCP Rule 64 and Title 18 U.S.C. §1964(a), to immediately cause issuance of
6  preliminary and permanent injunctive relief to restrain and prohibit all defendants and
7  their respective attorneys, accountants, agents, consultants, counselors, designees,
8  employees, servants, deputies, nominees, representatives, directors, officers, trustees,
9  partners, both general and limited, and any one acting pursuant to any power of
10 attorney, general or limited, from dissipating and/or otherwise disposing of any and
11 all properties, real and/or personal, including all monies, within their possession and
12 control, pending resolution of these proceedings at trial.

13

14     197.  Plaintiff  further respectfully petitions  this  Honourable Court,
15 pursuant to FRCP Rule 65 and Title 18 U.S.C. §1964(a), to immediately cause
16 issuance of preliminary and permanent injunctive relief to restrain and prohibit all
17 defendants and their respective attorneys, accountants, agents, consultants, counselors,
18 designees, employees, servants, deputies, nominees, representatives, directors,
19 officers, trustees, partners, both general and limited, and any one acting pursuant to
20 any power of attorney, general or limited, from dissipating and/or otherwise disposing
21 of any and all properties, real and/or personal, including all monies, within their
22 possession and control, pending resolution of these proceedings at trial.
23 ///
24 ///
25 ///
26 ///
27 ///
28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

*[RICO Recovery]*

198.   Plaintiff is  entitled to recover, pursuant to Title 18 United States  Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

### TWENTY-SEVENTH  CLAIM FOR  RELIEF

*[For Immediate Issuance of Provisional Remedies  Pursuant to Rule 64 of*

*the Federal Rules of Civil Procedure  and  Section 1964(b) of the Racketeer*

*Influenced and Corrupt Organizations Act of 1970]["RICO"]*

*[Title 18 United States Code §1964(b)]*

<u>*RE*</u>*: Judicial Invalidation of All Instruments Arising From Predatory Mortgage*

*Lending Practices  – Deeds of Trust, Adjustable Rate Note, Note, Addendum*

*[Against All Defendants]*

199.   For Plaintiff's  Twenty-Seventh Claim for Relief, plaintiff realleges and incorporates  Paragraphs  1  through 58,  and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

199A.        By way of the filing of a separate motion/<u>***ex parte***</u> application for entry of a temporary restraining order, plaintiff shall move for issuance of a temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

199B.        In order to obtain an injunction under the requirements of the Washington  Deed  of  Trust  Act,  rather   than  under  the  Federal  Rules  of  Civil Procedure, a  borrower must seek to obtain an order restraining the sale or risk the possibility of waiving all claims against the foreclosing entities and/or in relation to the making of the loan..  The standard for obtaining injunctive relief under the Deed of Trust Act is set forth within two portions of the Act:

> Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.

*COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)*

1  RCW 61.24.040(1)(f).

2

3          Nothing contained in this chapter shall prejudice the right of the

4          borrower, grantor, any guarantor, or any person who has an interest in ,

5          lien, or claim of lien against the   property or some part thereof, to

6          restrain, **on any proper legal or equitable ground**, trustee's sale.

7  RCW 61.24.130(1)(emphasis added).

8

9          199C.        Plaintiff maintains that plaintiff will demonstrate that there are

10  proper legal and equitable grounds for the enjoining of the foreclosure sale in

11  plaintiff's separate motion/***ex parte*** application for entry of a temporary restraining

12  order such that plaintiff is entitled to the requested relief.

13

14          200.   Plaintiff  has  no adequate remedy at law, and provisional process,

15  available  pursuant to Washington state law,  is an immediately  available  vehicle to

16  secure and preserve Plaintiff rights in said intangible and tangible personal properties,

17  by example and not by restriction, injunction,  restraining order, and/or  attachment.

18

19          201.   Plaintiff  respectfully petitions this Honourable Court  to  immediately

20  issue     appropriate     orders restraining, commanding, and enjoining defendants,

21  directly  or  indirectly,  individually,  or  through  any  agent,  nominee,  designee,

22  representative, attorney, accountant, book keeper, director, officer, partner, power of

23  attorney,  power of appointment, assignment,  and/or delegation,  from  disposing,

24  hypothecating, mortgaging, interfering, alienating, conveying, assigning, transferring,

25  disseminating, vending, and/or  foreclosing, impairing,  or preventing the destruction,

26  loss, or damage to any properties feloniously and/or fraudulently acquired, obtained,

27  and/or received, by defendants, directly and/or indirectly, pursuant   to applicable

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
190     *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1  Washington state law.

2

3      202.   Plaintiff   respectfully   petitions   this   Honourable Court, pursuant to

4  FRCP Rule 64 and Title 18 U.S.C. §1964(b), to immediately cause issuance of

5  preliminary and permanent injunctive relief to restrain and prohibit all defendants and

6  their respective attorneys, accountants, agents, consultants, counselors, designees,

7  employees, servants, deputies, nominees, representatives, directors, officers, trustees,

8  partners, both general and limited, and any one acting pursuant to any power of

9  attorney, general or limited, from dissipating and/or otherwise disposing of any and

10  all properties, real and/or personal, including all monies, within their possession and

11  control, pending resolution of these proceedings at trial.

12

13      203.   Plaintiff   further respectfully petitions   this   Honourable Court,

14  pursuant to FRCP Rule 65 and Title 18 U.S.C. §1964(b), to immediately cause

15  issuance of preliminary and permanent injunctive relief to restrain and prohibit all

16  defendants and their respective attorneys, accountants, agents, consultants, counselors,

17  designees,   employees,   servants,   deputies,   nominees,   representatives,   directors,

18  officers, trustees, partners, both general and limited, and any one acting pursuant to

19  any power of attorney, general or limited, from dissipating and/or otherwise disposing

20  of any and all properties, real and/or personal, including all monies, within their

21  possession and control, pending resolution of these proceedings at trial.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

1

*[RICO Recovery]*

2

3    204.   Plaintiff is  entitled to recover, pursuant to Title 18 United

4  States  Code §1964©), treble damages in the amount to be determined by offer of

5  proof at time of trial.  Plaintiff is  also entitled to recover attorneys' fees and costs of

6  this litigation, as well as damages arising from lost profits and/or lost business

7  opportunities attributable to the activities engaged in by defendants committed in

8  furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

9  ["RICO"][Title 18 U.S.C. §1961 et.seq.].

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*TWENTY-EIGHTH  CLAIM FOR  RELIEF*

*[For Ex Parte Temporary Restraining Order Relief and Order To Show Cause*
*re: Preliminary Injunction Pursuant to Rule 65 of the Federal Rules of Civil*
*Procedure  and  Section 1964(a) of the Racketeer Influenced and Corrupt*
*Organizations Act of 1970] ["RICO"]*
*[Title 18 United States Code §1964(a)]*
*RE: Judicial Invalidation of All Instruments Arising From Predatory Mortgage*
*Lending Practices  – Deeds of Trust, Adjustable Rate Note, Note, Addendum*
*[Against La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc.,*
*MLMI 2006-HE4 Pool 669,  BAC Home Loans Servicing, LP, Bank of America,*
*N.A., Bank of America Corporation, Bank of America Home Loans, Quality*
*Loan Services, and MERS, Only]*

205.   Plaintiff, for a Twenty-Eighth Claim for Relief, realleges  and incorporates  herein Paragraphs 1  through 58,  and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

205A.       By way of the filing of a separate motion/***ex parte*** application for entry of a temporary restraining order, plaintiff shall move for issuance of a temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

205B.       In order to obtain an injunction under the requirements of the Washington  Deed of Trust Act, rather   than  under  the  Federal  Rules  of  Civil Procedure, a  borrower must seek to obtain an order restraining the sale or risk the possibility of waiving all claims against the foreclosing entities and/or in relation to the making of the loan..  The standard for obtaining injunctive relief under the Deed

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

of Trust Act is set forth within two portions of the Act:

> Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.

RCW 61.24.040(1)(f).

> Nothing contained in this chapter shall prejudice the right of the borrower, grantor, any guarantor, or any person who has an interest in , lien, or claim of lien against the  property or some part thereof, to restrain, **on any proper legal or equitable ground**, trustee's sale.

RCW 61.24.130(1)(emphasis added).

205C.      Plaintiff maintains that plaintiff will demonstrate that there are proper legal and equitable grounds for the enjoining of the foreclosure sale in plaintiff's separate motion/***ex parte*** application for entry of a temporary restraining order such that plaintiff is entitled to the requested relief.

206.   Plaintiff  has  no adequate remedy at law, and the conduct of these   defendants will further harm   and destroy plaintiff's    rights in plaintiff's interest in business or property unless injunctive relief issues immediately forthwith.

207.  Plaintiff respectfully   petitions  this  Honourable Court, pursuant to FRCP Rule 65 and Title 18 U.S.C. §1964(a), to immediately cause issuance of  an ***ex parte*** temporary restraining order and an order to show cause <u>re</u>: issuance of preliminary injunctive relief to restrain and prohibit all defendants and their respective attorneys, accountants, agents, consultants, counselors, designees, employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners,

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

194

both general and limited, and any one acting pursuant to any power of attorney, general or limited, from continuing to interfere with plaintiff business interests and properties, pending resolution of these proceedings at trial.

### *[RICO Recovery]*

208.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

*TWENTY-NINTH  CLAIM  FOR  RELIEF*

*[For Ex Parte Temporary Restraining Order Relief and Order To Show Cause re: Preliminary Injunction Pursuant to Rule 65 of the Federal Rules of Civil Procedure  and  Section 1964(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970] ["RICO"]*

*[Title 18 United States Code §1964(b)]*

*RE: Judicial Invalidation of All Instruments Arising From Predatory Mortgage Lending Practices  – Deeds of Trust, Adjustable Rate Note, Note, Addendum [Against La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc., MLMI 2006-HE4 Pool 669, BAC Home Loans Servicing, LP, Bank of America, N.A., Bank of America Corporation, Bank of America Home Loans, Quality Loan Services, and MERS, Only]*

209.   Plaintiff, for a Twenty-Ninth Claim for Relief, realleges  and incorporates  herein Paragraphs 1  through 58,  and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

209A.       By way of the filing of a separate motion/*ex parte* application for entry of a temporary restraining order, plaintiff shall move for issuance of a temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

209B.       In order to obtain an injunction under the requirements of the Washington  Deed of Trust Act, rather   than  under  the  Federal Rules of Civil Procedure, a  borrower must seek to obtain an order restraining the sale or risk the possibility of waiving all claims against the foreclosing entities and/or in relation to the making of the loan.. The standard for obtaining injunctive relief under the Deed

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1  of Trust Act is set forth within two portions of the Act:

2        Anyone having any objection to the sale on any grounds whatsoever will

3        be afforded an opportunity to be heard as to those objections if they bring

4        a lawsuit to restrain the sale pursuant to RCW 61.24.130.

5  RCW 61.24.040(1)(f).

6

7        Nothing contained in this chapter shall prejudice the right of the

8        borrower, grantor, any guarantor, or any person who has an interest in ,

9        lien, or claim of lien against the   property or some part thereof, to

10       restrain, **on any proper legal or equitable ground**, trustee's sale.

11  RCW 61.24.130(1)(emphasis added).

12

13       209C.       Plaintiff maintains that plaintiff will demonstrate that there are

14  proper legal and equitable grounds for the enjoining of the foreclosure sale in

15  plaintiff's separate motion/***ex parte*** application for entry of a temporary restraining

16  order such that plaintiff is entitled to the requested relief.

17

18       210.   Plaintiff  has  no adequate remedy at law, and the conduct of

19  these  defendants will further harm  and destroy plaintiff's  rights in their interest in

20  business  or  property unless injunctive relief  issues immediately forthwith.

21

22       211.  Plaintiff respectfully   petitions  this  Honourable Court, pursuant to

23  FRCP Rule 65 and Title 18 U.S.C. §1964(b), to immediately cause issuance of  an ***ex***

24  ***parte*** temporary restraining order and an order to show cause re: issuance of

25  preliminary injunctive relief to restrain and prohibit all defendants and their respective

26  attorneys, accountants, agents, consultants, counselors, designees, employees,

27  servants, deputies, nominees, representatives, directors, officers, trustees, partners,

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1   both general and limited, and any one acting pursuant to any power of attorney,

2   general or limited, from continuing to interfere with Plaintiff  business interests and

3   properties, pending resolution of these proceedings at trial.

4

5   ### *[RICO Recovery]*

6

7       212.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code

8   §1964(c),treble damages in the amount to be determined by offer of proof at time of

9   trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation,

10  as well as damages arising from lost profits and/or lost business opportunities

11  attributable to the activities engaged in by defendants committed in furtherance of the

12  Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18

13  U.S.C. §1961 et.seq.].

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*THIRTIETH  CLAIM FOR  RELIEF*

*[For RICO Constructive Trust Imposition and Impression  re: RICO Sections*

*1962(a)-(d),  and 1964(a) of the Racketeer Influenced and*

*Corrupt Organizations Act of 1970] ["RICO"]*

*[Title 18 United States Code §§ 1962(a)-(d),  and 1964(a)]*

*[Against All Defendants]*

213.   Plaintiff, for  a Thirtieth  Claim for Relief, realleges  and incorporates herein Paragraphs 1  through 58,  and incorporates each and every claim for relief advanced under the  federal  Racketeer  Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

214.   Plaintiff  alleges  that RICO  defendants, acting in concert with one another, and/or by and through nominees, designees, and/or persons/entities acting pursuant to power of attorney, diverted, converted, stole, obtained by false pretenses, fraud, and/or misrepresentation of material fact, plaintiff monies and properties.

215.   Plaintiff alleges  that plaintiff's  legal remedy is inadequate, and equitable relief in the form of a constructive trust be fashioned and applied in order to assure  Plaintiff  ability to successfully petition this Honourable Court  to obtain appropriate equitable relief.

216.   Plaintiff  alleges  that defendants' continued exercise of control and dominion over plaintiff's  monies is unconscionable and inequitable.

///

///

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*

199   *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1    217.   Plaintiff  respectfully  petitions  this  Honourable Court, pursuant

2  to  RICO  Title 18 U.S.C. §1964(a),   to issue an Order to  impress  a  constructive

3  trust  upon  defendants'  and that the Order declare that each and every defendant be

4  deemed  a constructive  trustee  to  hold  the  interests  of  plaintiff  for  the  benefit  of

5  plaintiff.

6

7                              *[RICO Recovery]*

8

9    218.   Plaintiff is   entitled to  recover, pursuant to Title 18 United

10  States  Code  §1964(c),treble damages in the amount to be determined by offer of

11  proof of trial.  Plaintiff is   also  entitled to recover attorneys' fees and costs

12  of this litigation, as well as damages arising from lost profits and/or lost business

13  opportunities attributable to the activities engaged in by defendants committed in

14  furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970

15  ["RICO"][Title 18 U.S.C. §1961 et.seq.].

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ////

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

### THIRTY-FIRST  CLAIM FOR  RELIEF

*[For RICO Constructive Trust Imposition and Impression  re: RICO Sections*
*1962(a)-(d),  and 1964(b) of the Racketeer Influenced and*
*Corrupt Organizations Act of 1970] ["RICO"]*
*[Title 18 United States Code §§ 1962(a)-(d),  and 1964(b)]*
*[Against All Defendants]*

219.   Plaintiff, for  a Thirty-First  Claim for Relief, realleges  and incorporates herein Paragraphs 1  through 58,  and incorporates each and every claim for relief advanced under the  federal  Racketeer  Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

220.   Plaintiff  alleges that RICO  defendants,  acting in concert with one another, and/or by and through nominees, designees, and/or persons/entities acting pursuant to power of attorney, diverted, converted, stole, obtained by false pretenses, fraud, and/or misrepresentation of material fact, plaintiff's  properties and monies.

221.   Plaintiff alleges that defendants, and each and everyone of them, and their agents, assigns, employees, representatives, servants, officers, directors, partners, attorneys, accountants, solicitors, barristers, counselors, nominees, deputies, and/or  those  acting  pursuant  to power of attorney, be commanded and ordered  to divest all right, title, and interest in the monies previously transmitted via wire transfer to said defendants

///
///
///
///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

222.   Plaintiff alleges that plaintiff's legal remedy is inadequate, and equitable relief in the form of a constructive trust be fashioned and applied in order to assure plaintiff's ability to successfully petition this Honourable Court to obtain appropriate equitable relief.

223.   Plaintiff alleges that defendants' continued exercise of control and dominion over plaintiff's monies is unconscionable and inequitable.

224.   Plaintiff respectfully petitions this Honourable Court, pursuant to RICO Title 18 U.S.C. §1964(b), to issue an Order to impress a constructive trust upon defendants' and that the Order declare that each and every defendant be deemed a constructive trustee to hold the interests of plaintiffs for the benefit of plaintiffs.

*[RICO Recovery]*

225.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

202

1

2

3

4

5

6

*THIRTY-SECOND  CLAIM FOR  RELIEF*

*[For RICO Successorship Liability re: RICO Sections 1962(a)-(d),  and 1964(b)*

*of the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§ 1962(a)-(d),  and 1964(b)]*

*[Against All Defendants]*

7

8   226.   Plaintiff, for a Thirty-Second Claim for Relief, realleges  and

9   incorporates  herein Paragraphs 1  through 58,  and incorporates each and every claim

10  for relief advanced under the federal Racketeer Influenced and Corrupt Organizations

11  Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

12

13  227.   Plaintiff alleges that defendants,  by and through the fraudulent

14  and felonious acquisition, receipt, and/or  absorption of   plaintiff's monies,  is

15  susceptible and/or  amenable to successorship liability for contraventions of  the

16  federal   Racketeer   Influenced  and   Corrupt   Organizations    Act   of   1970

17  ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

18

19  228.   Plaintiff alleges that defendants, and each and everyone of them,

20  and their agents, assigns, employees, representatives, servants, officers, directors,

21  partners, attorneys, accountants, solicitors, barristers, counselors, nominees, deputies,

22  and/or  those  acting  pursuant  to power of attorney, be commanded and ordered  to

23  divest all right, title, and interest in the monies previously transmitted via wire transfer

24  to said defendants

25  ///

26  ///

27  ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

229.  Plaintiff  respectfully  petitions  this  Honourable Court, pursuant  to RICO  Title 18 U.S.C. §1964(b), to adjudicate and determine that, as a matter of law, that the aforesaid defendants be held liable, both  personally  and in their  representative  capacities,  as  a  result  of  their  transferring,  disseminating, concealing, and/or otherwise transmitting plaintiff's  property interests to any and/or successor entities. Plaintiff alleges  that such judicial adjudication apply to said defendants  and  to  their  respective  attorneys,  accountants,  agents,  consultants, counselors, designees, employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, and that they be restrained and enjoined from dissipating and/or otherwise disposing of any and all properties, real and/or personal, including all monies, within their possession and control, pending resolution of these proceedings at trial.

## *[RICO Recovery]*

230.  Plaintiff is  entitled to  recover, pursuant to Title 18 United States  Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also  entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///

204    *COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*THIRTY-THIRD  CLAIM FOR  RELIEF*

*[For RICO Successorship Liability re: RICO Sections 1962(a)-(d),  and 1964(a)*

*of the Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§ 1962(a)-(d),  and 1964(a)]*

*[Against All Defendants]*

231.   Plaintiff, for a Thirty-Third Claim for Relief, realleges  and incorporates herein Paragraphs 1  through 58,  and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

232.   Plaintiff alleges that defendants,  by and through the fraudulent and felonious acquisition, receipt, and/or  absorption of plaintiff's  monies,  is susceptible and/or   amenable to successorship  liability for contraventions of   the   federal Racketeer Influenced and  Corrupt  Organizations  Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

233.   Plaintiff alleges that defendants, and each and everyone of them, and their agents, assigns, employees, representatives, servants, officers, directors, partners, attorneys, accountants, solicitors,  barristers,  counselors, nominees, deputies, and/or  those  acting  pursuant  to power of attorney, be commanded and ordered  to divest all right, title, and interest in the monies previously transmitted via wire transfer to said defendants

///

///

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

205

234.   Plaintiff  respectfully  petitions  this  Honourable Court, pursuant  to RICO  Title 18 U.S.C. §1964(a), to adjudicate and determine that, as a matter of law, that the aforesaid defendants be held liable, both personally and in their representative capacities, as a result of their transferring, disseminating, concealing, and/or otherwise transmitting plaintiff's  property interests to any and/or successor entities. Plaintiff alleges  that such judicial adjudication apply to said defendants and to their respective attorneys,  accountants,  agents,  consultants,  counselors,  designees,  employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners, both general and  limited,  and any one acting  pursuant  to any  power  of attorney, general or limited, and that they be restrained and enjoined from dissipating and/or otherwise disposing of any and all properties, real and/or personal, including all monies, within their possession and control, pending resolution of these proceedings at trial.

## *[RICO Recovery]*

235.   Plaintiff is  entitled to  recover, pursuant to Title 18 United States  Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also  entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt  Organizations  Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

*THIRTY-FOURTH  CLAIM  FOR  RELIEF*

*[For Immediate Entry of Federal Declaratory Judgment Relief Pursuant to the*
*Federal Declaratory Judgment Act of 1946]*
*[Title 28 U.S.C.§§ 2201-2202]*
<u>*RE*</u>*: Judicial Invalidation of All Instruments Arising From Predatory Mortgage*
*Lending Practices  – Deeds of Trust, Adjustable Rate Note, Note, Addendum*
*[Against All Defendants]*

236.  Plaintiff, for a Thirty-Fourth   Claim for Relief, realleges  and incorporates  herein Paragraphs 1  through 58, and incorporates each and every claim for relief  advanced under   the   federal   Racketeer  Influenced  and  Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code  §§ 1961 et.seq.].

237.   Plaintiff alleges that an actual controversy has arisen and now exists between plaintiff  and defendants  pertaining and/or materially relating to the legal rights and  duties  of  the  plaintiffs and said defendants arising from the activities of said defendants  committed  as alleged herein  above.

238.   Plaintiff alleges that defendants engaged in conduct constituting predatory mortgage lending practices regarding the deeds of trust, adjustable rate note, and  note,  as  well  as  the  documents  generated  and  executed  contemporaneous therewith.

239.   Plaintiff alleges that said defendants materially omitted to disclose to plaintiff the material fact that MERS could not, as a matter of law, be designated as a nominee of the lender under the deeds of trust inasmuch as MERS lacked requisite statutory legal standing under both Article III of the Constitution of the United States

*COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)*

of America and Rule 17 of the Federal Rules of Civil Procedure for purposes of initiating and prosecuting foreclosure sales as a beneficiary under the Washington Deed of Trust Act.

240.   Plaintiff alleges that the following written provision embodied within the deed of trust securing the $600,000.00, mortgage note executed between plaintiff and West Valley Enterprises regarding the capacity and position of MERS is materially misrepresentative of the legal relationships between the parties:

> ***Deed of Trust***, dated April 7, 2006. Trustee designated: Quality Loan Services, 1770 Fourth Avenue, San Diego, CA 92101; ***MERS*** [***Mortgage Electronic Registration Systems, Inc.***] "acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." Plaintiff identified as 'Grantor" and MERS identified as 'grantee." Pages 3 and 4 of 16 states the role of MERS under the Deed of Trust:
>
> **"TRANSFER OF RIGHTS IN THE PROPERTY"**
>
> "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of THURSTON: SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF. (STATE: WASHINGTON, COUNTY: THURSTON) which currently has the address of 13625 93rd Avenue Southeast, Yelm, Washington 98597 ("Property Address"):

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)***

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  Borrower understands  and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if  necessary to  comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the  right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

[Cross reference NON-UNIFORM COVENANTS, Paragraph # 22, Page 14 of 16]:

"If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold.  Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as Applicable Law may require. * * *."

241.   Plaintiff alleges that MERS lacks the requisite statutory capacity to serve as the nominee for the lender, and therefore as a matter of law, cannot and is legally incapable of serving as a beneficiary under the deed of trust for purposes of the Washington Deed of Trust Act. Plaintiff alleges that MERS lacks said standing also as to the second mortgage evidenced by a deed of trust executed between the parties for $150,000.00.

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

242.   Plaintiff alleges that a declaratory judgment is necessary in that plaintiff contends, and that  defendants  deny, liability to plaintiff  as alleged herein above, and that plaintiff contends, and that defendants deny, that MERS lacks the requisite statutory capacity to serve as the nominee for the lender.

243.   Plaintiff  respectfully petitions  this  Honourable Court to enter declaratory judgment against the afore identified defendants as follows:

A.   That this Honourable Court declare that defendants  be declared derivatively and vicariously liable for the conduct of each other as RICO §1962(d) co-conspirators and as RICO aiders and abettors, as  alleged within the complaint.

B.   That this Honourable Court declare that MERS lacks the requisite statutory capacity to serve as the nominee for the lender, and therefore as a matter of law, cannot and is legally incapable of serving as a beneficiary under the deed of trust for purposes of the Washington Deed of Trust Act.

C.   That this Honourable Court declare that the two [2] Deed of Trust instruments, Adjustable Rate Note, Note, and all documents generated by defendants that were executed between the parties, including all successors in interests and assignees, be judicially invalidated and vitiated as a matter of law inasmuch as the mortgages were the product of predatory mortgage lending practices, that each and every instrument be  rendered null and void, without independent legal significance, that plaintiff be judicially declared not liable thereunder, and that the plaintiff be judicially declared to be the fee simple absolute owner of said residential real property interests.

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 [“RICO”][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

1    244.   Plaintiff  further requests   recovery  of  attorneys' fees and costs

2    incurred herein in  connection with prosecuting this  claim.

3

4    245.   Plaintiff respectfully petitions this Honourable Court for entry of

5    judgment and appropriate orders consistent with the judicial declaration of rights.

6    ///

7    ///

8    ///

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

211   *COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

*THIRTY-FIFTH  CLAIM  FOR  RELIEF*

*[For Immediate Entry of RICO Declaratory Judgment Relief Pursuant RICO*

*Sections 1964(a)-(b) of the Racketeer Influenced and Corrupt Organizations Act*

*of 1970]["RICO"]*

*[Title 18 United States Code §§ 1964(a)-(b)]*

<u>*RE*</u>*: Judicial Invalidation of All Instruments Arising From Predatory Mortgage*

*Lending Practices  – Deeds of Trust, Adjustable Rate Note, Note, Addendum*

*[Against All Defendants]*

246.   Plaintiff, for a Thirty-Fifth  Claim for Relief, realleges  and incorporates herein Paragraphs 1  through 58, and incorporates each and every claim for relief advanced under  the  federal  Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code  §§ 1961 et.seq.].

247.   Plaintiff alleges that an actual controversy has arisen and now exists between plaintiff  and defendants  pertaining and/or materially relating to the legal rights and  duties  of  the  plaintiffs and said defendants arising from the activities of said defendants  committed  as alleged herein  above.

248.   Plaintiff alleges that defendants engaged in conduct constituting predatory  mortgage lending practices regarding the deeds of trust, adjustable rate note, and note, as well as the documents generated and executed contemporaneous therewith.

249.   Plaintiff alleges that said defendants materially omitted to disclose to plaintiff the material fact that MERS could not, as a matter of law, be designated as a nominee of the lender under the deeds of trust inasmuch as MERS lacked requisite

*COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)*

1  statutory legal standing under both Article III of the Constitution of the United States
2  of America and Rule 17 of the Federal Rules of Civil Procedure for purposes of
3  initiating and prosecuting  foreclosure sales as a  beneficiary under the Washington
4  Deed of Trust Act.

5

6     250.   Plaintiff alleges that the following written provision embodied within
7  the deed of trust securing the $600,000.00, mortgage note executed between plaintiff
8  and West Valley Enterprises regarding the capacity and position of MERS  is
9  materially misrepresentative of the legal relationships between the parties:

10     ***Deed of Trust***, dated April 7, 2006.  Trustee designated: Quality Loan Services,
11     1770 Fourth Avenue, San Diego, CA 92101; ***MERS*** [***Mortgage Electronic***
12     ***Registration Systems, Inc.***] "acting solely as a nominee for Lender and
13     Lender's successors and assigns.  MERS is the beneficiary under this Security
14     Instrument." Plaintiff identified as 'Grantor" and MERS identified as 'grantee."
15     Pages 3 and 4 of 16 states the role of MERS under the Deed of Trust:

16          "**TRANSFER OF RIGHTS IN THE PROPERTY**"

17          "The beneficiary of this Security Instrument is MERS (solely as nominee
18          for Lender and Lender's successors and assigns) and the successors and
19          assigns of MERS.  This Security Instrument secures to Lender: (I) the
20          repayment of the Loan, and all renewals, extensions and modifications
21          of the Note; and (ii) the performance of Borrower's covenants and
22          agreements under this Security Instrument and the Note.  For this
23          purpose, Borrower irrevocably grants and conveys to Trustee, in trust,
24          with power of sale, the following described  property located in the
25          COUNTY of THURSTON: SEE LEGAL DESCRIPTION ATTACHED
26          HERETO AND MADE A PART HEREOF. (STATE: WASHINGTON,
27          COUNTY: THURSTON) which currently has the address of 13625 93rd

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS***
213     ***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

Avenue Southeast, Yelm, Washington 98597 ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  Borrower understands  and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if  necessary to  comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the  right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

[Cross reference NON-UNIFORM COVENANTS, Paragraph # 22, Page 14 of 16]:

"If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold.  Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as Applicable Law may require. * * *."

251.   Plaintiff alleges that MERS lacks the requisite statutory capacity to serve as the nominee for the lender, and therefore as a matter of law, cannot and is legally incapable of serving as a beneficiary under the deed of trust for purposes of the Washington Deed of Trust Act. Plaintiff alleges that MERS lacks said standing also as to the second mortgage evidenced by a deed of trust executed between the parties for $150,000.00.

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

252.   Plaintiff alleges that a declaratory judgment is necessary in that plaintiff contends, and that  defendants  deny, liability to plaintiff  as alleged herein above, and that plaintiff contends, and that defendants deny, that MERS lacks the requisite statutory capacity to serve as the nominee for the lender.

253.   Plaintiff  respectfully petitions  this  Honourable Court to enter declaratory judgment against the afore identified defendants as follows:

A.   That this Honourable Court declare that defendants  be declared derivatively and vicariously liable for the conduct of each other as RICO §1962(d) co-conspirators and as RICO aiders and abettors, as  alleged within the complaint.

B.   That this Honourable Court declare that MERS lacks the requisite statutory capacity to serve as the nominee for the lender, and therefore as a matter of law, cannot and is legally incapable of serving as a beneficiary under the deed of trust for purposes of the Washington Deed of Trust Act.

C.   That this Honourable Court declare that the two [2] Deed of Trust instruments, Adjustable Rate Note, Note, and all documents generated by defendants that were executed between the parties, including all successors in interests and assignees, be judicially invalidated and vitiated as a matter of law inasmuch as the mortgages were the product of predatory mortgage lending practices, that each and every instrument be  rendered null and void, without independent legal significance, that plaintiff be judicially declared not liable thereunder, and that the plaintiff be judicially declared to be the fee simple absolute owner of said residential real property interests.

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

254.   Plaintiff   further requests    recovery  of attorneys' fees and costs incurred herein in  connection with prosecuting this  claim.

255.   Plaintiff  respectfully  petitions  this  Honourable  Court  for  entry  of appropriate declaratory judgment and appropriate orders consistent with the judicial declaration of rights pursuant ro RICO §§ 1964(a)-(b).

### *[RICO Declaratory Relief]*

256.   Plaintiff is  entitled to entry of RICO declaratory judgment relief as petitioned   herein above, pursuant to Title 18 United States  Code §§1964(a)-(b). Plaintiff is also entitled to recover attorneys' fees, expenses, charges,   and costs incurred in connection with the prosecution of this litigation, as well as damages arising from lost profits and/or lost business opportunities, pursuant to Title 18 United States   Code §§1964©), attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§1961 et.seq.].

///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

### *THIRTY-SIXTH  CLAIM  FOR  RELIEF*

### *[RICO Unjust Enrichment re: Section 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970] ["RICO"]*

### *[Title 18 United States Code §§1962(a), (b), (c),and (d)  and § 1964(a)]*

### *[Against All Defendants]*

257    Plaintiff, for a Thirty-Sixth  Claim for Relief, realleage  and incorporate herein Paragraphs 1  through 58, and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

258.   Plaintiff alleges that RICO defendants have been  unjustly enriched by and through the perpetration and perpetuation of fraud, false pretenses, theft, and/or conversion,  in  an  amount  exceeding  $400,000.00,    committed  by  said  RICO defendants.

259.   Plaintiff alleges  that plaintiff's   legal remedy is inadequate, and equitable relief in the form of a constructive trust be fashioned and applied in order to assure plaintiff's  ability to successfully petition this Honourable Court  to obtain appropriate equitable relief.

260.   Plaintiff  alleges that defendants' continued exercise of control and dominion over plaintiff's  monies is unconscionable and inequitable.

///
///
///
///

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

261.   Plaintiff respectfully petitions this Honourable Court, pursuant to RICO Title 18 U.S.C. §1964(a),  to issue an Order to impress a constructive trust upon defendants' and that the Order declare that each and every defendant be deemed a constructive trustee to hold the interests of plaintiff for the benefit of plaintiffs.

### *[RICO Recovery]*

262.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
////

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1

2

3

4

5

6

### THIRTY-SEVENTH  CLAIM  FOR  RELIEF

*[RICO Unjust Enrichment re: Section 1964(b) of the Racketeer Influenced and*

*Corrupt Organizations Act of 1970] ["RICO"]*

*[Title 18 United States Code §§1962(a), (b), (c),and (d)  and § 1964(b)]*

*[Against All Defendants]*

7   263.   Plaintiff, for a Thirty-Seventh  Claim for Relief, realleges  and

8  incorporates herein Paragraphs 1  through 58, and incorporates each and every claim

9  for relief advanced under the federal Racketeer Influenced and Corrupt Organizations

10  Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

11

12   264.   Plaintiff alleges that RICO defendants have been  unjustly enriched by

13  and through the perpetration and perpetuation of fraud, false pretenses, theft, and/or

14  conversion,  in  an  amount  exceeding  $400,000.00,  committed  by  said  RICO

15  defendants.

16

17   265.   Plaintiff alleges  that plaintiff's   legal remedy is inadequate, and

18  equitable relief in the form of a constructive trust be fashioned and applied in order

19  to assure plaintiff's   ability to successfully petition this Honourable Court  to obtain

20  appropriate equitable relief.

21

22   266.   Plaintiff  allege that defendants' continued exercise of control

23  and dominion over plaintiff's  monies is unconscionable and inequitable.

24  ///

25  ///

26  ///

27  ///

28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

267.   Plaintiff respectfully petitions this Honourable Court, pursuant to RICO Title 18 U.S.C. §1964(b),  to issue an Order to  impress a  constructive  trust upon defendants' and that the Order declare that each and every defendant be deemed a constructive trustee to hold the interests of plaintiff for the benefit of plaintiffs

*[RICO Recovery]*

268.   Plaintiff is  entitled to  recover, pursuant to Title 18 United States Code  §1964(c),treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is  also  entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

220

1

*THIRTY-EIGHTH  CLAIM  FOR  RELIEF*

2

*[For Conspiratorial  Contravention  of  RICO Section 1964©) of the*

3

*Racketeer Influenced and Corrupt Organizations Act of 1970]*

4

*["RICO"]*

5

*[Title 18 United States Code §§1962©)  and § 1964©)]*

6

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

7

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

8

*and*

9

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

10

*re: Conspiracy to Conceal Artifice and Scheme to Defraud*

11

*re: Intra-Corporate Affiliate Conspiracy*

12

*[Against Bank of America, N.A., BAC Home Loans Servicing, LP, Bank of*

13

*America Corporation, and Bank of America Home Loans, Only]*

14

15   269.   Plaintiff, for a Thirty-Eighth Claim for Relief, realleges  and

16   incorporate s herein Paragraphs 1  through 58, and incorporates each and every claim

17   for relief advanced under the federal Racketeer Influenced and Corrupt Organizations

18   Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

19

20   *[RICO Conspiratorial Liability Contentions]*

21

22   270.   Plaintiff alleges that commencing in September, 2010,  and at all times

23   continuing thereafter, RICO defendants Bank of America, N.A., BAC Home Loans

24   Servicing, LP, Bank of America Corporation, and Bank of America Home Loans,

25   RICO successors in interests herein,  mutually agreed to engage in the aforementioned

26   racketeering activities and/or wrongful conduct giving rise to the RICO Section

27   1962©)  contraventions, that the objective of that mutual  agreement was  to acquire,

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

obtain, maintain, control, and exploit for defendants' exclusive benefit plaintiff monies, and deprive plaintiff of plaintiff's residential real property interests.

271.   Plaintiff alleges that said RICO defendants mutually agreed to affirmatively conceal from plaintiff the facts giving rise to predatory mortgage lending practices that produced and   proximately caused plaintiff's injuries to plaintiff's interests in business or property.

272.   Plaintiff alleges that RICO defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v.  United States**, 522 U.S. 52 (1997)] for the substantive RICO Section  1962©) primary  contraventions committed by defendants inasmuch as:

        A.        Defendants  engaged in the fraudulent activities that constitute  the  RICO  §1961(5)    pattern  of racketeering activity;

        B.        Defendants  are  members  of  the  RICO  §1962(d) conspiracy  designed  and  intended  to  contravene RICO Sections 1962©);

        C.        Defendants engaged in activities in furtherance of advancing  and  promoting  the  RICO  §1962(d) conspiracy  designed  and  intended  to  contravene RICO Section 1962©);

        D.        Defendants are members of  the   RICO  §1962(d) conspiracy  at  and  during  the  time  frame  the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
222    *ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1       E.       The offense fell within the scope of the unlawful

2             agreement and could reasonably have been foreseen

3             to be a necessary or natural consequence of the

4             unlawful  agreement.

5

6                   **[RICO Recovery]**

7

8    273.   Plaintiff is  entitled to recover, pursuant to Title 18 United States  Code

9 §1964©), treble damages in the amount to be determined by offer of proof at time of

10 trial.  Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as

11 well as damages arising from lost profits and/or lost business opportunities attributable

12 to the activities engaged in by defendants committed in furtherance of the Racketeer

13 Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961

14 et.seq.].

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

**COMPLAINT _RE_: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS
ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] _RE_: RICO §1962(d)**

1

### THIRTY-NINTH CLAIM FOR RELIEF

2

*[For Contravention of Washington Criminal Profiteering Act of 1985]*

3

*[Primary, Aiding and Abetting, Respondeat Superior, and Conspiracy Liability]*

4

*["WASH RICO"]*

5

*[R.C.W.§§ 9A.82.080(1)(a), and( 3)(a)]*

6

*[Pinkerton, v. United States, 328 U.S. 640 (1946)*

7

*and*

8

*Salinas, v. United States, 522 U.S. 52 (1997)]*

9

*[Against All Defendants]*

10

11      274.   Plaintiff, for a Thirty-Ninth Claim for Relief, realleges and incorporates

12   herein Paragraphs 1 through 58, and incorporates each and every claim for relief

13   advanced under the federal Racketeer Influenced and Corrupt Organizations Act of

14   1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

15

16      *WASH RICO R.C.W. 9A.82.010(8) ENTERPRISE ALLEGATIONS*

17

18      275.   Plaintiff specifically incorporates herein and adopt by reference,

19   pursuant to FRCP 10, the federal RICO enterprise allegations expressly set forth

20   within the First Claim for Relief [RICO § 1962©)], the Seventh Claim for Relief

21   [RICO § 1962(a)], and the Fourteenth Claim for Relief [RICO § 1962(b)], for

22   purposes of alleging the "enterprise" under WASH RICO 9A.82.010(8) requirement

23   herein.

24   ///

25   ///

26   ///

27   ////

28

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1 | ***WASH RICO R.C.W. 9A.82.080(1)(a)-Primary, Aiding and Abetting,***
2 | ***and Respondeat Superior Common Allegations***
3 |

4 |   276.   Plaintiff alleges that  RICO defendants employed the  federal mails
5 | and/or  federal interstate wires,  as well as engaged in criminal profiteering as set
6 | forth,  specifically,  WASHRICO  §§  9A.82.010(4)(e)[theft],  that  such   activities
7 | constituted a pattern of criminal profiteering activity, as set forth within WASHRICO
8 | § 9A.82.010.010(12),  as alleged herein, to commit the primary contraventions alleged
9 | against them herein, aid and abet the  primary WASHRICO § 9A.82.080(1)(a) and the
10 | conspiracy WASHRICO §9A.82.080(3) contraventions committed by the defendants.
11 |

12 |   277.   Plaintiff alleges  that the RICO defendants were  knowledgeable and
13 | aware of the commission of the primary WASH RICO contraventions committed by
14 | defendants, and other RICO persons unknown by plaintiff as alleged herein,  and that
15 | said defendants substantially assisted   in   the commission  of  the  primary WASH
16 | RICO contraventions, thereby deriving a monetary  benefit as a result to the detriment
17 | of plaintiffs.
18 |

19 | ***WASH RICO R.C.W. 9A.82.080(3)(a) Conspiracy Common Allegations***
20 |

21 |   278.   Plaintiff alleges that commencing in June, 2006, and during and at all
22 | times  material    hereinafter,  defendants  mutually  agreed  to  engage  in  the
23 | aforementioned racketeering activities and/or  wrongful  conduct giving rise to the
24 | WASH RICO §§9A.82.080(1)(a)  contraventions, that the objective of that mutual
25 | agreement was to destroy plaintiff' interests in business and/or property, and that such
26 | conspiratorial conduct constitutes  contravention  of WASH RICO §9A.82.080(3)(a).
27 | ///
28 |

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

279.   Plaintiff alleges that defendants conspired with other RICO persons unknown to plaintiffs, as alleged herein, and with other persons and/or entities known and/or unknown to plaintiff, to destroy plaintiff's interests in business and/or property, by and through the secretion and concealment of material facts that otherwise would have revealed and disclosed the conspiratorial relationship between defendants.

280.   Plaintiff alleges that these RICO defendants are conspiratorially liable under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and **Salinas, v. United States**, 522 U.S. 52 (1997)] for the substantive WASH RICO §9A.82.080(1)(a) contraventions committed by defendant inasmuch as:

A.   Defendants engaged in the fraudulent activities that constitute the WASH RICO pattern of criminal profiteering activity;

B.   Defendants are members of the WASH RICO conspiracy designed and intended to contravene WASH RICO §9A.82.080(1)(a);

C.   Defendants engaged in activities in furtherance of advancing and promoting the WASH RICO conspiracy designed and intended to contravene WASH RICO §9A.82.080(1)(a);

D.   Defendants are members of the WASH RICO conspiracy at and during the time frame the fraudulent activities were committed that constitute the WASH RICO pattern of criminal profiteering activity; and,

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

E.   The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**[WASH RICO Recovery]**

281.   Plaintiff is entitled to recover, pursuant to §9A.82.100(1)(a), damages and cost of suit in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of WASH RICO .

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

*FORTIETH  CLAIM  FOR RELIEF*

*[For Contravention of Washington Consumer Protection Act]*

*[Primary, Aiding and Abetting, Respondeat Superior, and Conspiracy Liability]*

*["WASH CPA"]*

*[R.C.W.§§ 19.86.010, 19.86.20, 19.86.090,  and  19.86.140]*

*[Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v. United States, 522 U.S. 52 (1997)]*

*[Against All Defendants]*

282.   Plaintiff, for a Fortieth Claim for Relief, realleges  and incorporates herein Paragraphs 1 through 58, and incorporates each and every claim for relief advanced under  the  federal  Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

283.   Plaintiff alleges  that defendants,  and other agents, employees, representatives, directors, officers, and nominees of  defendants, are  engaged in the business of providing services and/or activities that involve maintaining and operating Internet web sites    promoting, soliciting, advancing and/or otherwise operating a business organization for the purpose of offering services for purposes including, but not restricted to, mortgage financing of residential real property, commercial and industrial  financial  lending,  financing  real  property  acquisitions,  real  property developments,  real  property  joint  ventures,  real  property  personal   residential properties, mortgage loan servicing, and/or commercial lending, offered  to persons and/or businesses by soliciting, attracting, and acquiring clientele located throughout the United States of America, including Washington.

///

*COMPLAINT <u>RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE:</u> RICO §1962(d)</u>*

284.   Plaintiff alleges that defendants' conduct complained of herein constitutes engaging in the promotion of predatory mortgage lending practices and mortgage loan origination fraud.

285.   Plaintiff further alleges  that said defendants engaged in the activities complained hereof  with reckless disregard and/or specific intent  to destroy, harm, and/or injure plaintiff's interests in  business  and/or property and derive a monetary and/or business benefit as a direct and proximate cause thereby. Plaintiff is  informed and believes, and based thereupon allege that defendants engaged in similar conduct with similarly situated victims others, and alleges that such activities constitute the rendition of unfair business  practices  and contravene the Washington Consumer Protection Act, R.C.W. §§ 19.86.020, 19.86.090,  and  19.86.140.

286.   Plaintiff alleges  that defendants  consistently and routinely engage in this course of  conduct and/or  pattern of  practice to destroy, harm, and/or injure plaintiff's interests in business and/or property  and derive a monetary and/or business benefit as a direct and proximate cause thereby, as  well as inflict similar financial injury upon  individuals  situated  within  the  state  of  Washington  by  and  through engaging in similar conduct.

287.   Plaintiff alleges that said defendants engaged in conduct that constitutes an unfair and/or deceptive trade practice, in trade or commerce, that impacts the public interest, which causes injury to the plaintiff in plaintiff's business or property, and which said injury is causally linked to the unfair or deceptive act.

288.   Plaintiff alleges  that as a proximate result of defendants' conduct, plaintiff  sustained injuries to plaintiff's  interests  in business and/or property.

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

289.   Plaintiff alleges that defendants' conduct constituted primary, secondary, or aiding and abetting, and **Pinkerton Doctrine** [**Pinkerton, v. United States**, 328 U.S. 640 (1946)] conspiratorial contraventions of substantive R.C.W. §§ 19.86.090 and 19.86.140.

290.   The aforementioned defendants in this Claim for Relief are conspiratorially liable  under application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640 (1946) and  **Salinas, v United States**, 522 U.S. 52 (1997)] for the substantive R.C.W. §§ 19.86.090 and 19.86.140 provisions committed by defendants  inasmuch as:

     A.   Defendants engaged in the  fraudulent activities that constitute the civil conspiracy to contravene R.C.W.  §§ 19.86.090 and 19.86.140  upon the plaintiff;

     B.   Defendants are members of the conspiracy designed and intended to harm and/or injure plaintiff;

     C.   Defendants engaged in activities in furtherance of advancing and promoting the conspiracy designed and intended to harm and/or injure plaintiff;

     D.   All  defendants are  members of the conspiracy at and during the time frame the fraudulent  activities  were committed  that constitute the civil conspiracy to effect harm and/or injure plaintiff; and,

     E.   The offense fell within the  scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful  agreement.

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

291.   The conduct of defendants, and each and everyone of them, constituted wilful, wanton, and reckless disregard for the rights of plaintiff. Plaintiff alleges that as a direct and proximate result of the conduct, he sustained mental distress, mortification, loss of self esteem, ridicule, and embarrassment.

292.   Plaintiff is  entitled to recover compensatory damages  according  to offer of  proof  at  time of trial, and trebled, in accordance with R.C.W. § 19.86.090, not to exceed $25,000.00.

293.   Plaintiff is  entitled  to recover attorneys' fees, costs, and statutory prejudgement interest provided under R.C.W. § 19.86.090.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

*FORTY-FIRST CLAIM FOR RELIEF*

*[For Immediate Entry of Washington Declaratory Judgment Relief Pursuant to*

*the Uniform Declaratory Judgments Act]*

*[R.C.W. 7.24.010, et.seq.]*

*RE: Judicial Invalidation of All Instruments Arising From Predatory Mortgage*

*Lending Practices – Deeds of Trust, Adjustable Rate Note, Note, Addendum*

*[Against All Defendants]*

294.  Plaintiff, for a Forty-First Claim for Relief, realleges and incorporates herein Paragraphs 1 through 58, incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.], and the claim for relief advanced under the federal Declaratory Judgment Act of 1946 [Title 28 U.S.C. §§ 2201-2202].

295.  Plaintiff alleges that an actual controversy has arisen and now exists between plaintiff and defendants pertaining and/or materially relating to the legal rights and duties of the plaintiffs and said defendants arising from the activities of said defendants committed as alleged herein above.

296.  Plaintiff alleges that defendants engaged in conduct constituting predatory mortgage lending practices regarding the deeds of trust, adjustable rate note, and note, as well as the documents generated and executed contemporaneous therewith.

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

297.   Plaintiff alleges that said defendants materially omitted to disclose to plaintiff the material fact that MERS could not, as a matter of law, be designated as a nominee of the lender under the deeds of trust inasmuch as MERS lacked requisite statutory legal standing under both Article III of the Constitution of the United States of America and Rule 17 of the Federal Rules of Civil Procedure for purposes of initiating and prosecuting  foreclosure sales as a  beneficiary under the Washington Deed of Trust Act.

298.   Plaintiff alleges that the following written provision embodied within the deed of trust securing the $600,000.00, mortgage note executed between plaintiff and West Valley Enterprises regarding the capacity and position of MERS   is materially misrepresentative of the legal relationships between the parties:

*Deed of Trust*, dated April 7, 2006.  Trustee designated: Quality Loan Services, 1770 Fourth Avenue, San Diego, CA 92101; ***MERS*** [***Mortgage Electronic Registration Systems, Inc.***] "acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument." Plaintiff identified as 'Grantor" and MERS identified as 'grantee." Pages 3 and 4 of 16 states the role of MERS under the Deed of Trust:

"**TRANSFER OF RIGHTS IN THE PROPERTY**"

"The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described  property located in the

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

233

COUNTY of THURSTON: SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF. (STATE: WASHINGTON, COUNTY: THURSTON) which currently has the address of 13625 93rd Avenue Southeast, Yelm, Washington 98597 ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

[Cross reference NON-UNIFORM COVENANTS, Paragraph # 22, Page 14 of 16]:

"If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee and Lender shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as Applicable Law may require. * * *."

///

///

///

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

234

299.   Plaintiff alleges that MERS lacks the requisite statutory capacity to serve as the nominee for the lender, and therefore as a matter of law, cannot and is legally incapable of serving as a beneficiary under the deed of trust for purposes of the Washington Deed of Trust Act.  Plaintiff alleges that MERS lacks said standing also as to the second mortgage evidenced by a deed of trust executed between the parties for $150,000.00.

300.   Plaintiff alleges that a declaratory judgment is necessary in that plaintiff contends, and that  defendants  deny, liability to plaintiff  as alleged herein above, and that plaintiff contends, and that defendants deny, that MERS lacks the requisite statutory capacity to serve as the nominee for the lender.

301.   Plaintiff  respectfully petitions  this  Honourable Court to enter declaratory judgment against the afore identified defendants as follows:

        A.   That this Honourable Court declare that defendants  be declared derivatively and vicariously liable for the conduct of each other as RICO §1962(d) co-conspirators and as RICO aiders and abettors, as  alleged within the complaint.

        B.   That this Honourable Court declare that MERS lacks the requisite statutory capacity to  serve  as  the  nominee  for  the  lender,  and therefore as a matter of law, cannot and is legally incapable of serving as a beneficiary under the deed of trust for purposes of the Washington Deed of Trust Act.

        C.   That this Honourable Court declare that the two [2]  Deed  of Trust instruments, Adjustable Rate Note, Note, and all documents generated by defendants that were executed between the parties, including all successors in interests and assignees, be judicially

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

invalidated and vitiated as a matter of law inasmuch as the mortgages were the product of predatory mortgage lending practices, that each and every instrument be rendered null and void, without independent legal significance, that plaintiff be judicially declared not liable thereunder, and that the plaintiff be judicially declared to be the fee simple absolute owner of said residential real property interests.

302.   Plaintiff further requests   recovery of attorneys' fees and costs incurred herein in  connection with prosecuting this  claim.

303.   Plaintiff respectfully petitions this Honourable Court for entry of judgment and appropriate orders consistent with the judicial declaration of rights.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

236

1

***FORTY-SECOND  CLAIM  FOR  RELIEF***

2

***[For Immediate Entry of Judgment and Appropriate Orders Commanding***

3

***Disgorgement  Pursuant  RICO Sections 1964(a)-(b) of the Racketeer***

4

***Influenced and Corrupt Organizations Act of 1970]***

5

***["RICO"]***

6

***[Title 18 United States Code § §1964(a)-(b)]***

7

***[Against All Defendants]***

8

9  304.  Plaintiff, for a Forty-Second   Claim for Relief, realleges   and

10 incorporates herein Paragraphs 1  through  58,  and incorporates each and every claim

11 for relief   advanced     under  the  federal  Racketeer  Influenced  and  Corrupt

12 Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

13

14  305.  Plaintiff alleges that defendants,  and each and everyone of them, and

15 their agents, assigns, employees, representatives, servants, officers, directors, partners,

16 attorneys, accountants, solicitors,  barristers,  counselors, nominees, deputies, and/or

17 those  acting  pursuant  to power of  attorney, be  commanded  and  ordered to

18 disgorge  all right, title, and interest in plaintiffs' monies received by said defendants

19 by and through the alleged predatory mortgage lending practices.

20

21  306.  Plaintiff alleges that disgorgement  is an appropriate equitable

22 remedy to accord the protection and preservation of plaintiff's interests  in assuring

23 receipt of the monetary proceeds legally owed to  plaintiff.  Plaintiff alleges that such

24 relief  is  appropriate  pursuant   to RICO Sections 1964(a)-(b) of the Racketeer

25 Influenced  and   Corrupt  Organizations  Act of 1970 ["RICO"][Title 18 U.S.C.

26 Sections 1964(a)-(b)].

27 ///

28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

307.   Plaintiff is entitled to recover attorneys' and costs incurred herein pursuant to RICO   Section 1964©) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 USC Section 1964©)].

### *[RICO Recovery]*

308.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

238

### FORTY-THIRD  CLAIM  FOR  RELIEF

### *[For Commission of Common Law Fraud re: Promissory Fraud  and*

### *Constructive Fraud]*

### *[RE: Predatory Mortgage Lending Practices, Mortgage Loan Origination Fraud,*

### *and Mortgage Loan Servicing Fraud]*

### *[Against All Defendants]*

309.   Plaintiff, for a Forty-Third Claim for Relief, realleges and incorporates herein Paragraphs 1 through 58, and each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.], the claim for relief advanced under the federal Declaratory Judgment Act of 1946 [Title 28 U.S.C. §§ 2201-2202], and the claim for relief advanced under the Washington Uniform Declaratory Judgments Act [R.C.W. 7.24.010].

310.   Plaintiff alleges that defendants West Valley Enterprises, Inc., and West Valley Mortgage represented and confirmed  to  plaintiff, both by electronic messaging and/or cell phone, and in person, during all times material herein, that defendants would provide plaintiff with mortgage financing in order for plaintiff to acquire the residential property acquired under the two [2] deeds of trust and notes. Defendants assured, confirmed, affirmed, and represented to plaintiff that plaintiff qualified for such mortgage financing.

311.   Plaintiff, based upon  upon said  defendants' representations, justifiably relied thereon  to plaintiff's legal detriment.

///

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1    312.   Plaintiff alleges that the representations made by said defendants was

2 in fact material misrepresentations of fact, as alleged herein.  Plaintiff could not,

3 through exercise of reasonable diligence, have discovered the true facts regarding the

4 representation made by defendants, and that, in fact, said defendants had promoted and

5 offered to plaintiff unsuitable mortgages with knowledge that said defendants'

6 significantly overstated plaintiff's monthly income upon the Fannie Mae Form 1003,

7 thereby materially misrepresenting plaintiff's qualifications to obtain said mortgage.

8

9    312A.        Plaintiff alleges that the subsequent transfer and assignment of the

10 mortgage servicing contract rights to successors Novastar Mortgage, Inc., Wilshire

11 Credit Corporation, and the BAC Home Loan Servicing, LP-Bank of America, N.A.,

12 Corporate Entities, continued the perpetration and perpetuation of the predatory

13 lending mortgage fraud, mortgage origination fraud, mortgage servicing fraud that

14 proximately and directly injured plaintiff's interests in business and/or property.

15

16    312B.        Plaintiff alleges that both Quality Loan Services and MERS

17 facilitated and furthered the activities of the afore referenced mortgage firms in

18 connection with the perpetration and perpetuation of the predatory lending mortgage

19 fraud, mortgage origination fraud, mortgage servicing fraud that proximately and

20 directly injured plaintiff's interests in business and/or property.

21

22    312C.        Plaintiff alleges that both Quality Loan Services and MERS knew,

23 and had reason to know, that MERS could not serve as a nominee and a beneficiary

24 under the two [2] deeds of trust executed by the parties, and that MERS was incapable

25 as a matter of law from serving in such capacities under the Washington Deed of Trust

26 Act.

27 ///

28

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS**
240    **ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

312D.     By way of the filing of a separate motion/***ex parte*** application for entry of a temporary restraining order, plaintiff shall move for issuance of a temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

312E.     In order to obtain an injunction under the requirements of the Washington Deed of Trust Act, rather  than under the Federal Rules of Civil Procedure, a  borrower must seek to obtain an order restraining the sale or risk the possibility of waiving all claims against the foreclosing entities and/or in relation to the making of the loan..  The standard for obtaining injunctive relief under the Deed of Trust Act is set forth within two portions of the Act:

> Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.

RCW 61.24.040(1)(f).

> Nothing contained in this chapter shall prejudice the right of the borrower, grantor, any guarantor, or any person who has an interest in , lien, or claim of lien against the  property or some part thereof, to restrain, **on any proper legal or equitable ground**, trustee's sale.

RCW 61.24.130(1)(emphasis added).

312F.     Plaintiff maintains that plaintiff will demonstrate that there are proper legal and equitable grounds for the enjoining of the foreclosure sale in plaintiff's separate motion/***ex parte*** application for entry of a temporary restraining order such that plaintiff is entitled to the requested relief.

///

///

**COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)**

241

313.   Plaintiff alleges that as a direct and proximate result of said defendants' conduct, plaintiff sustained destruction of heretofore pristine unblemished creditworthiness, loss of monies, deprivation of business opportunities, diminished reputation, and loss of character.

314.   Plaintiff seeks recovery of compensatory damages according to offer of proof at time of trial.

315.   Plaintiff alleges that the conduct of said defendant as alleged herein  constituted wilful, wanton, and reckless disregard for the rights of plaintiff. Plaintiff experienced  mortification, loss of self esteem, diminution of reputation and character, and anxiety.

316.   Plaintiff is entitled  to  recover  attorneys' fees, costs, and post-judgment interest.

///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

242

1

2

3

4

***FORTY-FOURTH  CLAIM  FOR  RELIEF***

***[For Commission of Breach of Good Faith]***

***[Against Quality Loan Service of Washington, Only]***

5   317.   Plaintiff, for a Forty-Fourth Claim for Relief, realleges and incorporates
6   herein Paragraphs 1  through 58, and each and every claim for relief alleged  under
7   the  federal  Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970
8   ["RICO"][Title 18 U.S.C.A. §§1961 et.seq.], the claim for relief advanced under the
9   federal Declaratory Judgment Act of 1946 [Title 28 U.S.C. §§ 2201-2202], and the
10  claim for relief advanced under the Washington Uniform Declaratory Judgments Act
11  [R.C.W. 7.24.010].

12

13  318.   Plaintiff  allege  that at all times material herein  that defendant Quality
14  Loan Service, trustee under the two [2] deeds of trust, owed a good faith  duty  to
15  plaintiff as mandated and required pursuant to R.C.W.  § 61.24.010.

16

17  319.   Defendant Quality Loan Services  breached  a duty of good to  plaintiff
18  in the following particulars:

19  ♦   Attempting  to  foreclose  upon  plaintiff's  property  because
20      defendant  may  not have been  properly appointed  as the trustee
21      empowered with the authority to foreclose. That is, if MERS could
22      not serve as the beneficiary of the two [2] deeds of trust under
23      Washington law, then MERS's assignment of the deed of trust to
24      an unknown party was erroneous.

25  320.   Plaintiff alleges that as a proximate result of the  conduct  practiced by
26  defendant, plaintiff has  sustained  compensatory  damages  in  an  amount  to  be
27  ascertained by offer of proof at time trial.

28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
***ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

321.   Plaintiff alleges that as a direct and proximate result of said defendant's conduct, plaintiff has experienced destruction of plaintiff's heretofore absolutely pristine, perfectly unblemished creditworthiness, loss of monies, loss of properties, deprivation of business opportunities, diminished reputation, and loss of character.

322.   Plaintiff alleges that the conduct of defendant as alleged herein constituted wilful, wanton, and reckless disregard for the rights of plaintiff. Plaintiff experienced mortification, loss of self esteem, diminution of reputation and character.

323.   Plaintiff is entitled to recover attorneys' fees, costs, and post-judgment interest.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

## FORTY-FIFTH CLAIM  FOR  RELIEF

### *[For Entry of Appropriate Order Commanding Immediate Accounting of Monies and Properties/Designation of Constructive Trustee-Successorship in Interest Pursuant to RICO §§ 1964(a)-(b)]*
### *[Title 18 U.S.C. §§ 1964(a)-(b)]*
### *[Against All Defendants]*

324.   Plaintiff, for a Forty-Fifth  Claim for Relief, realleges  and incorporates herein Paragraphs 1 through 58,  and each and every claim for relief under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.A. §§1961 et.seq.].

325.  Plaintiff  alleges  that  at  all times material herein, defendants  owed a duty to plaintiff to apply plaintiff's   monies as represented and to accurately account to plaintiff.

326.   Plaintiff  alleges  that  as a result of such relationship, defendants owed a  duty to plaintiff to account,  with a duty of loyalty, duty of care, duty of good faith, and duty to disclose.

327.  Plaintiff  alleges    that defendants   wrongfully, fraudulently,   and feloniously acquired plaintiff's monies, by and through engaging and promoting in the placement  of  plaintiff  in  unsuitable  mortgages  in  connection  with  committing predatory mortgage lending practices fraud as alleged herein above, and continue to wrongfully,  fraudulently, and feloniously retain plaintiffs' monies.

///

///

**COMPLAINT <u>RE</u>: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] <u>RE</u>: RICO §1962(d)**

328.   Plaintiff alleges that plaintiff expended in excess of $400,000.00, in interest only payments, between June, 2006, and up through early 2011, relying upon the promises, representations, and warranties of defendants as alleged herein..

329.   Plaintiff respectfully petitions this Honourable Court to issue an Order to cause an immediate accounting of monies and properties that are legally due and payable to plaintiff by defendants.

330.   Plaintiff respectfully petitions this Honourable Court, pursuant to RICO Title 18 U.S.C. §§1964(a)-1964(b), to adjudicate and determine that, as a matter of law, that defendants be held liable, both personally and in their representative capacities, as a result of their transferring, disseminating, concealing, and/or otherwise transmitting plaintiff's property interests to any and/or successor entities. Plaintiff alleges that such judicial adjudication apply to said defendants and to their respective attorneys, accountants, agents, consultants, counselors, designees, employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, and that they be restrained and enjoined from dissipating and/or otherwise disposing of any and all properties, real and/or personal, including all monies, within their possession and control, pending resolution of these proceedings at trial.

///
///
///
///
///
///

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)**

246

1

### [RICO Recovery]

2

3      331.   Plaintiff is  entitled to  recover, pursuant to Title 18 United States  Code

4   §1964(c),treble damages in the amount to be determined by offer of proof at time of

5   trial.  Plaintiff is  also  entitled to recover attorneys' fees and costs of this litigation,

6   as  well  as  damages  arising  from  lost  profits  and/or  lost  business  opportunities

7   attributable to the activities engaged in by defendants committed in furtherance of the

8   Racketeer  Influenced  and  Corrupt  Organizations  Act  of  1970  ["RICO"][Title  18

9   U.S.C. §1961 et.seq.].

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

*FORTY-SIXTH  CLAIM  FOR  RELIEF*

*[For Entry of Ex Parte Temporary Restraining Order and Preliminary*

*Injunction Pursuant to R.C.W. 61.24.040(1)(f) and 61.24.130]*

*[Title 18 U.S.C. §§ 1964(a)-(b)]*

*RE: Judicial Invalidation of All Instruments Arising From Predatory Mortgage*

*Lending Practices  – Deeds of Trust, Adjustable Rate Note, Note, Addendum*

*[Against La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc.,*

*MLMI 2006-HE4 Pool 669, Bank of America, N.A., BAC Home Loans*

*Servicing, LP, Bank of America Home Loans, Bank of America Corporation,*

*Quality Loan Services, and MERS, Only]*

332.   Plaintiff, for a Forty-Sixth  Claim for Relief, realleges  and incorporates herein Paragraphs 1 through 58,  and each and every claim for relief under the federal Racketeer Influenced and  Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.A. §§1961 et.seq.], the claim for relief advanced under the federal Declaratory Judgment Act of 1946 [Title 28 U.S.C. §§ 2201-2202], and the claim for relief advanced  under the  Washington Uniform Declaratory Judgments Act [R.C.W. 7.24.010].

333.   By way of the filing of a separate motion/*ex parte* application for entry of a temporary restraining order, plaintiff shall move for issuance of a temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

334.   In order to obtain an injunction under the requirements of the Washington Deed of Trust Act, rather  than under the Federal Rules of Civil Procedure, a  borrower must seek to obtain an order restraining the sale or risk the possibility of waiving all claims against the foreclosing entities and/or in relation to

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1  the making of the loan..  The standard for obtaining injunctive relief under the Deed
2  of Trust Act is set forth within two portions of the Act:

3          Anyone having any objection to the sale on any grounds whatsoever will
4          be afforded an opportunity to be heard as to those objections if they bring
5          a lawsuit to restrain the sale pursuant to RCW 61.24.130.
6  RCW 61.24.040(1)(f).

7

8          Nothing contained in this chapter shall prejudice the right of the
9          borrower, grantor, any guarantor, or any person who has an interest in ,
10         lien, or claim of lien against the   property or some part thereof, to
11         restrain, **on any proper legal or equitable ground**, trustee's sale.
12  RCW 61.24.130(1)(emphasis added).

13

14     335.   Plaintiff maintains that plaintiff will demonstrate that there are proper
15  legal and equitable grounds for the enjoining of the foreclosure sale in plaintiff's
16  separate motion/***ex parte*** application for entry of a temporary restraining order such
17  that plaintiff is entitled to the requested relief.
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS
        ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FORTY-SEVENTH  CLAIM  FOR  RELIEF

*[For Conspiratorial  Contravention  of  RICO Section 1964©) of the*

*Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§1962(a)  and § 1964©)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*re: Conspiracy to Conceal Artifice and Scheme to Defraud*

*re: Intra-Corporate Affiliate Conspiracy*

*[Against Bank of America, N.A., BAC Home Loans Servicing, LP, Bank of*

*America Corporation, and Bank of America Home Loans, Only]*

336.   Plaintiff, for a Forty-Seventh Claim for Relief, realleges  and incorporate s herein Paragraphs 1  through 58, and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

### *[RICO Conspiratorial Liability Contentions]*

337.   Plaintiff alleges that commencing in September, 2010,  and at all times continuing thereafter, RICO defendants Bank of America, N.A., BAC Home Loans Servicing, LP, Bank of America Corporation, and Bank of America Home Loans, RICO  successors in interests herein,  mutually agreed to engage in the aforementioned racketeering  activities  and/or  wrongful  conduct  giving  rise  to  the  RICO  Section 1962(a)  contraventions, that the objective of that mutual  agreement was  to acquire,

1  obtain, maintain, control, and exploit for defendants' exclusive benefit plaintiff

2  monies, and deprive plaintiff of plaintiff's residential real property interests.

3

4      338.   Plaintiff alleges that said RICO defendants mutually agreed to

5  affirmatively conceal from plaintiff the facts giving rise to predatory mortgage lending

6  practices that produced and    proximately caused plaintiff's injuries to plaintiff's

7  interests in business or property.

8

9      339.   Plaintiff alleges that RICO defendants are conspiratorially liable under

10  application of the **Pinkerton** Doctrine [**Pinkerton, v. United States**, 328 U.S. 640

11  (1946) and **Salinas, v.  United States**, 522 U.S. 52 (1997)] for the substantive RICO

12  Section  1962(a) primary  contraventions committed by defendants inasmuch as:

13                    A.          Defendants  engaged in the fraudulent activities that

14                                constitute   the   RICO   §1961(5)     pattern   of

15                                racketeering activity;

16                    B.          Defendants  are  members  of  the  RICO  §1962(d)

17                                conspiracy  designed  and  intended  to  contravene

18                                RICO Sections 1962(a);

19                    C.          Defendants engaged in activities in furtherance of

20                                advancing  and  promoting  the  RICO  §1962(d)

21                                conspiracy  designed  and  intended  to  contravene

22                                RICO Section 1962(a);

23                    D.          Defendants are members of  the  RICO  §1962(d)

24                                conspiracy  at  and  during  the  time  frame  the

25                                fraudulent activities were committed that constitute

26                                the RICO §1961(5) pattern of racketeering activity;

27                                and,

28

*COMPLAINT **RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS**
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] **RE: RICO §1962(d)***

1     E.    The offense fell within the scope of the unlawful

2          agreement and could reasonably have been foreseen

3          to be a necessary or natural consequence of the

4          unlawful agreement.

5

6        ***[RICO Recovery]***

7

8  340. Plaintiff is entitled to recover, pursuant to Title 18 United States Code

9 §1964©), treble damages in the amount to be determined by offer of proof at time of

10 trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as

11 well as damages arising from lost profits and/or lost business opportunities attributable

12 to the activities engaged in by defendants committed in furtherance of the Racketeer

13 Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961

14 et.seq.].

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

 ***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

*FORTY-EIGHTH  CLAIM  FOR  RELIEF*

*[For Conspiratorial  Contravention  of  RICO Section 1964©) of the*

*Racketeer Influenced and Corrupt Organizations Act of 1970]*

*["RICO"]*

*[Title 18 United States Code §§1962(b)  and § 1964©)]*

*[RE: RICO Section 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton, v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas, v.   United States, 522 U.S. 52 (1997) Conspiratorial Liability]*

*re: Conspiracy to Conceal Artifice and Scheme to Defraud*

*re: Intra-Corporate Affiliate Conspiracy*

*[Against Bank of America, N.A., BAC Home Loans Servicing, LP, Bank of*

*America Corporation, and Bank of America Home Loans, Only]*

341.   Plaintiff, for a Forty-Eighth Claim for Relief, realleges  and incorporate s herein Paragraphs 1  through 58, and incorporates each and every claim for relief advanced under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

*[RICO Conspiratorial Liability Contentions]*

342.   Plaintiff alleges that commencing in September, 2010,  and at all times continuing thereafter, RICO defendants Bank of America, N.A., BAC Home Loans Servicing, LP, Bank of America Corporation, and Bank of America Home Loans, RICO  successors in interests herein,  mutually agreed to engage in the aforementioned racketeering  activities  and/or  wrongful  conduct  giving  rise  to  the  RICO  Section 1962(b)  contraventions, that the objective of that mutual  agreement was  to acquire,

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

obtain, maintain, control, and exploit for defendants' exclusive benefit plaintiff monies, and deprive plaintiff of plaintiff's residential real property interests.

343.   Plaintiff alleges that said RICO defendants mutually agreed to affirmatively conceal from plaintiff the facts giving rise to predatory mortgage lending practices that produced and   proximately caused plaintiff's injuries to plaintiff's interests in business or property.

344.   Plaintiff alleges that RICO defendants are conspiratorially liable under application of the ***Pinkerton*** Doctrine [***Pinkerton, v. United States***, 328 U.S. 640 (1946) and ***Salinas, v.  United States***, 522 U.S. 52 (1997)] for the substantive RICO Section  1962(b) primary  contraventions committed by defendants inasmuch as:

> A.     Defendants  engaged in the fraudulent activities that constitute  the  RICO  §1961(5)    pattern  of racketeering activity;
>
> B.     Defendants  are  members  of  the  RICO  §1962(d) conspiracy  designed  and  intended  to  contravene RICO Sections 1962(b);
>
> C.     Defendants engaged in activities in furtherance of advancing  and  promoting  the  RICO  §1962(d) conspiracy  designed  and  intended  to  contravene RICO Section 1962(b);
>
> D.     Defendants are members of  the  RICO  §1962(d) conspiracy  at  and  during  the  time  frame  the fraudulent activities were committed that constitute the RICO §1961(5) pattern of racketeering activity; and,

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

E.      The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**[RICO Recovery]**

345.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964©), treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1
2
3
4
5
6
7

### FORTY-NINTH CLAIM  FOR  RELIEF
*[For Immediate Entry of Judgment and Appropriate Orders Commanding Divestiture of Monies Received  Pursuant   RICO Sections 1964(a)-(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970]*
*["RICO"]*
*[Title 18 United States Code § §1964(a)-(b)]*
*[Against All Defendants]*

8

9   346.   Plaintiff, for a Forty-Ninth Claim for Relief, realleges  and incorporates
10  herein Paragraphs 1  through  58,  and incorporates each and every claim for relief
11  advanced   under the federal Racketeer Influenced and Corrupt Organizations Act of
12  1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

13

14  347.   Plaintiff alleges that defendants,  and each and everyone of them, and
15  their agents, assigns, employees, representatives, servants, officers, directors, partners,
16  attorneys, accountants, solicitors,  barristers,  counselors, nominees, deputies, and/or
17  those  acting  pursuant  to power of  attorney, be  commanded  and  ordered to divest
18  all right, title, and interest in plaintiffs' monies received by said defendants by and
19  through the alleged predatory mortgage lending practices.

20

21  348.   Plaintiff alleges that disgorgement  is an appropriate equitable
22  remedy to accord the protection and preservation of plaintiff's interests  in assuring
23  receipt of the monetary proceeds legally owed to  plaintiff.   Plaintiff alleges that such
24  relief is appropriate pursuant   to RICO Sections 1964(a)-(b) of the Racketeer
25  Influenced  and   Corrupt  Organizations  Act  of  1970 ["RICO"][Title 18 U.S.C.
26  Sections 1964(a)-(b)].

27  ///

28

***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

349.   Plaintiff is entitled to recover attorneys' and costs incurred herein pursuant to RICO   Section 1964©) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 USC Section 1964©)].

### *[RICO Recovery]*

350.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial.  Plaintiff is   also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

**FIFTIETH CLAIM  FOR  RELIEF**

*[For Commission of Negligent Misrepresentation]*

*[RE: Predatory Mortgage Lending Practices-Loan Origination and Servicing*

*Fraud Practices]*

*[Against All Defendants]*

351.   Plaintiff, for a Fortieth Claim for Relief, realleges  and incorporates herein Paragraphs 1  through  58.

352.   Plaintiff alleges that during all times  material herein that defendants assured, promoted to, plaintiff,  represented, re-affirmed,  and confirmed  to plaintiff that plaintiff qualified  to obtain the two [2]  mortgage loan  obligations  described factually herein above, based upon plaintiff's exemplary pristine credit score, that plaintiff was advised not to consider applying for available conventional mortgage loan financing, that defendants would reasonably and competently provide mortgage loan servicing of those mortgage loan obligations, that plaintiff would be advised of increases in monthly  payments under both the Adjustable Rate Note and the Note, in writing, from the "Note Holder,"   and that the parties to the two [2] deeds of trust were legally competent and recognized to serve and occupy in such representative capacities in accordance with the Washington Deed  of  Trust  Act.

353.   Plaintiff alleges that such  representations constituted negligent misrepresentations of fact.

354.   Plaintiff alleges that the following written provision embodied within the deed of trust securing the $600,000.00, mortgage note executed between plaintiff and West Valley Enterprises regarding  the  capacity  and  position  of  MERS   is

materially misrepresentative of the legal relationships between the parties:

*Deed of Trust*, dated April 7, 2006.  Trustee designated: Quality Loan Services, 1770 Fourth Avenue, San Diego, CA 92101; *MERS* [*Mortgage Electronic Registration Systems, Inc.*] "acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument." Plaintiff identified as 'Grantor' and MERS identified as 'grantee." Pages 3 and 4 of 16 states the role of MERS under the Deed of Trust:

"**TRANSFER OF RIGHTS IN THE PROPERTY**"

"The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.   For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described  property located in the COUNTY of THURSTON: SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF. (STATE: WASHINGTON, COUNTY: THURSTON) which currently has the address of 13625 93rd Avenue Southeast, Yelm, Washington 98597 ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  Borrower understands  and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Interest, but, if  necessary to  comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1    the right: to exercise any or all of those interests, including, but not

2    limited to, the right to foreclose and sell the Property; and to take any

3    action required of Lender including, but not limited to, releasing and

4    canceling this Security Instrument."

5    [Cross reference NON-UNIFORM COVENANTS, Paragraph # 22, Page

6    14 of 16]:

7    "If Lender invokes the power of sale, Lender shall give written

8    notice to Trustee of the occurrence of an event of default and of

9    Lender's election to cause the Property to be sold.  Trustee and

10    Lender shall take such action regarding notice of sale and shall

11    give such notices to Borrower and to other persons as Applicable

12    Law may require. * * *."

13

14    355.  Plaintiff alleges that MERS lacks the requisite statutory capacity to

15 serve as the nominee for the lender, and therefore as a matter of law, cannot and is

16 legally incapable of serving as a beneficiary under the deed of trust for purposes of the

17 Washington Deed of Trust Act.

18

19    355A.      Plaintiff alleges that commencing on 1 May 2008, and continuing

20 thereafter, plaintiff's monthly payments under the Adjustable Rate Note, dated 7 April

21 2006, increased as evidenced by Paragraph 4:

22    **4.      INTEREST RATE AND MONTHLY PAYMENT CHANGES**

23    **(A) Change Dates**

24    The interest rate I will pay may change on the 1st day of

25    MAY, 2008, and on that day every 6th month thereafter.

26    Each date on which my interest rate could change is called

27    a "Change Date."

28

*COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(B) The Index**

Beginning with the first Change Date, my interest rate will based on an Index.  The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ('LIBOR"), as published in ***The Wall Street Journal***.  The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

**©) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding FIVE AND 600/1000 percentage points (5.600%) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments.  The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 12.100% or less than 9.100%.

***COMPLAINT <u>RE</u>: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] <u>RE</u>: RICO §1962(d)***

Thereafter, my interest will never be increased or decreased on any single Change Date by more than ONE AND 000/1000 percentage point(s) (1.000 %) from the rate of interest I have been paying for the preceding 6 months.  My interest rate will never be greater than 16.100%.   My interest rate will never be less than 9.100%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date.  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change.  The notice will include information required by law to be given to me and also the title and telephone number of a person will answer any question I may have regarding the notice.

355B.        Plaintiff alleges that the interest only monthly payments under the first mortgage, consisting of $4,550.00, per month, for the first 60 months, as evidenced by the Interest–Only Addendum To Fixed/Adjustable Rate Note, dated 7 April 2006, were tendered and accepted by West Valley Enterprises, Inc., and the subsequent successors in interest and assignees thereof, notwithstanding the federal Truth in Lending Disclosure Statement dated 7 April 2006, wherein plaintiff was required to pay $4,550.00 per month, for 24 months beginning 1 June 2006, $5,375.00

**COMPLAINT _RE_: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] _RE_: RICO §1962(d)**

1   per month, for 36 months beginning 1 June 2008, and $5,772.56 per month, for 299

2   months beginning 1 June 2011, and $5,767.04 per month for 1 month beginning 1

3   May 2036.

4

5       355C.       Plaintiff alleges that during all times material herein that plaintiff

6   that Note Holder at no time transmitted, served, or otherwise provided and presented

7   any written notification in the changes to the interest rate as required pursuant to

8   Section 4(E) of the Adjustable Rate Note.

9

10      355D.       Plaintiff alleges that the promotion of the mortgage financing was

11  offered to plaintiff to intentionally steer plaintiff into high risk, unsuitable mortgages

12  when in fact plaintiff qualified for conventional mortgage financing.  Plaintiff alleges

13  that the mortgages offered to plaintiff were the subject of mortgage securitization and

14  bundled and pooled for issuance in the mortgage backed securities market.  Plaintiff

15  alleges that as a result of such mortgage securitization that the Note Holder of both

16  notes is, and remains, unknown to plaintiff.

17

18      356.   Plaintiff alleges that the representations made by defendants were

19  materially misrepresentative of the facts alleged.  Plaintiff alleges that defendants'

20  conduct constituted predatory mortgage lending practices.

21

22      357.   Plaintiff alleges that plaintiff has sustained injuries to plaintiff's interests

23  in business and/or property, according to offer of proof at time of trial.

24

25      358.   Plaintiff requests recovery of compensatory damages, including an

26  award of attorneys' fees, costs, and expenses.

27  ///

28

263
*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1

*FIFTY-FIRST CLAIM  FOR  RELIEF*

2

*[For Primary Commission of Section 1692c(a)(2) of the Fair Debt Collection*

3

*Practices of Act of 1968]*

4

*["FDCPA"]*

5

*[Title 15 United States Code §1692c(a)(2)]*

6

*[Against La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc.,*

7

*MLMI 2006-HE4 Pool 669, Bank of America, N.A., BAC Home Loans*

8

*Servicing, LP, Bank of America Corporation, and Bank of America Home*

9

*Loans, Only]*

10

11   359.   Plaintiff, for a Fifty-First Claim for Relief, realleges  and incorporates

12   herein Paragraphs 1  through  58,  and incorporates each and every claim for relief

13   advanced   under the federal Racketeer Influenced and Corrupt Organizations Act of

14   1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

15

16   360.   Plaintiff, acting by and through retained counsel, directed an express

17   authorization letter, via facsimile transmission, to Bank of America defendants herein

18   on 22 June 2011, specifically directing defendants to cease and desist sending all

19   future communications to plaintiff by directing those communications to counsel.

20

21   361.   Defendants acknowledged receipt of plaintiff's letter; however,

22   defendants continued to direct communications, both written and oral, to plaintiff, in

23   contravention of plaintiff's letter. Defendants were knowledgeable of the fact that

24   plaintiff was represented by counsel and was so instructed by plaintiff's letter to

25   communicate with plaintiff's counsel.

26   ///

27   ///

28

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS*
*ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1    362.   Plaintiff alleges that as a result of defendants' misconduct, plaintiff has

2  suffered extreme mental disturbance, loss of sleep, loss of appetite, increased stress

3  and  pressure, and feeling depressed.

4

5    363.   Plaintiff alleges that as a result of such misconduct committed by

6  defendants, plaintiff is entitled to recovery of damages, attorneys' fees, costs,

7  expenses, including an award of exemplary and punitive damages, arising from

8  contravention of FDCPA § 1692c(a)(2).

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

*FIFTY-SECOND  CLAIM  FOR  RELIEF*

*[For Primary Commission of Section 1692e(5) of the Fair Debt Collection*

*Practices of Act of 1968]*

*["FDCPA"]*

*[Title 15 United States Code § 1692e(5)]*

*[Against La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc.,*

*MLMI 2006-HE4 Pool 669, Bank of America, N.A., BAC Home Loans*

*Servicing, LP, Bank of America Corporation, and Bank of America Home*

*Loans, Only]*

364.   Plaintiff, for a Fifty-Second Claim for Relief, realleges and incorporates herein Paragraphs 1  through  58,  and incorporates each and every claim for relief advanced   under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

365.   Plaintiff alleges that defendants conduct constituted the advancing of a false, deceptive, or misleading misrepresentation in connection with the collection of the two [2] mortgages on plaintiff's personal residential home, that is, making threats to take action to foreclose upon plaintiff's personal residential home that cannot legally be taken due to the fact of that MERS is incapable as a matter of Washington law to serve as a nominee and beneficiary under the Washington Deed of Trust Act.

///

///

///

///

///

///

*COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1     366.   Plaintiff alleges that as a result of defendants' misconduct, plaintiff has

2 suffered extreme mental disturbance, loss of sleep, loss of appetite, increased stress

3 and  pressure, and feeling depressed.

4

5     367.   Plaintiff alleges that as a result of such misconduct committed by

6 defendants, plaintiff is entitled to recovery damages, attorneys' fees, costs,

7 expenses, including an award of exemplary and punitive damages, arising from

8 contravention of FDCPA § 1692e(5).

9 ///

10 ///

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

***COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***

*FIFTY-THIRD  CLAIM  FOR  RELIEF*

*[For Primary Commission of Section 1692f(6)(A) of the Fair Debt Collection*

*Practices of Act of 1968]*

*["FDCPA"]*

*[Title 15 United States Code § 1692f(6)(A)]*

*[Against La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc.,*

*MLMI 2006-HE4 Pool 669, Bank of America, N.A., BAC Home Loans*

*Servicing, LP, Bank of America Corporation, and Bank of America Home*

*Loans, Only]*

368.   Plaintiff, for a Fifty-Third  Claim for Relief, realleges  and incorporates herein Paragraphs 1  through  58,  and incorporates each and every claim for relief advanced   under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

369.   Plaintiff alleges that defendants conduct constituted the advancing of an unfair and unconscionable means in connection with the collection of the two [2] mortgages on plaintiff's personal residential home, that is, making threats to take action to foreclose upon plaintiff's personal residential home that cannot legally be taken due to the fact of that MERS is incapable as a matter of Washington law to serve as a nominee and beneficiary under the Washington Deed of Trust Act.

370,   Plaintiff alleges that defendants' threat to take non-judicial action to effect dispossession or disablement of the personal residential home of plaintiff where there is no present right of possession of the property claimed as collateral through an alleged enforceable security interest.

///

371.   Plaintiff alleges that as a result of defendants' misconduct, plaintiff has suffered extreme mental disturbance, loss of sleep, loss of appetite, increased stress and  pressure, and feeling depressed.

372.   Plaintiff alleges that as a result of such misconduct committed by defendants, plaintiff is entitled to recovery damages, attorneys' fees, costs, expenses, including an award of exemplary and punitive damages, arising from contravention of FDCPA § 1692f(6)(A).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)*

1
2
3
4
5
6
7

### FIFTY-FOURTH  CLAIM FOR  RELIEF

*[For RICO Successorship Liability re: RICO 1964(a)-1964(b) RE: Sections*
*1962(a)-(d),  and 1964(a) of the Racketeer Influenced and Corrupt*
*Organizations Act of 1970]["RICO"]*
*[Title 18 United States Code §§ 1962(a)-(d),  and 1964(a)-(b)]*
*[Against Bank of America, N.A., Only]*

8     373.   Plaintiff, for a Fifty-Fourth Claim for Relief, realleges  and incorporates
9   herein Paragraphs 1  through 58,  and incorporates each and every claim for relief
10  advanced under the federal Racketeer Influenced and Corrupt Organizations Act of
11  1970 ["RICO"][Title 18 United States Code §§ 1961 et.seq.].

12
13   *[Bank of America, N.A., Corporate Acquisition/Merger of La Salle Bank*
14   *Corporation – Successorship in Interest Liability]*
15

16     374.   Plaintiff alleges that during all times material herein since July, 2006,  La
17  Salle Bank, N.A., serves, and continues to serve, in the capacity of "Trustee,"  La Salle
18  Bank, N.A., Trustee, Merrill Lynch Mortgage Investors, Inc., MLMI 2006-HE4 Pool
19  669, a business entity formed, operated, and managed as a result of Merrill Lynch
20  Mortgage Investors, Inc., ("Depositor"). Wilshire Credit Corporation ("Servicer"), and
21  La Salle Bank, N.A. ('Trustee") consummating a Pooling and Servicing Agreement.
22  The parties thereto,  offered, promoted, and sold mortgage backed interest securities,
23  pre-subscribed, in the mortgage backed  securities market,  obtaining substantial
24  monies as a result thereof.

25
26     375.   Plaintiff alleges that on 23 April 2007, Bank of America, N.A., agreed
27  to acquire La Salle Bank Corporation, the parent corporation of La Salle Bank, N.A.,
28

1  for $21 billion, officially taking over La Salle Bank Corporation on 1 October 2007,

2  by and through a structured corporate acquisition and/or merger pursuant to Title 26

3  United States Code §§ 368(a)(1), acquiring the La Sale Bank operations throughout

4  Illinois and Michigan.  By 4 May  2008, La Salle Bank banking offices adopted the

5  Bank of America, N.A., corporate name in its operations.

6

7      376.   Plaintiff alleges that Bank of America, N.A., continues to prosecute,

8  advance, and control the activities, conduct, and management of La Salle Bank, N.A.,

9  as alleged herein, that Bank of America, N.A., and La Salle Bank, N.A., share both

10  common interlocking directorates and common interlocking officers, and that Bank

11  of America, N.A., and La Salle Bank, N.A., are commonly controlled corporate

12  entities that file federal consolidated tax returns pursuant to Title 26 United States

13  Code § 1504(b).

14

15      377.   Plaintiff alleges that   La Salle Bank, N.A., Trustee, Merrill Lynch

16  Mortgage Investors, Inc., MLMI 2006-HE4 Pool  669, is identified as plaintiff's

17  alleged "creditor" for purposes of FDCPA § 1692g. On 25 July 2011, and 26 July

18  2011, plaintiff  transmitted, via facsimile, two [2] disputation and dispute letters to

19  Bank of America, N.A., and   La Salle Bank, N.A., Trustee, Merrill Lynch Mortgage

20  Investors, Inc., MLMI 2006-HE4 Pool  669, disputed and challenging the two [2]

21  mortgages within their entirety, contending that at no time have  the original notes

22  been authenticated and produced, previously demanded by plaintiff, that the mortgages

23  issued were sub-prime mortgages known by defendants to be unsuitable, and that

24  MERS had no legal right under Washington's  Deed of Trust Act to serve as

25  "nominee" and "beneficiary" under the two [2] deeds of trust executed by plaintiff.

26  ///

27  ///

28

271     **COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS**
     **ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

378.   Plaintiff alleges that Bank of America, N.A., is susceptible and/or amenable to successorship liability for contraventions of the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.].

379.   Plaintiff respectfully petitions this Honourable Court, pursuant to RICO Title 18 U.S.C. §§1964(a)-(b), to adjudicate and determine that, as a matter of law, that the aforesaid defendants be held liable, both personally and in their representative capacities, as a result of their transferring, disseminating, concealing, and/or otherwise transmitting plaintiff's property interests to any and/or successor entities. Plaintiff alleges that such judicial adjudication apply to said defendants and to their respective attorneys, accountants, agents, consultants, counselors, designees, employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, and that they be restrained and enjoined from dissipating and/or otherwise disposing of any and all properties, real and/or personal, including all monies, within their possession and control, pending resolution of these proceedings at trial.

### [RICO Recovery]

380.   Plaintiff is entitled to recover, pursuant to Title 18 United States Code §1964(c),treble damages in the amount to be determined by offer of proof at time of trial. Plaintiff is also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities attributable to the activities engaged in by defendants committed in furtherance of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §1961 et.seq.].

**COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*IX.*

*PRAYER*

**WHEREFORE**, plaintiff prays for judgment against defendants, and each and every one of them, jointly and severally, as follows:

1.      For compensatory damages, according to offer of proof at time of trial, arising from contravention of RICO § 1962(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § 1962(a)], trebled pursuant to RICO Section 1964©) [Title 18 United States Code § 1964©)];

2.      For compensatory damages, according to offer of proof at time of trial, arising from contravention of RICO § 1962(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § 1962(b)], trebled pursuant to RICO Section 1964©) [Title 18 United States Code § 1964©)];

3.      For compensatory damages, according to offer of proof at time of trial, arising from contravention of RICO § 1962©) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § 1962©)], trebled pursuant to RICO Section 1964©) [Title 18 United States Code § 1964©)];

///

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

273

4.        For compensatory damages, according to offer of proof at time of trial, arising from contravention of RICO § 1962(d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § 1962(d)], trebled pursuant to RICO Section 1964©) [Title 18 United States Code § 1964©)];

5.        For entry of judgment and appropriate orders for issuance of equitable relief pursuant to RICO § 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § 1964(a)];

6.        For entry of judgment and appropriate orders for issuance of equitable relief pursuant to RICO § 1964(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § 1964(b)];

7.        For entry of judgment and appropriate orders for issuance of declaratory judgment relief pursuant to RICO § 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § 1964(a)];

8.        For entry of judgment and appropriate orders for issuance of declaratory judgment relief pursuant to RICO § 1964(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § 1964(b)];

///
///

*COMPLAINT __RE:__ RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] __RE:__ RICO §1962(d)*

9.      For recovery of attorneys' fees and costs arising from contravention of RICO §§ 1962(a), (b), ©), and (d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code § 1964©)];

10.     For post- judgment interest arising from contravention of RICO §§ 1962(a), (b), ©), and (d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1962(a)-(b), ©), and (d)];

11.     For entry of appropriate federal declaratory judgment relief pursuant to Sections 2201-2202 of the Federal Declaratory Judgment Act of 1946 [Title 28 United States Code §§ 2201-2202];

12.     For recovery of damages, including an award of exemplary and punitive damages, attorneys' fees, costs, and expenses pursuant to the federal Fair Debt Collection Practices Act of 1968 ["FDCPA"][Title 15 U.S.C. §§ 1692 et.seq.].

13.     For recovery under federal supplemental claims jurisdiction [Title 28 United States Code § 1367];

14.     For entry of appropriate equitable relief under federal supplemental claims jurisdiction [Title 28 United States Code § 1367];

///

///

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS*
275     *ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

15.     For entry of appropriate declaratory judgment relief under federal supplemental claims jurisdiction [Title 28 United States Code § 1367] and,

16.     For such further and other relief as this Honourable Court deems just and proper in the premises.

*Dated: 28 July 2011.*

DEAN BROWNING WEBB, ESQUIRE,
WASH SBN # 10735
ATTORNEY AND COUNSELOR AT LAW
THE LAW OFFICES OF DEAN BROWNING WEBB
515 EAST 39TH STREET
VANCOUVER, WASHINGTON ZIP CODE 98663-2240
TELEPHONE: [503] 629-2176
ELECTRONIC MESSAGING ADDRESS: *ricoman1968@aol.com*

*By: /s/ Dean Browning Webb*  _____
*DEAN BROWNING WEBB*
*ATTORNEYS AND COUNSELORS AT LAW FOR PLAINTIFF:*
*HEATHER BELINDA SINGLETON*

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

* * *

* * *

* * *

* * *

* **

* * *

* * *

* * *

* * *

*COMPLAINT RE: RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§1961 et.seq] RE: RICO §1962(d)*

1

*X.*

2

3

***DEMAND FOR TRIAL BY JURY***

4

5       Plaintiff  hereby demands    that this  cause be tried before a jury pursuant to

6   the Seventh Amendment of the Constitution of the United States of America, Rule

7   38(b) of  the  Federal Rules of Civil Procedure, Local  Civil Rule 38  of   the Local

8   Civil Rules of  the  United  States  District  Court  for  the  Western    District  of

9   Washington.

10  ***Dated: 28 July  2011.***

11                          DEAN  BROWNING  WEBB, ESQUIRE,
                                    WASH SBN # 10735
12                          ATTORNEY AND COUNSELOR  AT  LAW
                            THE  LAW  OFFICES  OF  DEAN  BROWNING  WEBB
13                          515 EAST 39TH STREET
                            VANCOUVER, WASHINGTON ZIP CODE 98663-2240
14                          TELEPHONE: [503] 629-2176
                            ELECTRONIC MESSAGING  ADDRESS: ***ricoman1968@aol.***
15                                                          ***com***

16
                            ***DEAN  BROWNING  WEBB***
17                          ***ATTORNEY  AND  COUNSELOR  AT  LAW***

18                          ***By: /s/ Dean Browning Webb_____***
                            ***DEAN BROWNING WEBB***
19                          ***ATTORNEYS   AND   COUNSELORS   AT   LAW   FOR***
                            ***PLAINTIFF:***
20                          ***HEATHER  BELINDA  SINGLETON***
                    ***[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]***
21
                                        * * *
22
                                        * * *
23
                                        * * *
24
                                         * * *
25
                                        * * *
26
                                        * * *
27

28

        ***COMPLAINT RE: RACKETEER  INFLUENCED and CORRUPT  ORGANIZATIONS***
277     ***ACT OF 1970 [“RICO”][Title 18 United States Code  §§1961 et.seq] RE: RICO §1962(d)***